IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>POTTSVILLE OPERATIONS, LLC, *et al.*,[1]<br><br>Debtors. | Case No.: 24-70418-JAD<br><br>Chapter 11<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, et al.<br><br>Movant,<br><br>-vs-<br><br>No Respondent. | Related to Document No.:<br><br>Hearing Date:<br><br>Hearing Time: (prevailing Eastern Time)<br><br>Response Deadline: |

**APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING
THE EMPLOYMENT OF DENTONS AS COUNSEL TO THE OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF OCTOBER 29, 2024</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Pottsville Operations, LLC. *et al.* (the "<u>Debtors</u>"), submits this application (the "<u>Application</u>") for entry of an order, pursuant to section 1103(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>")

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785). The Debtors' address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

1

24363149.v2

and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment of Dentons[2] as counsel for the Committee.

Simultaneously with the filing of this Application, the Committee is filing the *Declaration of Andrew C. Helman in Support of the Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Official Committee of Unsecured Creditors Effective as of October 29, 2024* (the "Helman Declaration"), which is attached hereto as **Exhibit A** and is incorporated herein by reference.

In support of this Application, the Committee states as follows:

## JURISDICTION, VENUE AND STATUTORY BASIS

1. This Court has jurisdiction over the Chapter 11 Cases (defined below) pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter a final judgment in this proceeding.

3. Venue over these Chapter 11 Cases is proper pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The statutory predicates for the relief sought in this Application are section 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014.

## BACKGROUND

5. On October 15, 2024 (the "Petition Date"), the Debtors commenced their chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

---

[2] The term "Dentons" includes attorneys from Dentons US LLP ("DUS"), Dentons Cohen & Grigsby P.C. ("DCG") and Dentons Bingham Greenebaum LLP ("DBG," and together with DUS, and DCG "Dentons" or the "Dentons Participating Firms"), all member firms of the Dentons Group, a Swiss verein.

2

24363149.v2

6.  On the Petition Date, the Debtors also filed the *Debtors' Motion for Entry of an Order Directing Joint Administration of Chapter 11 Cases* [Dkt. No. 3] (the "Motion for Joint Administration") listing each debtor (i.e. Pottsville Propco, LLC, Kingston Operations, LLC, Kingston Propco, LLC, Hampton House Operations, LLC, Hampton House Propco, LLC, Williamsport North Operations, LLC, Williamsport Propco, LLC, Williamsport South Operations, LLC, Yeadon Operations, LLC, Yeadon Propco, LLC) as joint debtors in these Chapter 11 Cases. On October 16, 2024, the Court granted the Motion for Joint Administration [Dkt. No. 27].

7.  The Debtors continue to operate their business and manage their property as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

8.  A description of the Debtors, their business, and the facts and circumstances regarding the filing of their bankruptcy petitions is set forth in the *Declaration of Neil Luria, Chief Restructuring Officer of the Debtors, In Support of Chapter 11 Petition and Various First Day Applications and Motion* [Dkt. No. 4] (the "First Day Declaration").

9.  On October 25, 2024 (the "Committee Formation Date"), the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 108].

10. On October 29, 2024, the Committee conducted its first organizational meeting and selected Dentons to serve as its counsel.

**DENTONS' QUALIFICATIONS**

11. Dentons is well qualified to serve as the Committee's counsel in these Chapter 11 Cases. Dentons is a full-service law firm with attorneys who regularly advise debtors, creditors' committees, and other parties in interest in chapter 11 cases. The firm's professionals have substantial experience in virtually all aspects of the law that may arise in these Chapter 11 Cases.

3

In particular, Dentons' professionals have experience in the areas of bankruptcy and restructuring; life sciences and healthcare; litigation and dispute resolution; and corporate and tax law matters.

12. As noted above, Dentons refers to Dentons Group, a Swiss verein structure comprised of member firms. The partners of DBG and, among others, DUS and DCG, are also partners of Dentons United States LLP, which is the U.S. Region member of the Dentons Group, whose members and their respective subsidiaries, affiliates, and related entities provide legal services in different locations with their own legal practices.

13. Dentons' restructuring attorneys within the United States work together as part of a national Restructuring, Insolvency, and Bankruptcy Group. Dentons' standard business terms in the U.S. Region do not require separate engagement by clients of any member firm within Dentons. For these reasons, Dentons is making disclosures under Bankruptcy Rule 2014(a) with respect to all of Dentons Group, which includes international organizations, in accordance with the firm's practices. However, Dentons currently anticipates that only attorneys and professionals within DBG, DUS, and DCG will initially work on this matter, though attorneys outside of the United States may provide services if needed or appropriate based on facts and circumstances.

14. Biographies of attorneys who are likely to work on this matter are attached to the Helman Declaration as **Exhibit 3**. It is possible that other attorneys within Dentons will also work on this matter.

15. Dentons is familiar with the Debtors' business, the nature of certain of the claims asserted against the Debtors, and the posture of the Chapter 11 Cases. Prior to and immediately after the Committee requested that Dentons represent it, Dentons spent significant amounts of time to familiarize itself with all aspects of the Chapter 11 Cases. If the Committee were to retain new

counsel, considerable time and effort would need to be spent by that new counsel so that it would be familiar with the Debtors' business and the Chapter 11 Cases.

## SERVICES TO BE PROVIDED

16. The Committee anticipates that Dentons will render general legal services to the Committee as needed throughout the course of the Chapter 11 Cases, with a focus on bankruptcy, corporate, finance, and litigation, to the extent necessary. In particular, the Committee anticipates that Dentons will perform, among others, the following legal services:

A. Advise the Committee with respect to its rights, duties, and powers in this case;

B. Assist and advise the Committee in its consultations with the Debtors relating to the administration of this case;

C. Assist the Committee in analyzing the claims of the Debtors' creditors, the Debtors' capital structure, and in negotiating with the holders of claims and, if appropriate, equity interests;

D. Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and other parties involved with the Debtors and of the operation of the Debtors' business;

E. Assist the Committee in its analysis of, and negotiations with the Debtors or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for the Debtors;

F. Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

G. Represent the Committee at all hearings and other proceedings;

H. Review, analyze, and advise the Committee with respect to applications, orders, statements of operations, and schedules filed with the Court;

I. Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

24363149.v2

        J.        Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

17. The Committee requires knowledgeable counsel to render the essential professional services it requires in the Chapter 11 Cases. As noted above, Dentons has substantial expertise in all of the relevant areas likely to arise in these Chapter 11 Cases. Moreover, not only does Dentons have significant experience representing unsecured creditor committees, including those in health care cases, but Dentons also has experience successfully representing debtors in health care cases. Accordingly, the Committee respectfully submits that Dentons is well qualified to perform these services and represent the Committee's interests in the Chapter 11 Cases.

## RELIEF REQUESTED AND BASIS FOR RELIEF

18. Subject to approval of this Court, the Committee seeks approval to employ Dentons as counsel in connection with the Chapter 11 Cases, with such retention effective as of October 29, 2024. Dentons has represented the Committee since that date and worked to assist the Committee with the significant and important issues in these Chapter 11 Cases, which required immediate attention.

19. Section 1103(a) of the Bankruptcy Code permits a committee appointed by the U.S. Trustee to employ one or more attorneys to represent and perform services for such committee. 11 U.S.C. § 1103. Further, pursuant to section 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in the same case.

20. To the best of the Committee's knowledge, information, and belief, except as may be disclosed in the accompanying Helman Declaration, neither Dentons nor any of its attorneys have connections with the Debtors, their creditors, equity security holders, or any other party in

6

24363149.v2

interest, or their respective attorneys, accountants, the U.S. Trustee, or any person currently employed in the Office of the U.S. Trustee, in any matters related to the Debtors or their estates. To the best of the Committee's knowledge, based upon the Helman Declaration, and except as may be set forth therein, Dentons (i) does not hold any adverse interest or represent any entity having an adverse interest in connection with these Chapter 11 Cases, and, further, (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

21.     Dentons will conduct continuing inquiries into any matters that would affect its disinterested status.  In the event additional disclosure is necessary, Dentons will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.  The Committee is aware that, because Dentons is a large law firm with diverse clients, Dentons may currently represent, may have represented, or may have connections to certain creditors of the Debtors' estates or other parties in interest in matters unrelated to the Debtors or the Chapter 11 Cases.  Disclosures with respect to such engagements or connections are in the Helman Declaration.

## **PROFESSIONAL COMPENSATION**

22.     Subject to this Court's approval, Dentons intends to charge the Committee for legal services on an hourly basis and to seek reimbursement of actual expenses, as set forth in the Helman Declaration.  The hourly rates charged by Dentons professionals differ based on, among other things, the professional's experience and geographic location.  The hourly rates charged by Dentons may change from time to time in accordance with Dentons' practices and procedures.

23.     Dentons has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of legal services.  Dentons agrees to accept as compensation for its services such sums as may be

7

24363149.v2

allowed by this Court in accordance with applicable law, based upon the time spent, the services rendered, the costs incurred, the results achieved, the difficulties encountered, the complexities involved, and any other appropriate factors.

24. It is Dentons' policy to be reimbursed by clients for all out-of-pocket expenses incurred in connection with the representation of clients. All such expenses shall be billed in accordance with the normal billing practices of the firm and subject to any limitations under the Bankruptcy Code and this Court's Local Rules. Dentons intends to bill travel time at 50% of its billing rate for the individual involved.

25. Because of the variety and complexity of the services that will be required, it is not possible to precisely estimate the total cost of services to be rendered for the balance of the Chapter 11 Cases. Dentons anticipates that fees will be consistent with cases of similar size and complexity in the Western District of Pennsylvania and other similar Districts in Pennsylvania.

## **RETROACTIVE APPROVAL**

26. The Committee respectfully requests approval of Dentons as its bankruptcy counsel effective as of October 29, 2024. Upon its selection as counsel, Dentons was asked by the Committee to immediately commence work on time-sensitive matters and promptly devote substantial resources to these Chapter 11 Cases pending submission and approval of this Application. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring retroactive approval of retention. See *Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also In re Young*, 646 B.R. 779 (Bankr. W.D. Pa. 2022).

27. The complexity and speed that have characterized these Chapter 11 Cases have necessitated that the Committee and Dentons focus their immediate attention on time-sensitive matters including various "first day" motions that will significantly shape these Chapter 11 Cases.

8

Had Dentons been required to wait for approval of this Application to begin rendering services to the Committee, then the interests of the Committee and unsecured creditors would have been substantially prejudiced. Upon information and belief, no party-in-interest would be prejudiced by the granting of the relief requested herein on a retroactive basis.

## NOTICE, WAIVER OF NOTICE, & STAY REQUIREMENTS

28. The Committee will provide notice of this Application to the following: (i) Office of the U.S. Trustee for the District of Pennsylvania; (ii) parties included on the Debtors' List of Creditors Holding 30 Largest Unsecured Claims; and (iii) the Debtors' secured creditor(s). The Committee submits that it does not need to provide any other or further notice.

29. This Application is necessary for the Committee to preserve value for the Debtors' estates. Accordingly, to the extent applicable and to successfully implement the foregoing, the Committee respectfully seeks a waiver of the notice requirements and any stay under Bankruptcy Rules 6004(a) and (h), respectively.

## NO PRIOR REQUEST

30. The Committee has not made any prior requests for the relief sought in this Application to this or any other court.

## CONCLUSION

Based on the foregoing, the Committee requests that the Court enter an order, substantially in the form filed herewith, authorizing the employment of Dentons as counsel on the terms requested herein and in the accompanying form of order, with such retention effective as of October 29, 2024, and granting such further and additional relief that the Court deems proper.

24363149.v2

Dated: November 26, 2024

*[signature]*

Monte Green
Chairman, Official Committee of Unsecured
Creditors of Pottsville Operations, LLC

Dated: November 26, 2024

*/s/ Andrew C. Helman*
Thomas Maxson
Dentons Cohen & Grigsby P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA  15222
Phone: (412) 297-4706
Email: thomas.maxson@dentons.com

and

Andrew C. Helman (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME  04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

and

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
Ste. 25th Floor
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Pottsville Operations, LLC, et al.*

24363149.v2

## CERTIFICATE OF SERVICE

    I, Andrew Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: November 26, 2024         */s/ Andrew C. Helman*
                                          Andrew C. Helman

24363149.v2