**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FILED
12/19/24 9:37 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

| | |
|---|---|
| In Re: | **Case No.: 24-70418-JAD** |
| **POTTSVILLE OPERATIONS, LLC, _et al._,[1]** | **Chapter 11** |
| Debtors. | _Jointly Administered_ |
| | **Doc. No.:** 433 |
| **POTTSVILLE OPERATIONS, LLC, _et al._,[2]** | **Related to Document No.** 357 |
| Movants, | **Hearing Date:** |
| v. | **Hearing Time:** |
| **ARGNT HOLDINGS, INC., BANKFINANCIAL, N.A., AND SPECIALTY RX INC.,** | **Response Deadline:** |
| Respondents. | |

**ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL OF THE**
**CARE PAVILION DEBTORS' ASSETS, OTHER THAN ACCOUNTS,**
**FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND**
**INTERESTS, (B) APPROVING BIDDING PROCEDURES FOR SALE OF**
**SUBSTANTIALLY ALL OF THE CARE PAVILION DEBTORS' ASSETS,**
**OTHER THAN ACCOUNTS, (C) APPROVING STALKING HORSE BID**
**PROTECTIONS, (D) SCHEDULING AUCTION FOR AND HEARING TO**
**APPROVE THE SALE OF THE CARE PAVILION DEBTORS' ASSETS, (E)**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] The applicable Debtors in the Motion are the Care Pavilion Debtors.

**APPROVING FORM AND MANNER OF NOTICE OF SALE, AUCTION,
AND SALE ORDER HEARING, (F) APPROVING ASSUMPTION AND
ASSIGNMENT PROCEDURES, (G) AUTHORIZING ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND (H) GRANTING RELATED RELIEF**

Upon consideration of the *Care Pavilion Debtors' Motion for Entry of Orders (A) Approving Sale of Substantially All of the Care Pavilion Debtors' Assets, Other than Accounts, Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Approving Bidding Procedures for the Sale of Substantially All of the Care Pavilion Debtors' Assets, Other Than Accounts, (C) Approving Stalking Horse Bid Protections, (D) Scheduling Auction for and Hearing to Approve Sale of the Care Pavilion Debtors' Assets, (E) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (H) Granting Related Relief* [Doc. No. 357] (the "Motion"),[3] and the Court, having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and the Court having considered the Motion, the arguments of counsel and the evidence presented at the hearing on the Motion (the "Bidding Procedures Hearing") and the entire record; and the Court having found that the Care Pavilion Debtors provided due and sufficient notice of the Motion and Bidding Procedures Hearing and the relief sought in the Motion under the particular circumstances, and it appearing no other or further notice need be provided; and the

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

Court having reviewed the Motion, the filings in support of the Motion, and all objections to the relief sought in the Motion; and the Court having found that the relief requested in the Motion is in the best interest of the Care Pavilion Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and good and sufficient cause appearing for the relief sought in the Motion, it is hereby **FOUND AND DETERMINED** that:

A.      The findings of fact and conclusions of law set forth in this Bidding Procedures Order constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this case pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusion of law, they are hereby adopted as such. Any findings of fact or conclusions of law stated by the Court on the record at the Bidding Procedures Hearing are hereby incorporated, to the extent they are not inconsistent with this Order.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory and legal bases for the relief requested in the Motion are sections 105, 363(b), 363, 364, 365, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 4001, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

D.      A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the Bidding Procedures) has been afforded to all interested persons and entities, including, but not limited to, the Sale Notice Parties.

E.      Notice of the Motion and the Bidding Procedures Hearing was adequate and sufficient under the circumstances of the Care Pavilion Cases, and such notice complied with sections 102(1), 105(a), 363, and 365 of the Bankruptcy Code, and Rules 2002, 6004, 6006, and 9014 of the Bankruptcy Rules.

F.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Care Pavilion Debtors and their respective estates, creditors, and all other parties-in-interest.

G.      The Care Pavilion Debtors have demonstrated a compelling and sound business justification for the Court to enter this Order approving a sale process for the sale of the Transferred Assets on terms similar to those in the OTAs attached to the Motion as **<u>Exhibit B</u>**, including the Bid Protections for the Stalking Horse Bidders that include (a) a Termination Fee of $50,000.00 and (b) an Expense Reimbursement in the aggregate amount of up to $50,000.00.

H.      The Bid Protections are fair and reasonable and provide a benefit to the Care Pavilion Debtors' estates and stakeholders.

I.      The Care Pavilion Debtors have demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion, including, without limitation, to (a) approve the Stalking Horse Bidders and the Bidding Procedures (including the Bid Protections); (b) establish the Assumption and Assignment Procedures; (c) approve the form and manner of the Notices and the Notice Procedures; (d) schedule a date for the (i) Auction and (ii) Sale Order Hearing; and (e) grant related relief as set forth herein. Such compelling and sound business justification, which was set forth in the Motion and on the record at the Bidding

Procedures Hearing, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

J.    All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

K.    The Bidding Procedures, substantially in the form attached as **Exhibit 1** hereto, are fair, reasonable, and appropriate and represent the best method for maximizing the value of the Care Pavilion Debtors' estates.

L.    The Auction and Sale Order Hearing Notice, substantially in the form attached as **Exhibit 2** hereto, is appropriate and reasonably calculated to provide notice of the sale of the Transferred Assets free and clear of all liens, claims, encumbrances, or interests, including, without limitation: (i) the date, time, and place of the Auction, if any; (ii) a summary of the Bidding Procedures; (iii) the deadline for filing objections to the sale of the Transferred Assets; (iv) the date, time, and place of the Sale Order Hearing to consider the sale of the Transferred Assets; (v) that the sale of the Transferred Assets is free and clear of all liens, interests, Claims, and Encumbrances (as defined in the OTAs) to the fullest extent allowable under section 363(f) of the Bankruptcy Code, with all liens, interests, Claims, and Encumbrances attaching with the same validity and priority to the Sale Transaction proceeds; and (vi) the proposed assumption and assignment of the Assumed Contracts to any Successful Bidder arising from the Auction (if any), and no other or further notice of the Sale Transaction shall be required.

5

M.      The Resident Notice, substantially in the form attached as **Exhibit 3** hereto, is appropriate and reasonably calculated to provide notice to certain residents and patients of the Facilities regarding the proposed Sale Transaction and their right to raise any objections thereto.

N.      The Contract Assumption and Assignment Notice, substantially in the form attached as **Exhibit 4** hereto, is reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of Executory Contracts in connection with the Sale Transaction and the related Cure Costs, and no other or further notice is required.

O.      The Post-Auction Notice, substantially in the form attached as **Exhibit 5** hereto, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Successful Bidder(s) and Backup Bidder(s), and no other or further notice is required.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

1.      The relief requested in the Motion is **GRANTED AND APPROVED** as set forth in this Order.

2.      All objections or the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits or have been otherwise satisfied or adequately provided for pursuant to this Order.

**(i)      Timeline of the Sale**

3.      The Care Pavilion Debtors are authorized to proceed with the sale of the Transferred Assets in accordance with the Bidding Procedures and are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| Proposed Date | Milestone |
|---|---|
| **On or before December 18, 2024** | Bidding Procedures Hearing (subject to Court availability) |
| **On or before December 18, 2024** | Entry of Bidding Procedures Order (subject to Court availability) |
| **January 3, 2025** | Deadline to serve Sale Notice |
| **January 10, 2025** | Deadline to serve the Contract Assumption and Assignment Notice |
| **January 31, 2025, at 5:00 p.m. (ET)** | Sale Objection Deadline and Contract Objection Deadline[4] |
| **February 7, 2025, at 12:00 p.m. (ET)** | Bid Deadline |
| **On or before February 8, 2025** | Deadline for Care Pavilion Debtors to Designate qualifying bids and opening bid |
| **February 10, 2025, at 10:00 a.m. (ET)** | Auction |
| **As soon as practicable after completion of the Auction** | File and Serve Post-Auction Notice |
| **February 11, 2025, at 5:00 p.m. (ET)** | Deadline for Supplemental Objections[5] |
| **February 12, 2025, at 10:00 a.m. (ET), or February 18, 2025, at 10:00 a.m. (ET)** | Sale Order Hearing[6] |
| **On or before February 18, 2025** | Entry of the Sale Order |
| **On or before March 5, 2025** | Sale Closing |

4.    The failure to timely file an objection in accordance with this Order shall forever

bar the assertion of any objection to the Motion, Bidding Procedures, and/or consummation of the

Sale Transaction, including the assumption and assignment of Assumed Contracts to a Successful

Bidder, and shall be deemed to constitute any such party's consent to entry of an order approving

---

[4] The Sale Objection Deadline and Contract Objection Deadline apply to all objections to the sale of the Transferred Assets and the assumption and assignment of the Assumed Contracts (including adequate assurance of future performance by the Stalking Horse Bidder), with the exception of objections related to adequate assurance of future performance by a Successful Bidder other than the Stalking Horse Bidder.

[5] Supplemental Objections are objections that relate to issues that arise during the Auction or the adequate assurance of future performance if the Successful Bidder is not the Stalking Horse Bidders.

[6] The date of the Sale Order Hearing depends on whether an objection to the Sale is filed. If no objections are received, the Sale Order Hearing will be February 12, 2025, at 10:00 a.m. (ET); if one or more objections are filed, the Sale Order Hearing will be February 18, 2025, at 10:00 a.m. (ET).

the Sale Transaction and consummation of the Sale Transaction and all other transactions related thereto.

5.      The Care Pavilion Debtors are authorized to modify the above timeline and Bidding Procedures in accordance with the Bidding Procedures, subject to the approval of the Stalking Horse Bidders and any rights that the Stalking Horse Bidders may have under the OTAs on account of such modification after consultation with the DIP Lender and the Committee (the "Consultation Parties").

**(ii)      <u>The Bidding Procedures</u>**

6.      The Bidding Procedures are **APPROVED** in their entirety. The Care Pavilion Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures, in accordance therewith. The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such actions.

7.      The process and requirements associated with submitting a bid and the designation of a bid as a Qualified Bid are approved as fair, reasonable, appropriate, and designed to maximize recoveries for the benefit of the Care Pavilion Debtors' estates, creditors, and other parties in interest. As further described in the Bidding Procedures, the Bid Deadline shall be 12:00 p.m. (prevailing Eastern Time) on February 7, 2025, and such Bid Deadline may not be extended without the consent of the Stalking Horse Bidders in consultation with the Consultation Parties. Any disputes or objections to the selection of any Qualified Bid, the Successful Bid, or the Backup Bid (each as defined in the Bidding Procedures) shall be resolved by the Court at the Sale Order Hearing as set forth herein.

8.      The Care Pavilion Debtors are authorized to conduct and preside over the Auction in accordance with the Bidding Procedures. The Auction, to the extent that an Auction is necessary under the Bidding Procedures, shall take place at 10:00 a.m. (prevailing Eastern Time) on February 10, 2025, at the offices of: (a) Raines Feldman Littrell, LLP, 11 Stanwix St., Suite 1100, Pittsburgh, Pennsylvania 15222, (b) via in person or a virtual platform, such as Zoom, or (c) such other location, in each case as the Care Pavilion Debtors designate (or at any other time and location as the Care Pavilion Debtors may hereafter designate on proper notice). The Auction will be conducted openly, and all Qualified Bidders, representatives for Local 262, Retail, Wholesale and Department Store Union, United Food and Commercial Workers, and Retail Wholesale and Department Store Union, United Food and Commercial Workers, and the U.S. Trustee will be permitted to attend.

### (iii)      **Stalking Horse Bidder and Bid Protections**

9.      The Stalking Horse Bidders and the Bid Protections are approved. The Termination Fee shall be no greater than $50,000.00 and any Expense Reimbursement shall not exceed $50,000.00 in the aggregate, consisting of the Stalking Horse Bidders' actual pre-petition and post-petition legal and diligence expenses that have been reasonably substantiated by them. The Bid Protections, if due and payable pursuant to this Order and the OTAs, shall be payable at the Closing of an Alternative Transaction (as defined in the OTAs) and solely from the proceeds of such Alternative Transaction, provided that the Expense Reimbursement shall be due and payable by the Care Pavilion Debtors to the Stalking Horse Bidders under such other circumstances as provided for in the OTAs. The Termination Fee and Expense Reimbursement approved in this Order shall not be treated as a super-priority administrative claim but will be paid at Closing of an

9

Alternative Transaction. The Stalking Horse Bidders shall provide the Care Pavilion Debtors, the U.S. Trustee, and the Committee with a notice (the "Expense Reimbursement Notice") of their intent to seek payment of any Expense Reimbursement, which notice shall include the amount sought and reasonable supporting documentation. Unless either the U.S. Trustee, or the Committee files an objection as to the reasonableness of the Expense Reimbursement with the Court within five (5) business days of the date of the Expense Reimbursement Notice (the "Expense Reimbursement Objection Deadline"), the Care Pavilion Debtors shall pay the Expense Reimbursement to the Stalking Horse Bidders within three (3) business days of the Expense Reimbursement Objection Deadline. If either the Trustee, the Care Pavilion Debtors, or the Committee files an objection as to the reasonableness of the Expense Reimbursement within the Expense Reimbursement Objection Deadline, the parties shall schedule a hearing before the Court to resolve the objection. In the event of a timely objection, after Closing of the Alternative Transaction the Care Pavilion Debtors shall hold the total amount of Expense Reimbursement sought in a segregated account for the specific purpose of paying the Expense Reimbursement.

10.     The Stalking Horse Bidders shall be required to serve as the Backup Bidder if they are not the Successful Bidder but are selected as the Backup Bidder.

**(iv)     Notice Procedures**

11.     The Auction and Sale Notice, substantially in the form attached as **Exhibit 2** is **APPROVED**.

12.     As soon as practicable after entry of this Order, the Care Pavilion Debtors shall serve the Auction and Sale Notice, and a copy of this Order, by first-class mail, postage prepaid on the following parties, provided, however, that to the extent email addresses are available for

counsel for any of the following parties that have appeared in the Care Pavilion Debtors' bankruptcy cases, such counsel may be served by email (collectively, the "Sale Notice Parties"): (a) all of the Care Pavilion Debtors' creditors; (b) all entities that have, to the best knowledge of the Care Pavilion Debtors' management and advisors, expressed written interest in purchasing any of the Facilities or Transferred Assets within the past one (1) year; (c) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Facilities and/or Transferred Assets; (d) counsel to Argnt Holdings, LLC; (e) DOH; (f) DHS; (g) counsel to the Official Committee of Unsecured Creditors; (h) the U.S. Trustee; (i) all parties that have requested notice pursuant to Bankruptcy Rule 2002; (j) all federal, state, and local regulatory or taxing authorities, including any applicable taxing bodies or recording offices which have a reasonably known interest in the relief granted herein; (k) the Internal Revenue Service; (l) any other governmental authority known or reasonably believed by the Care Pavilion Debtors to have or assert a claim against any of the Care Pavilion Debtors in the Care Pavilion Cases, including the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services; (m) the Office of the Attorney General and Office of the Secretary of State for the Commonwealth of Pennsylvania; (n) the counterparties to the Executory Contracts; (o) all patients and residents at the Facilities at any point in time dating back to two (2) years prior to the Petition Date or any of such persons' present legal representatives to the extent known by the Care Pavilion Debtors, and (p) the United States Attorneys' Offices for the Western District of Pennsylvania, Middle District of Pennsylvania, and Eastern District of Pennsylvania, (q) all persons or entities that have asserted, or threatened to assert, any tort claims against any of the Care Pavilion Debtors at any point in time dating back to two (2) years prior to the Petition Date.

11

13.     The Care Pavilion Debtors shall also (i) upload the Sale Order Hearing Notice to the Court's Electronic Access to Sales Information (EASI) system and (ii) advertise notice of the Sale Order Hearing by publication and Legal Journal as required by Local Rule 6004-1.

14.     The Resident Notice, substantially in the form attached as **Exhibit 3** is **APPROVED**. In addition to the Auction and Sale Order Hearing Notice, the Care Pavilion Debtors shall serve the Resident Notice on all patients and residents at the Facilities at any point in time dating back to two (2) years prior to the Petition Date or any of such persons' present legal representatives to the extent known by the Care Pavilion Debtors.

15.     Service of the Auction and Sale Order Hearing Notice and Resident Notice as described above shall be good and sufficient notice of the Sale Transaction and the Assumption and Assignment Procedures with respect to known interested parties.

16.     The Care Pavilion Debtors are directed to post the Auction and Sale Order Hearing Notice on their case information website at https://cases.stretto.com/pottsville.

17.     The form of the Post-Auction Notice substantially in the form attached hereto as **Exhibit 5** is **APPROVED**. The Care Pavilion Debtors shall file on the docket and serve the Post-Auction Notice on the Counterparties to the Assumed Contracts, the Sale Notice Parties, and all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1 via ECF, by email, fax, or overnight delivery, as soon as practicable after completion of the Auction.

(v)     **Assumption and Assignment Procedures**

18.     The Assumption and Assignment Procedures, as detailed in the Motion and incorporated herein, are hereby **APPROVED**.

12

19.     The Contract Assumption and Assignment Notice, substantially in the form attached hereto as **Exhibit 4** is hereby **APPROVED**.

20.     The Care Pavilion Debtors shall file with the Court, post on their case information website at https://cases.stretto.com/pottsville, and serve on each counterparty to an Executory Contract, the Contract Assumption and Assignment Notice no later than twenty-one (21) days before the Sale Order Hearing date. If no Cure Cost is listed for a particular Assumed Contract, the Care Pavilion Debtors' asserted Cure Cost for such Executory Contract shall be deemed to be $0.00. The Care Pavilion Debtors shall serve, via email to counsel for any party that has appeared in the Care Pavilion Debtors' bankruptcy cases, if available, or by first-class mail, the (a) Contract Assumption and Assignment Notice that contains the list of Executory Contracts, (b) information necessary and appropriate to provide notice of the relevant proposed assumption and assignment of Executory Contracts that may be Assumed Contracts and rights thereunder, (c) the Cure Cost, if any, and (d) the procedures for objecting thereto, on all Counterparties to the Executory Contracts and all parties on the Rule 2002 Notice List. Service of such Contract Assumption and Assignment Notice as set forth herein shall be deemed good and sufficient notice of, among other things, the potential assumption and assignment of the Executory Contracts, the applicable Cure Costs related thereto, and the procedures for objecting thereto, and no other or further notice is necessary.

21.     Any objection with respect to the Care Pavilion Debtors' proposed assumption and assignment of any Executory Contract included in the Contract Assumption and Assignment Notice, including, without limitation, any objection to the Cure Cost (a "Contract Objection"), shall be filed by 5:00 p.m. (prevailing Eastern Time) on January 31, 2025 (the "Contract Objection

Deadline"), for any Counterparties to a Executory Contracts provided that, with respect to any Contract Objection for any Executory Contract included on a supplemental or amended Contract Assumption and Assignment Notice filed by the Care Pavilion Debtors, such Contract Objections shall be filed on or prior to fourteen (14) days following service of such Amended Contract Assumption and Assignment Notice. Any Contract Objection must (a) be in writing; (b) comply with the applicable provisions of the Bankruptcy Rules and Bankruptcy Local Rules; (c) be filed with the Court by the Contract Objection Deadline, unless otherwise provided herein; and (d) state with specificity the grounds for such objection, including, without limitation, the fully liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the counterparty believes is required to be paid under Bankruptcy Code sections 365(b)(1)(A) and (B) for the applicable Assumed Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto.

22.    If, after the Contract Assumption and Assignment Notice and Contract Objection Deadline, additional executory contracts or unexpired leases of the Care Pavilion Debtors are determined to be potential Assumed Contracts in connection with the Sale Transaction, or the Care Pavilion Debtors seek to modify the previously stated Cure Cost associated with any Executory Contract, as soon as practicable thereafter, the Care Pavilion Debtors shall file with the Court and serve, by overnight delivery, on the applicable Counterparties, an Amended Contract Assumption and Assignment Notice, and such Counterparties shall file any objection to the Cure Cost not later than fourteen (14) days following service of such Amended Contract Assumption and Assignment Notice.

14

23.     The inclusion of an Executory Contract on the Contract Assumption and Assignment Notice, or any Amended Contract Assumption and Assignment Notice, will not (a) obligate the Care Pavilion Debtors to assume any Executory Contract listed thereon nor obligate the Successful Bidder to take assignment of such Executory Contract or (b) constitute any admission or agreement of the Care Pavilion Debtors that such Executory Contract is an executory contract.

24.     Any objection to the Stalking Horse Bidders' adequate assurance of future performance must be filed no later than the Sale Objection Deadline and all such objections must specify what the objecting party believes is required to provide such adequate assurance.

25.     If no Contract Objection is timely received with respect to an Assumed Contract: (a) the counterparty to such Assumed Contract shall be deemed to have consented to the assumption by the Care Pavilion Debtors and assignment to the Successful Bidder of the Assumed Contract, and be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance by the applicable Successful Bidder); (b) any and all defaults under the Assumed Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to Bankruptcy Code section 365(b)(1)(A) and (B) upon payment of the Cure Cost set forth in the Contract Assumption and Assignment Notice, or any Amended Contract Assumption and Assignment Notice; and (c) the counterparty shall be forever barred from asserting any other claims related to such Assumed Contract against the Care Pavilion Debtors and their estates or the Successful Bidder, or the property of any of them, that existed prior to the entry of the order resolving the Contract Objections and the Sale Order.

26.     To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Order Hearing, the Care Pavilion Debtors may, after consultation with the Stalking Horse Bidders' or other Successful Bidder's (as applicable) approval, (i) assume the applicable Assumed Contract prior to the resolution of the Cure Dispute; provided that the Successful Bidder shall (a) pay to the applicable counterparty the undisputed portion of the Cure Cost within five (5) business days after the Closing of the Sale Transaction and (b) reserve cash in an amount sufficient to pay the disputed portion of the Cure Cost reasonably asserted by the applicable counterparty (or such lesser amount as may be fixed or estimated by the Court or otherwise agreed to by the counterparty and the Care Pavilion Debtors), or (ii) adjourn their request to assume the contract or lease pending resolution of the Cure Dispute; provided further that, to the extent the Adjourned Cure Dispute (as defined in the Motion) is resolved or determined unfavorably to the Care Pavilion Debtors, the Care Pavilion Debtors (with the consent of the Successful Bidder(s)) may withdraw the proposed assumption of the applicable contract or lease after such determination by filing a notice of withdrawal, which, in the case of a lease, shall be prior to the expiration of the applicable deadline to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code. The Care Pavilion Debtors shall file notice of their intention to reserve for a Cure Cost or to adjourn their request for assumption. An Adjourned Cure Dispute may be resolved after the Closing Date of the Sale Transaction in the Care Pavilion Debtors' discretion with the consent of the Successful Bidder(s).

**(vi)     Sale Order Hearing**

27.     A Sale Order Hearing to (a) approve a sale of the Care Pavilion Debtors' assets to a Successful Bidder(s), (b) approve designation of a Backup Bid(s) and Backup Bidder(s), if

applicable, in accordance with the Bidding Procedures, and (c) authorize the assumption and assignment of the Assumed Contracts shall be held at (i) 10:00 a.m. (prevailing Eastern Time) on February 12, 2025 if no objections to the Sale are received, or (ii) 10:00 a.m. (prevailing Eastern Time) on February 18, 2025 if one or more objections to the Sale are received, and may be adjourned or rescheduled on notice by the Care Pavilion Debtors and, if the Stalking Horse Bidders are the Successful Bidders, only upon consent of the Stalking Horse Bidders. At the Sale Order Hearing, the Care Pavilion Debtors will seek Court approval of the Successful Bid(s) and Backup Bid(s), if applicable. Unless the Court orders otherwise, any Sale Order Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction and there will be no further bidding at such hearing. In the event that a Successful Bidder cannot or refuses to consummate the Sale Transaction because of the breach or failure on the part of such Successful Bidder, the Care Pavilion Debtors, may, in accordance with the Bidding Procedures, designate the applicable Backup Bid to be the new Successful Bid and the Backup Bidder to be the new Successful Bidder, and the Care Pavilion Debtors shall be authorized, but not required, to consummate the Sale Transaction with the Backup Bidder without further order of the Court.

28.     Any and all objections, if any, to any proposed Sale Transaction and proposed adequate assurance with respect to the Stalking Horse Bidders must be filed no later than 5:00 p.m. (prevailing Eastern Time) on January 31, 2025. In the event the Successful Bidder is not the Stalking Horse Bidders, any objections regarding proposed adequate assurance must be filed no later than 5:00 p.m. (prevailing Eastern Time) on February 11, 2025.  For avoidance of doubt, any objections to a Successful Bidder's proposed form of adequate assurance of future performance of any Assumed Contract will be resolved at the Sale Order Hearing.

29.     All valid liens or other interests against the Transferred Assets being sold will attach against the sale proceeds in the order of their existing priority. The net sale proceeds of the sale, subject to carve-outs for any Bidding Protections afforded the Stalking Horse Bidders, shall be paid to the prepetition secured lenders at closing for application to all of their contractually owed debt. Any proceeds in excess of the amounts required to pay the prepetition secured lenders in full will be paid to Argnt Holdings, LLC in satisfaction of the obligations under the Court-approved DIP loan.

### (vii)   **Miscellaneous**

30.     Except as otherwise provided herein, any objection made pursuant to any of the provisions set forth in the Motion must: (a) be in writing, (b) comply with the applicable provisions of the Bankruptcy Rules and Bankruptcy Local Rules, (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor, and (d) be filed with this Court via ECF.

31.     Any substantial contribution claims by any Potential Bidder are deemed waived, to the extent based on such Potential Bidder's submission of a bid in accordance with the Bidding Procedures.

32.     The Care Pavilion Debtors are authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Order.

33.     The Care Pavilion Debtors are authorized to make any non-material revisions to the exhibits and notices attached hereto without further Court approval.

34.     This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

35.     Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

36.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Bidding Procedures, the OTAs, and the implementation of this Order.

Prepared by:

*/s/ Daniel R. Schimizzi*
Daniel R. Schimizzi, Local Counsel to the Care Pavilion Debtors

BY THE COURT:

Date: _____, 2024
     December 19

_____
The Honorable Jeffery A. Deller
United States Bankruptcy Judge

19

## **EXHIBIT 1**

Bidding Procedures

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:** | **Case No.: 24-70418-JAD** |
| **POTTSVILLE OPERATIONS, LLC, _et al.,_[1]** | **Chapter 11** |
| **Debtors.**[2] | _Jointly Administered_ |

**BIDDING PROCEDURES FOR THE SALE OF**
**SUBSTANTIALLY ALL OF THE CARE PAVILION DEBTORS' ASSETS**

### Due Diligence Participation Requirements

Any person desiring to conduct due diligence that may lead to a bid for all or substantially all of the Transferred Assets will be required to deliver to the Care Pavilion Debtors an executed confidentiality agreement in form and substance satisfactory to the Care Pavilion Debtors.[3] The Care Pavilion Debtors and their professionals will afford any parties that execute a confidentiality agreement (a "Potential Bidder") such due diligence access or additional information as the Care

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] The applicable Debtors in the Motion are the Care Pavilion Debtors.

[3] Unless otherwise defined, all capitalized terms used herein shall have the meanings provided in the _Care Pavilion Debtors' Motion for Entry of Orders (A) Approving the Sale of Substantially All of the Care Pavilion Debtors' Assets, Other than Accounts, Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Approving Bidding Procedures for Sale of Substantially all of the Care Pavilion Debtors' Assets, other than Accounts, Free and Clear of all Liens, Claims, Encumbrances, and Interests, (C) Approving Stalking Horse Bid Protection, (D) Scheduling Auction for and Hearing to Approve Sale of Substantially all of the Care Pavilion Debtors' Assets, (E) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (H) Granting Related Relief_ [Docket. No. [●]] (the "Motion").

Pavilion Debtors, in their business judgment, determine to be reasonable and appropriate. Notwithstanding the foregoing, the Care Pavilion Debtors shall have the right to require satisfactory evidence of any Potential Bidder's available funds for or firm commitment for sufficient financing to consummate an acquisition, prior to granting said Potential Bidder access to conduct due diligence, and the Care Pavilion Debtors may withhold or limit access by any Potential Bidder to the due diligence if the Potential Bidder does not become or, the Care Pavilion Debtors determine that the Potential Bidder is not likely to become, a Qualified Bidder. Additional due diligence will not be provided after the Bid Deadline (as defined below).

Each Potential Bidder agrees to use, and to instruct its advisors and representatives to use, any of the Care Pavilion Debtors' confidential information only in connection with the formulation of a bid(s) during the bidding process or in accordance with the terms of any applicable confidentiality agreement.

### Bid Deadline

The deadline for Potential Bidders to submit bids intending to compete with the OTAs (attached as **Exhibit B** to the Motion), is **February 7, 2025, at 12:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"). Such bids must be received on or before the Bid Deadline by the following parties (collectively, the "Notice Parties"):

Care Pavilion Debtors' counsel: (a) Baker & Hostetler LLP, 200 South Orange Avenue, Orlando FL 3280, Attn: Elizabeth Green (egreen@bakerlaw.com), Danielle Merola (dmerola@bakerlaw.com); and (b) Raines Feldman Littrell, LLP, 11 Stanwix St., Suite 1100, Pittsburgh, PA 15222, Attn: Daniel R. Schimizzi (dschimizzi@raineslaw.com);

The Care Pavilion Debtors will promptly deliver a copy of each bid received by the Bid Deadline to counsel to the Official Committee of Unsecured Creditors (the "Committee").

The Bid Deadline cannot be extended unless the Stalking Horse Bidders consent.

### Participation Requirements

To be eligible to participate in the Auction (as such term is defined below), each bid and each Potential Bidder submitting such a bid must conform to the following requirements (collectively, the "Participation Requirements"):

1.  Offer to consummate the Sale Transaction on terms no less favorable to the Care Pavilion Debtors than those set forth in the OTAs, taking into account the Bid Protections, including the Minimum Initial Topping Bid Amount;

2.  Include a (a) redlined copy of the pertinent OTA to show any proposed amendments thereto (the "Modified OTA") and (b) clean, executed copies of the Modified OTA;

2

3.     Include a statement that there are no conditions precedent to the Potential Bidder's entry into definitive Modified OTA, including that (a) there are no financing contingencies to the bid, (b) there are no due diligence contingencies to the bid, and (c) all necessary internal and shareholder approvals have been obtained prior to submitting the bid;

4.     State that such offer is binding and irrevocable until the approval of the Successful Bid by the Court unless designated as the Back-Up Bid (as defined below);

5.     Disclose the identity of each entity that will be bidding or otherwise participating in connection with such bid, and the complete terms of any such participation;

6.     Include the names and contact information of members of the Potential Bidder who will be available to answer questions regarding the offer, including any advisors and related parties;

7.     Include a good-faith deposit in immediately available funds in an amount equal to $50,000 ("Earnest Money Deposit");

8.     Not be conditioned on the receipt of any third-party approvals or consents (excluding required Court approval and required governmental, licensing, or regulatory approval or consent, if any), including without limitation board of director approval. With respect to any governmental, licensing, or regulatory approvals or consents, each bid must include a description of all such approvals or consents that are required to consummate the proposed transaction, together with evidence satisfactory to the Care Pavilion Debtors of the ability of the bidder to obtain such approvals or consents in a timely manner, as well as a description of any material contingencies or other conditions that will be imposed upon, or that will otherwise apply to, the obtainment or effectiveness of any such approvals or consents;

9.     Accompanied by an executed letter stating that the Potential Bidder's offer, if selected as either the Successful Bid or Back-Up Bid, is irrevocable until consummation of a transaction involving the assets identified in such bid and that such bidder agrees to serve as a Backup Bidder (as defined herein) in accordance with these Bidding Procedures;

10.     Include sufficient financial or other information (the "Adequate Assurance Information") to establish adequate assurance of future performance with respect to any lease or contract to be assigned to the Potential Bidder in connection with the proposed Sale Transaction. The bid shall also identify a contact person (with relevant contact information) that counterparties to any lease or contract can contact to obtain additional Adequate Assurance Information;

11.     Provide satisfactory written evidence of available funds or a firm commitment for financing sufficient to consummate the Sale Transaction;

12.     Provide information on the Potential Bidder's ability to continue to operate the Facilities upon closing;

13.     Represent and warrant that the Potential Bidder has had an opportunity to conduct any and all due diligence regarding the Care Pavilion Debtors' business and the Transferred Assets prior to submitting its bid and a statement that the Potential Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the Transferred Assets in making its bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Care Pavilion Debtors' business or the Transferred Assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Potential Bidder's Modified OTA, if ultimately accepted and executed by the Care Pavilion Debtors; and

14.     Acknowledge that the Potential Bidder is not entitled to any of the Bid Protections.

15.     No later than the Bid Deadline provide a statement indicating which collective bargaining agreements such bidder intends to assume.

The Care Pavilion Debtors shall determine whether bids submitted by the Bid Deadline by Potential Bidders meet the Participation Requirements.

The Care Pavilion Debtors reserve the right to request additional information from a Potential Bidder in connection with its bid.

For the avoidance of doubt, bids are not required to adopt the business structure set forth in the OTAs, may provide for either a for-profit or not-for-profit entity as the purchaser(s) and/or operator(s) of the Facilities, and may be for one, some, or all of the Care Pavilion Debtors' Facilities.

### Qualified Bidders and Bids

Potential Bidders who have satisfied the Participation Requirements in the Care Pavilion Debtors' judgment will be deemed "Qualified Bidders." Bids that satisfy all bid requirements, as determined by the Care Pavilion Debtors will be deemed "Qualified Bids." The Care Pavilion Debtors will advise each Potential Bidder whether it is deemed to be a Qualified Bidder and whether its bid is a Qualified Bid before the Auction.

As provided in the Bidding Procedures Order, the Stalking Horse Bidders are deemed Qualified Bidders, and the Stalking Horse Bid is a Qualified Bid in all respects. The Stalking Horse Bidders shall be entitled to credit bid the amount of their Termination Fee and Expense Reimbursement (as defined in the OTAs) towards any subsequent bid at the Auction, if any. The Stalking Horse Bidders shall be required to serve as the Backup Bidder if they are not the Successful Bidder but are selected as the Backup Bidder.

All Qualified Bidders shall be deemed to have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to due diligence, the submission of its bid, the Bidding Procedures, the Auction, and the Sale (defined below), provided that the Stalking Horse Bidders are entitled to the Bid Protections.

### Auction Participation

Unless otherwise agreed to by the Care Pavilion Debtors, only the Care Pavilion Debtors, Qualified Bidders, prepetition secured lenders, members of the Committee, the U.S. Trustee, and each of the foregoing's legal and financial professionals are eligible to attend or participate at the Auction. Subject to the other provisions of these Bidding Procedures, if the Care Pavilion Debtors do not receive any Qualified Bids other than Stalking Horse Bid or if no Qualified Bidder other than the Stalking Horse Bidders have indicated an intent to participate in the Auction, the Care Pavilion Debtors will not hold an Auction and the Stalking Horse Bidders will be named the Successful Bidders (as defined below).

Prior to the start of the Auction, the Care Pavilion Debtors may hold discussions with any Qualified Bidders for less than all of the Transferred Assets to discuss proposals to combine their Qualified Bids for purposes of bidding on the Transferred Assets at the Auction.

### Auction

If more than one Qualified Bid is received, the Care Pavilion Debtors will conduct an auction (the "Auction") for the sale of substantially all the Transferred Assets. Each Qualified Bidder participating at the Auction will be required to confirm on the record that it has not engaged in any collusion with respect to the bidding or the Sale Transaction. Prior to the start of the Auction, the Care Pavilion Debtors will select a Qualified Bid to be the opening bid at the Auction (each such Qualified Bid, the "Opening Bid" and each such Qualified Bidder, the "Opening Bidder"), and inform each of the Qualified Bidders participating in the Auction of the same.

The Auction shall take place at 10:00 a.m. (prevailing Eastern Time) on February 10, 2025 (the "Auction Date") at the offices of: (a) Raines Feldman Littrell, LLP, 11 Stanwix St., Suite 1100, Pittsburgh, Pennsylvania 15222, (b) via in person or a virtual platform, such as Zoom or GoToMeeting, or (c) such other location, in each case as the Care Pavilion Debtors designate. No later than forty-eight (48) hours prior to the Auction Date, the Care Pavilion Debtors shall provide notice of the Auction location and, if via a virtual platform, the credentials required to access such platform, to all Qualified Bidders, the U.S. Trustee, and the Committee. At the Auction, only the

Stalking Horse Bidders (taking into account their right to credit bid the Bid Protections) and other Qualified Bidders will be permitted to increase their bids by the Minimum Bid Amount, and to make any incremental bids thereafter. The Care Pavilion Debtors may conduct the Auction in the manner they reasonably determine, in their business judgment will achieve the maximum value for the Transferred Assets.

## Closing the Auction

The Auction shall continue until there is one offer or a combination of offers that the Care Pavilion Debtors determine and subject to Bankruptcy Court approval, is the highest and best offer(s) from among the Qualified Bidders (including the Stalking Horse Bidders) submitted at the Auction (the "Successful Bid(s)"). The Qualified Bidder(s) submitting such Successful Bid(s) shall become the "Successful Bidder" and shall have such rights and responsibilities of a purchaser, as set forth in the OTAs or Modified OTAs, as applicable. Immediately prior to the conclusion of the Auction, the Care Pavilion Debtors shall notify all Qualified Bidders at the Auction of the name or names of the Successful Bidder(s) and the amount and other material terms of the Successful Bid(s).

The Care Pavilion Debtors shall also select an offer or a combination of offers to serve as a back-up bid (the "Back-Up Bid" and, such Qualified Bidder submitting the Back-Up Bid, the "Back-Up Bidder"), which Back-Up Bid shall remain open and irrevocable until the Closing of the sale (the "Sale") with the Successful Bidder(s). In the event that the Successful Bidder fails to close the transaction contemplated by the Successful Bidder, for any reason, the Care Pavilion Debtors may elect to regard the Back-Up Bid as the highest and best bid for the Transferred Assets, and the Care Pavilion Debtors will be authorized to consummate the transaction contemplated by the Back-Up Bid without further order of the Court.

The Successful Bidder(s) and the Back-Up Bidder(s) shall be deemed to have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to due diligence, the submission of its bid, the Bidding Procedures, the Auction, and the Sale, provided that the Stalking Horse Bidders are entitled to the Bid Protections.

The Care Pavilion Debtors may require the Stalking Horse Bidders to serve as the Back-Up Bidder upon the Care Pavilion Debtors' selection of another party or parties as the Successful Bidder(s).

## Assumption of Executory Contracts and Unexpired Leases

The OTAs and Modified OTAs must designate which executory contracts and unexpired leases are to be assumed and assigned as part of the Transferred Assets (the "Assumed Contracts"). Except as otherwise provided in the Successful Bidder's purchase agreements or in the Sale Order, the Successful Bidder(s) shall be responsible for all Cure Costs relating to the Assumed Contracts under section 365 of the Bankruptcy Code.

### No Collusion; Good-Faith Bona Fide Offer

Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that (a) it has not engaged in any collusion with respect to the Sale or Bidding Procedures (including that it has no agreement with any other Bidder or Qualified Bidder to control the price) and (b) its Qualified Bid is a good faith bona fide offer and it intends to consummate the Sale Transaction if selected as the Successful Bidder or the Back-Up Bidder.

### Return of Deposits

No later than the earlier of (a) three (3) business days following the entry of a Sale Order, or (b) ten (10) business days following the end of the Auction, unless otherwise provided in an escrow agreement or a Qualified Bid, the Care Pavilion Debtors shall return by check or wire the full amount of each Earnest Money Deposit submitted by a party that is not a party who is a Successful Bidder(s) or a Back-up Bidder(s). A defaulting Successful Bidder's Earnest Money Deposit shall be forfeited to the Care Pavilion Debtors, subject to the terms set forth in the Successful Bidder's purchase agreement.

### Communications among Qualified Bidders

Notwithstanding anything to the contrary in these Bidding Procedures, all direct communications between and amongst Qualified Bidders shall involve the Care Pavilion Debtors and the Care Pavilion Debtors' advisors. No Qualified Bidder shall communicate with any other Qualified Bidder absent prior written consent from the Care Pavilion Debtors.

### Free and Clear of Any and All Claims, Liens, and Interests

Subject to entry of the Sale Order, and except as otherwise provided in the OTAs, all of the Care Pavilion Debtors' right, title, and interest in and to the Transferred Assets subject thereto shall be sold free and clear of all liens, claims, and interests (collectively, the "Encumbrances") to the maximum extent permitted by section 363 of the Bankruptcy Code (other than permitted liens and assumed liabilities as provided in a Successful Bidder's OTA or Modified OTA, as applicable), with such Encumbrances to attach to the proceeds of the sale of the Transferred Assets with the same validity and priority as such Encumbrances applied against the Transferred Assets.

### Reservation of Rights by the Care Pavilion Debtors

Nothing in these Bidding Procedures shall require the Care Pavilion Debtors to take any action, or to refrain from taking any action, with respect to these Bidding Procedures, to the extent that the Care Pavilion Debtors determine, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or their fiduciary duties under applicable law. The Stalking Horse Bidders reserve all rights under the OTAs with respect to any action taken by the Care Pavilion Debtors with respect to these Bidding Procedures, or otherwise.

**<u>EXHIBIT 2</u>**

Auction and Sale Order Hearing Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** | **Case No.: 24-70418-JAD** |
| **POTTSVILLE OPERATIONS, LLC,** *et al.,*[1] | **Chapter 11** |
| **Debtors.** | *Jointly Administered* |
| | **Doc. No.:** |
| **POTTSVILLE OPERATIONS, LLC,** *et al.,*[2] | **Related to Document No.** |
| **Movants,** | **Hearing Date:** |
| **v.** | **Hearing Time:** |
| **ARGNT HOLDINGS, INC., BANKFINANCIAL, N.A., AND SPECIALTY RX INC.,** | **Response Deadline:** |
| **Respondents.** | |

## NOTICE OF PROPOSED SALE OF SUBSTANTIALLY ALL OF THE CARE PAVILION DEBTORS' ASSETS, BIDDING PROCEDURES, AUCTION, AND SALE ORDER HEARING

    **PLEASE TAKE NOTICE** that the Care Pavilion Debtors, by and through their undersigned counsel, sought approval from the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") to effectuate the sale of substantially all of the Care Pavilion Debtors' assets, other than Accounts in the *Care Pavilion Debtors' Motion for Entry of Orders (A)*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] The applicable Debtors in the Motion are the Care Pavilion Debtors.

*Approving the Sale of Substantially All of the Care Pavilion Debtors' Assets, Other than Accounts, Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Approving Bidding Procedures for Sale of Substantially all of the Care Pavilion Debtors' Assets, other than Accounts, Free and Clear of all Liens, Claims, Encumbrances, and Interests, (C) Approving Stalking Horse Bid Protection, (D) Scheduling Auction for and Hearing to Approve Sale of Substantially all of the Care Pavilion Debtors' Assets, (E) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (H) Granting Related Relief* [Doc. No. [●]] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [●], the Court entered the *Order (A) Approving Bidding Procedures for Sale of Substantially all of the Care Pavilion Debtors' Assets, other than Accounts, Free and Clear of all Liens, Claims, Encumbrances, and Interests, (B) Approving Stalking Horse Bid Protection, (C) Scheduling Auction for and Hearing to Approve Sale of Substantially all of the Care Pavilion Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (E) Approving Assumption and Assignment Procedures, (F) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (G) Granting Related Relief* [Doc. No. [●]] (the "Bidding Procedures Order").[3] The Bidding Procedures Order approved the bidding procedures (the "Bidding Procedures") attached as **Exhibit 1** to the Bidding Procedures Order. The Bidding Procedures set the key dates and times related to the sale of the Transferred Assets and assumption and assignment of the Executory Contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures Order, all related exhibits, including the Bidding Procedures, and any other filings related to the foregoing are available for free on the website of Care Pavilion Debtors' notice agent, Stretto, Inc., at https://cases.stretto.com/pottsville.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Motion, the Care Pavilion Debtors seek to sell substantially all of their assets (the "Transferred Assets") to the Stalking Horse Bidders or any other Successful Bidder free and clear of all liens, claims, encumbrances, and other interests to the fullest extent permitted under 11 U.S.C. § 363(f) and other applicable law. For ease of reference, the Care Pavilion Debtors are identified in **Exhibit A** by reference to the nursing facilities they respectively own and operate.

**PLEASE TAKE FURTHER NOTICE** that the deadline by which all Qualified Bids for the Transferred Assets must be actually received by the parties specified in the Bidding Procedures is February 7, 2025, at 12:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order, if one or more Qualified Bids (in addition to the Stalking Horse Bid) are

---

[3] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion or Bidding Procedures Order, as applicable.

received by the Bid Deadline, an auction (the "Auction") to sell the Transferred Assets will take place at 10:00 a.m. (prevailing Eastern Time) on February 10, 2025 at the offices of: (a) Raines Feldman Littrell LLP, 11 Stanwix St., Suite 1100, Pittsburgh, Pennsylvania 15222, (b) via in person or a virtual platform, such as Zoom or GoToMeeting, or (c) such other location, in each case as the Care Pavilion Debtors designate and shall be timely communicated to all persons entitled to attend the Auction. The Care Pavilion Debtors may cancel the Auction pursuant to the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that, if the Care Pavilion Debtors do not timely receive more than one Qualified Bid, the Care Pavilion Debtors will not conduct the Auction and, instead, will (a) file a notice with the Court identifying the OTAs as the Successful Bid for the Transferred Assets and (b) promptly seek the Court's approval of the sale of the Transferred Assets to the Stalking Horse Bidders free and clear of all liens, claims, encumbrances, and other interests to the fullest extent permitted under 11 U.S.C.§ 363(f) and other applicable law.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Transferred Assets to the Successful Bidder (the "Sale Order Hearing") before the United States Bankruptcy Court for the Western District of Pennsylvania, Courtroom D, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 on (i) February 12, 2025, at 10:00 a.m. (prevailing Eastern Time) if no objections to the Sale are received; or (ii) February 18, 2025, at 10:00 a.m. (prevailing Eastern Time) if one or more objections to the Sale are received, or at such time thereafter as counsel may be heard or at such other time as the Court may determine. The Sale Order Hearing may be adjourned from time to time without further notice to creditors or parties in interest by filing a notice on the Court's docket for these Care Pavilion Cases or the making of an announcement at the Sale Order Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections to the Sale, if any, (i) must be in writing, (ii) conform to the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (iii) state with particularity the legal and factual basis for the objection, and (iv) be filed with the Court no later than January 31, 2025, at 5:00 p.m. (prevailing Eastern Time) by the Court.

**FAILURE TO ABIDE BY THE BIDDING PROCEDURES, THE BIDDING PROCEDURES ORDER, OR ANY OTHER ORDER OF THE COURT IN THESE CARE PAVILION CASES MAY RESULT IN THE REJECTION OF YOUR BID FOR THE TRANSFERRED ASSETS.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY OR ENTITY WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE SALE BEFORE THE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE DEEMED TO HAVE CONSENTED TO THE SALE(S) AND FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE(S), INCLUDING WITH RESPECT TO THE TRANSFER OF THE TRANSFERRED ASSETS TO THE SUCCESSFUL BIDDER FREE AND CLEAR OF ALL LIENS, CLAIMS,**

3

**ENCUMBRANCES, AND OTHER INTERESTS THAT SUCH PARTY OR ENTITY MAY HAVE AGAINST THE CARE PAVILION DEBTORS OR THE TRANSFERRED ASSETS.**

Dated: [●], 2024
Pittsburgh, Pennsylvania

Respectfully submitted:

**RAINES FELDMAN LITTRELL, LLP**

By: */s/ DRAFT* _____
Daniel R. Schimizzi (PA ID No. 311869)
Mark A. Lindsay (PA ID No. 89487)
Jordan N. Kelly (PA ID No. 328896)
Sarah E. Wenrich (PA ID No. 325834)
11 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
Telephone: 412-899-6462
Email: dschimizzi@raineslaw.com
mlindsay@raineslaw.com
jkelly@raineslaw.com
swenrich@raineslaw.com

*Proposed Local Counsel to the Debtors and Debtors in Possession*

-       and -

**BAKER & HOSTETLER LLP**

Elizabeth A. Green, Esq.
FL Bar No.: 0600547
Email: egreen@bakerlaw.com
Andrew V. Layden, Esq.
FL Bar No.: 86070
E-mail: alayden@bakerlaw.com
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 540-7920
Facsimile: (407) 841-0168

*Proposed Counsel for the Debtors and Debtors in Possession*

4

## <u>EXHIBIT A</u>

Facility List

| Facility | Address |
| --- | --- |
| Milton Rehabilitation & Nursing Center | 743 Mahoning Street<br>Milton, PA 17847 |
| Watsontown Nursing & Rehabilitation Center | 245 East Eighth Street<br>Watsontown, PA 17777 |
| Care Pavilion Nursing & Rehabilitation Center | 6212 Walnut Street<br>Philadelphia, PA 19139 |
| Cliveden Nursing & Rehabilitation Center | 6400 Greene Street<br>Philadelphia, PA 19119 |
| Bedrock Rehabilitation & Nursing Center at Maplewood | 125 W. Schoolhouse Lane<br>Philadelphia, PA 17847 |
| Parkhouse Nursing & Rehabilitation Center | 1600 Black Rock Road<br>Royersford, PA 19468 |
| Bedrock Rehabilitation & Nursing Center at Tucker House | 1001 Wallace Street<br>Philadelphia, PA 19123 |
| Bedrock Rehabilitation & Nursing Center at York | 7101 Old York Road<br>Philadelphia, PA 19126 |

## **EXHIBIT 3**

Resident Notice

**[INSERT LETTERHEAD]**

[ADDRESS]

TO WHOM IT MAY CONCERN:

You are receiving this letter and enclosed legal notice because you, a loved one, or someone you represent, was or is a resident or patient at one of the following facilities (the "Facilities"):

- Milton Rehabilitation & Nursing Center – 743 Mahoning Street, Milton, PA 17847
- Watsontown Nursing & Rehabilitation Center – 245 East Eighth Street, Watsontown, PA 17777
- Care Pavilion Nursing & Rehabilitation Center – 6212 Walnut Street, Philadelphia, PA 19139
- Cliveden Nursing & Rehabilitation Center – 6400 Greene Street, Philadelphia, PA 19119
- Bedrock Rehabilitation & Nursing Center at Maplewood – 125 W. Schoolhouse Lane, Philadelphia, PA 17847
- Parkhouse Nursing & Rehabilitation Center – 1600 Black Rock Road, Royersford, PA 19468
- Bedrock Rehabilitation & Nursing Center at Tucker House – 1001 Wallace Street, Philadelphia, PA 19123
- Bedrock Rehabilitation & Nursing Center at York – 7101 Old York Road, Philadelphia, PA 19126

As discussed in the attached legal notice, the operators of the Facilities have filed voluntary bankruptcy petitions to preserve their assets and pursue going concern sales of the Facilities. The Facilities are staying open and continuing operations through this process. Anyone who is a current resident or patient at one of the Facilities will continue to receive the same care and services they did before the bankruptcies.

The proposed sales of the Facilities to an approved buyer(s) will be free and clear of all liens, claims, encumbrances, or interests that you or someone you represent may have against the Facilities, the owners, or operators of the Facilities. Furthermore, the owners and operators of the Facilities propose to assign to the approved buyer(s) all of their contracts with current residents or patients subject to the terms of the attached notice. The approved buyer(s) will continue to provide services after the closing of an approved sale to current residents and patients at the Facilities under any contract assumed by such buyer(s).

If you have any objection to the proposed sale of the Facilities, or the assumption and assignment of your contract to a new owner and operator, you must raise such objections pursuant to the procedures set forth in the attached legal notice by January 31, 2025 at 5:00 p.m. (ET) or you will be deemed to have consented to the sale of the Facilities free and clear of all liens, claims, encumbrances, or interests that you or someone you represent may have. If you have no objection, then you do not need to take any action. You may wish to consult with an attorney regarding these matters.

Again, the purpose of the bankruptcy cases and the proposed sale transaction(s) is to ensure that the Facilities continue to provide quality care and services to all residents and patients. If you have any questions regarding these matters, you may send an email to pottsvilleinquiries@stretto.com or call 855.469.1264 (Toll-Free) and 714.586.5713 (International).


_____
Chief Restructuring Officer

## **EXHIBIT 4**

Contract Assumption and Assignment Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | Case No.: 24-70418-JAD |
| **POTTSVILLE OPERATIONS, LLC,** *et al.,*[1] | **Chapter 11** |
| Debtors. | *Jointly Administered* |
| | Doc. No.: |
| **POTTSVILLE OPERATIONS, LLC,** *et al.,*[2] | **Related to Document No.** |
| **Movants,** | **Hearing Date:** |
| v. | **Hearing Time:** |
| **ARGNT HOLDINGS, INC., BANKFINANCIAL, N.A., AND SPECIALTY RX INC.,** | **Response Deadline:** |
| **Respondents.** | |

**NOTICE OF EXECUTORY CONTRACTS THAT MAY BE ASSUMED
AND ASSIGNED IN CONNECTION WITH THE SALE TRANSACTION**

**PLEASE TAKE NOTICE** that on [●], 2024, the Care Pavilion Debtors, by and through their undersigned counsel filed the *Care Pavilion Debtors' Motion for Entry of Orders (A) Approving the Sale of Substantially All of the Care Pavilion Debtors' Assets, Other than Accounts, Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Approving Bidding Procedures for Sale of Substantially all of the Care Pavilion Debtors' Assets, other than Accounts,*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] The applicable Debtors in the Motion are the Care Pavilion Debtors.

*Free and Clear of all Liens, Claims, Encumbrances, and Interests, (C) Approving Stalking Horse Bid Protection, (D) Scheduling Auction for and Hearing to Approve Sale of Substantially all of the Care Pavilion Debtors' Assets, (E) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (H) Granting Related Relief* [Doc. No. [●]] (the "Motion").[3]

**PLEASE TAKE FURTHER NOTICE** that under the Motion, the Care Pavilion Debtors seek authority to, among other things, assume and assign certain executory contracts and unexpired leases under section 365 of the Bankruptcy Code. If you are a counterparty to any contract or lease with the Care Pavilion Debtors, you should check **Schedule 1** to determine if your contract or lease is listed.

**PLEASE TAKE FURTHER NOTICE** that on [●], 2024, the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") entered its *Order (A) Approving Bidding Procedures for Sale of Substantially all of the Care Pavilion Debtors' Assets, other than Accounts, Free and Clear of all Liens, Claims, Encumbrances, and Interests, (B) Approving Stalking Horse Bid Protection, (C) Scheduling Auction for and Hearing to Approve Sale of Substantially all of the Care Pavilion Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (E) Approving Assumption and Assignment Procedures, (F) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (G) Granting Related Relief* [Doc. No. [●]] (the "Bidding Procedures Order"). The Bidding Procedures Order approved the bidding procedures (the "Bidding Procedures") attached as Exhibit 1 to the Bidding Procedures Order. The Bidding Procedures set the key dates and times related to the sale of the Transferred Assets and assumption and assignment of the executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures Order, all related exhibits, including the Bidding Procedures, and any other filings related to the foregoing are available for free on the website of Care Pavilion Debtors' notice agent, Stretto, Inc., at https://cases.stretto.com/pottsville.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Motion, the Care Pavilion Debtors seek to sell substantially all of their assets (the "Transferred Assets") to the Stalking Horse Bidders or any other Successful Bidder free and clear of all liens, claims, encumbrances, and other interests to the fullest extent permitted under 11 U.S.C. § 363(f) and other applicable law. For ease of reference, the Care Pavilion Debtors are identified in **Exhibit A** by reference to the nursing facilities they respectively own and operate.

---

[3] Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms as set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the deadline by which all Qualified Bids for the Transferred Assets must be actually received by the parties specified in the Bidding Procedures is February 7, 2025, at 12:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order, if one or more Qualified Bids (in addition to the Stalking Horse Bid) are received by the Bid Deadline, an auction (the "Auction") to sell the Transferred Assets will take place at 10:00 a.m. (prevailing Eastern Time) on February 10, 2025 at the offices of: (a) Raines Feldman Littrell LLP, 11 Stanwix St., Suite 1100, Pittsburgh, Pennsylvania 15222, (b) via in person or a virtual platform, such as Zoom or GoToMeeting, or (c) such other location, in each case as the Care Pavilion Debtors designate and shall be timely communicated to all persons entitled to attend the Auction. The Care Pavilion Debtors may cancel the Auction pursuant to the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that, if the Care Pavilion Debtors do not timely receive more than one Qualified Bid, the Care Pavilion Debtors will not conduct the Auction and, instead, will (a) file a notice with the Court identifying the OTAs as the Successful Bid for the Transferred Assets and (b) promptly seek the Court's approval of the sale of the Transferred Assets to the Stalking Horse Bidders free and clear of all liens, claims, encumbrances, and other interests to the fullest extent permitted under 11 U.S.C. § 363(f) and other applicable law.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Transferred Assets to the Successful Bidder (the "Sale Order Hearing") before the United States Bankruptcy Court for the Western District of Pennsylvania, [●], Pittsburgh, Pennsylvania on (i) February 12, 2025, at 10:00 a.m. (prevailing Eastern Time) if no objections to the Sale are received, or (ii) February 18, 2025, at 10:00 a.m. (prevailing Eastern Time) if one or more objections to the Sale are received, or at such time thereafter as counsel may be heard or at such other time as the Court may determine. The Sale Order Hearing may be adjourned from time to time without further notice to creditors or parties in interest by filing a notice on the Court's docket for these Care Pavilion Cases or the making of an announcement at the Sale Order Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections to the Sale, if any, (i) must be in writing, (ii) conform to the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (iii) state with particularity the legal and factual basis for the objection, and (iv) be filed with the Court no later than January 31, 2025, at 5:00 p.m. (prevailing Eastern Time) by the Court.

**FAILURE TO ABIDE BY THE BIDDING PROCEDURES, THE BIDDING PROCEDURES ORDER, OR ANY OTHER ORDER OF THE COURT IN THE CARE PAVILION CASES MAY RESULT IN THE REJECTION OF YOUR BID FOR THE TRANSFERRED ASSETS.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY OR ENTITY WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE SALE BEFORE THE**

**OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE DEEMED TO HAVE CONSENTED TO THE SALE(S) AND FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE(S), INCLUDING WITH RESPECT TO THE TRANSFER OF THE TRANSFERRED ASSETS TO THE SUCCESSFUL BIDDER FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS THAT SUCH PARTY OR ENTITY MAY HAVE AGAINST THE CARE PAVILION DEBTORS OR THE TRANSFERRED ASSETS.**

Dated: [●], 2024
Pittsburgh, Pennsylvania

Respectfully submitted:

**RAINES FELDMAN LITTRELL, LLP**

By: */s/ DRAFT*
Daniel R. Schimizzi (PA ID No. 311869)
Mark A. Lindsay (PA ID No. 89487)
Jordan N. Kelly (PA ID No. 328896)
Sarah E. Wenrich (PA ID No. 325834)
11 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
Telephone: 412-899-6462
Email: dschimizzi@raineslaw.com
mlindsay@raineslaw.com
jkelly@raineslaw.com
swenrich@raineslaw.com

*Proposed Local Counsel to the Debtors and Debtors in Possession*

-    and -

**BAKER & HOSTETLER LLP**

Elizabeth A. Green, Esq.
FL Bar No.: 0600547
Email: egreen@bakerlaw.com
Andrew V. Layden, Esq.
FL Bar No.: 86070
E-mail: alayden@bakerlaw.com
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 540-7920
Facsimile: (407) 841-0168

*Proposed Counsel for the Debtors and
Debtors in Possession*

## **SCHEDULE 1**

Potential Assumed Contracts

[TO BE FILED]

## **EXHIBIT 5**

Post-Auction Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | **Case No.: 24-70418-JAD** |
| **POTTSVILLE OPERATIONS, LLC,** *et al.,*[1] | **Chapter 11** |
| **Debtors.** | *Jointly Administered* |
| | **Doc. No.:** |
| **POTTSVILLE OPERATIONS, LLC,** *et al.,*[2] | **Related to Document No.** |
| **Movants,** | **Hearing Date:** |
| **v.** | **Hearing Time:** |
| **ARGNT HOLDINGS, INC.,<br>BANKFINANCIAL, N.A., AND<br>SPECIALTY RX INC.,** | **Response Deadline:** |
| **Respondents.** | |

### NOTICE OF SUCCESSFUL BID AND BACKUP BID

**PLEASE TAKE NOTICE** that, pursuant to the *Order (A) Approving Bidding Procedures for Sale of Substantially all of the Care Pavilion Debtors' Assets, other than Accounts, Free and Clear of all Liens, Claims, Encumbrances, and Interests, (B) Approving Stalking Horse Bid Protection, (C) Scheduling Auction for and Hearing to Approve Sale of Substantially all of the Care Pavilion Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (E) Approving Assumption and Assignment Procedures, (F) Authorizing*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] The applicable Debtors in the Motion are the Care Pavilion Debtors.

*Assumption and Assignment of Executory Contracts and Unexpired Leases, and (G) Granting Related Relief* [Doc. No. [●]] (the "Bidding Procedures Order") the United States Bankruptcy Court for the Western District of Pennsylvania approved, among other things, the implementation of the Bidding Procedures attached to the Bidding Procedures Order as **Exhibit 1** in connection with the disposition of the Transferred Assets.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures Order, the deadline for submitting a Qualified Bid for the Transferred Assets was February 7, 2025 at 12:00 p.m. (prevailing Eastern time) (the "Bid Deadline") and in the event that the Care Pavilion Debtors timely received one or more Qualified Bids, in addition to the Qualified Bid submitted by the Stalking Horse Bidders, the Care Pavilion Debtors would conduct the Auction on February 10, 2025, at 10:00 a.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that on February 10, 2025, the Care Pavilion Debtors conducted the Auction in accordance with the Bidding Procedures and certain rules distributed to Auction attendees prior to and at the Auction. At the Auction, the Care Pavilion Debtors determined that the highest and/or best offer was submitted by [●] (the "Successful Bidder" and the Successful Bidder's winning bid, the "Successful Bid") and the second highest and/or best offer was submitted by [●] (the "Backup Bidder," and the Backup Bidder's bid, the "Backup Bid"). Attached hereto as **Exhibit A** is a copy of the final, fully-executed contract for the sale and operations transfer (collectively, the "Transaction Documents", and the transaction contemplated thereby the "Sale Transaction") between the Care Pavilion Debtors and the Successful Bidder, containing the terms of the Successful Bid.

**PLEASE TAKE FURTHER NOTICE** that, as contemplated by the Bidding Procedures Order, the Care Pavilion Debtors will seek final approval of the Sale Transaction to the Successful Bidder pursuant to the Transaction Documents, during the **Sale Order Hearing on (i) February 12, 2025, at 10:00 a.m. (prevailing Eastern Time) if no objections to the Sale are received, or (ii) February 18, 2025, at 10:00 a.m. (prevailing Eastern Time) if one or more objections to the Sale are received** before the United States Bankruptcy Court for the Western District of Pennsylvania, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219. The Successful Bidder(s) shall appear at the Sale Order Hearing and be prepared to testify in support of the Successful Bid(s) and the Successful Bidder(s)' ability to close in a timely manner, including with respect to demonstrating adequate assurance of future performance that may be required in connection with the assumption and assignment of any Assumed Contracts. The Sale Order Hearing may be adjourned or rescheduled as ordered by the Bankruptcy Court, or by the Care Pavilion Debtors in consultation with the Successful Bidder but without further notice to creditors and parties in interest other than by announcement by Care Pavilion Debtors of the adjourned date at the Sale Order Hearing. The Care Pavilion Debtors' presentation to the Bankruptcy Court for approval of a Successful Bid does not constitute the Care Pavilion Debtors' acceptance of the Successful Bid. The Care Pavilion Debtors shall be deemed to have accepted a Successful Bid

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Bidding Procedures Order.

only when the Successful Bid has been approved by order of the Court in a form acceptable to the Care Pavilion Debtors and Successful Bidders.

**PLEASE TAKE FURTHER NOTICE** that if the Sale Transaction is not consummated with the Successful Bidder pursuant to the Successful Bid, the Care Pavilion Debtors may designate the Backup Bidder as the new Successful Bidder and such Backup Bidder's Backup Bid as the new Successful Bid, and the Care Pavilion Debtors will be authorized to consummate the Sale Transaction with the Backup Bidder without further order of the Court.

**PLEASE TAKE FURTHER NOTICE** that the deadline to object to the approval of the Sale Transaction and the sale of the Purchase Assets to the Successful Bidder free and clear is [●], **2025 at 5:00 p.m. (prevailing Eastern time)**, and any objection must comply with the Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Bidding Procedures Order, the Bidding Procedures, the Transaction Documents, and all other documents filed with the Court may be obtained on the website of the Care Pavilion Debtors' notice agent, Stretto, Inc. website: https://cases.stretto.com/pottsville.

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY OR ENTITY WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE SALE BEFORE THE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE DEEMED TO HAVE CONSENTED TO THE SALE(S) AND FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE(S), INCLUDING WITH RESPECT TO THE TRANSFER OF THE TRANSFERRED ASSETS TO THE SUCCESSFUL BIDDER FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS THAT SUCH PARTY OR ENTITY MAY HAVE AGAINST THE CARE PAVILION DEBTORS OR THE TRANSFERRED ASSETS.**

[*signature page follows*]

3

Dated: [●], 2024
Pittsburgh, Pennsylvania

Respectfully submitted:

**RAINES FELDMAN LITTRELL, LLP**

By: */s/ DRAFT*
Daniel R. Schimizzi (PA ID No. 311869)
Mark A. Lindsay (PA ID No. 89487)
Jordan N. Kelly (PA ID No. 328896)
Sarah E. Wenrich (PA ID No. 325834)
11 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
Telephone: 412-899-6462
Email: dschimizzi@raineslaw.com
mlindsay@raineslaw.com
jkelly@raineslaw.com
swenrich@raineslaw.com

*Proposed Local Counsel to the Debtors and
Debtors in Possession*

-        and -

**BAKER & HOSTETLER LLP**

Elizabeth A. Green, Esq.
FL Bar No.: 0600547
Email: egreen@bakerlaw.com
Andrew V. Layden, Esq.
FL Bar No.: 86070
E-mail: alayden@bakerlaw.com
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 540-7920
Facsimile: (407) 841-0168

*Proposed Counsel for the Debtors and
Debtors in Possession*

4

## **EXHIBIT B**

OTAs