**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:**<br><br>**POTTSVILLE OPERATIONS, LLC,** ***et al.,***[1]<br><br>**Debtors.** | **Case No.: 24-70418-JAD**<br><br>**Chapter 11**<br>***Jointly Administered***<br><br>**Doc. No.:** |
| **CARE PAVILION DEBTORS,** ***et al.,***<br><br>**Movants,**<br><br>**-vs-**<br><br>**NO RESPONDENTS,**<br><br>**Respondents.** | **Related to Document No.:**<br><br>**Hearing Date: January 16, 2025**<br><br>**Hearing Time: 10:00 a.m. (EST)**<br><br>**Response Deadline: 4:00 p.m. (EST) on January 9, 2025** |

**CARE PAVILION DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING DEADLINES FOR (A) SUBMITTING PROOFS OF CLAIM AND (B) COMMENCING DISCHARGEABILITY PROCEEDINGS, (II) APPROVING MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

The Care Pavilion Debtors, by and through their undersigned counsel, respectfully file this *Motion for Entry of an Order (I) Establishing Deadlines for (A) Submitting Proofs of Claim and*

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

*(B) Commencing Dischargeability Proceedings, (II) Approving Manner of Notice Thereof, and (III) Granting Related Relief* (the "Motion"). In support of the Motion, the Care Pavilion Debtors state as follows:

**RELIEF REQUESTED**

1. By this Motion, the Care Pavilion Debtors request entry of an order substantially in the form attached as **Exhibit A** (the "Proposed Order"): (i) setting **April 16, 2025**, as the general bar date (the "Care Pavilion Claims Bar Date") for each person or entity (other than a governmental unit, which deadline shall remain one hundred and eighty (180) days after the Petition Date (defined herein)) to file a proof of claim in respect of any prepetition claim against any of the Care Pavilion Debtors, including, without limitation, any secured claims, unsecured claims, priority claims, or other claims asserted under title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) setting **March 17, 2025**, as the deadline for each person or entity to commence a dischargeability proceeding under Section 523(c) of the Bankruptcy Code (the "Care Pavilion Dischargeability Bar Date", and together with the Care Pavilion Claims Bar Date, the "Care Pavilion Bar Dates"); and (iii) approving the process and manner of notice of the Care Pavilion Bar Dates.

**JURISDICTION**

2. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue of these chapter 11 cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 502(b)(9) of the Bankruptcy Code, Rule 3003 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 3002-1 and 3003-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Pennsylvania (the "Local Rules").

**BACKGROUND**

4. On November 18, 2024 (the "Petition Date"), each of the Care Pavilion Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Care Pavilion Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases. On December 4, 2024, the United States Trustee (the "U.S. Trustee") filed a *Second Amended Appointment of Official Committee of Unsecured Creditors*. *See* Doc. No. 330.

6. A detailed description of the Care Pavilion Debtors, their businesses, and the facts and circumstances supporting this Motion and the Care Pavilion Debtors' filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code are set forth in greater detail in the *Declaration of Neil Luria Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and Various First Day Applications and Motions* [Case No. 24-70473-JAD, Doc. No. 3] (the "First Day Declaration"). This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein.

7. On November 19, 2024, the Court entered an order authorizing joint administration of the Pottsville Cases and the Care Pavilion Cases (collectively, the "Chapter 11 Cases") for procedural purposes only. *See* Doc. No. 218.

8. On November 21, 2024, the Court entered an Order extending the deadline by which the Care Pavilion Debtors must file their schedules of assets and liabilities (the "Schedules") and their statements of financial affairs (the "Statements" and together with the Schedules, the

"Schedules and Statements") until January 1, 2025 (which is automatically extended to January 2, 2025, under Bankruptcy Rule 9006(a)(1)). *See* Doc. No. 281.

9. On November 22, 2024, the Court entered an amended order appointing Stretto, Inc. ("Stretto") as the official claims and noticing agent in the Care Pavilion Cases. *See* Doc. No. 289.

10. On December 11, 2024, the Pottsville Debtors filed their *Notice of Commencement* [Doc. No. 367] (the "Pottsville Notice of Commencement"), which established*, inter alia*: (i) April 16, 2025 (the "Pottsville Claims Bar Date"), as the deadline for filing proofs of claim for all creditors (except governmental units) in the Pottsville Cases; and (ii) March 17, 2025 (the "Pottsville Dischargeability Bar Date" and together with the Pottsville Claims Bar Date, the "Pottsville Bar Dates"), as the deadline for each person or entity to file a complaint under Section 523(c) of the Bankruptcy Code in the Pottsville Cases.

11. In furtherance of the administrative efficiency of the Chapter 11 Cases and to avoid any potential confusion caused by separate and inconsistent claims bar and dischargeability deadlines between the Pottsville Cases and the Care Pavilion Cases, the Debtors seek to establish uniform claims bar and dischargeability deadlines in these Chapter 11 Cases.

12. The Debtors submit that setting April 16, 2024, as both the Pottsville Claims Bar Date and the Care Pavilion Claims Bar Date, and March 17, 2024, as both the Pottsville Dischargeability Bar Date and the Care Pavilion Dischargeability Bar Date, will avoid confusion and uncertainty among creditors and parties in interest of both the Pottsville Debtors and Care Pavilion Debtors. The Debtors also submit that uniform claims bar and dischargeability deadlines will reduce the administrative costs associated with not only tracking separate claims bar and

dischargeability deadlines, but also addressing (and potentially litigating) issues relating to missed deadlines arising out of inconsistent bar dates.

**THE PROPOSED CARE PAVILION BAR DATES AND RELATED PROCEDURES**

**A. The Proposed Care Pavilion Bar Dates**

13. The Care Pavilion Debtors request that this Court establish April 16, 2025 – i.e., the Pottsville Debtors' Bar Date – as the deadline for any person or entity (including each individual, partnership, corporation joint venture, estate, or trust) to file a Proof of Claim substantially in the form of Official Bankruptcy Form 410 (a "Proof of Claim"). The Care Pavilion Claims Bar Date would apply to all persons or entities holding claims against the Care Pavilion Debtors as of the Petition Date.

14. In the event that the Care Pavilion Debtors amend or supplement their Schedules to (a) designate a claim as disputed, contingent, or unliquidated; (b) change the amount of a claim reflected therein (c) change the priority of a claim reflected therein or (d) add a claim that was not listed on the Schedules, the Care Pavilion Debtors shall notify the affected claimant of the amendment. The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account such amended claim would be the later of (i) the Care Pavilion Claims Bar Date or (ii) the date that is thirty (30) days after the date on which the Care Pavilion Debtors serve notice of the amendment or supplement (the "Supplemental Care Pavilion Claims Bar Date").

15. The Care Pavilion Debtors also request that this Court establish March 17, 2025 – i.e, the Pottsville Debtors' Dischargeability Bar Date – as the deadline for each person or entity to file a complaint under Section 523(c) of the Bankruptcy Code in the Care Pavilion Cases

**B. Proposed Notice Procedures**

16. As noted above, by Order dated November 21, 2024, *see* Doc. No. 281 (the "Extension Order"), this Court granted the Care Pavilion Debtors motion to, *inter alia*: (i) extend

the deadline to file the Schedules and Statements to January 1, 2025; (ii) approve the notice of commencement (the "Care Pavilion Commencement Notice") of the Care Pavilion Cases; and (iii) authorize publication of the Care Pavilion Commencement Notice in newspapers of general circulation and on the case website maintained by Stretto.

17. Absent further extension (which the Care Pavilion Debtors do not anticipate), the Care Pavilion Debtors must file their Schedules and Statements on or before January 1, 2025 (automatically extended to January 2, 2025 under Bankruptcy Rule 9006(a)(1)), which will prompt the Clerk of this Court to schedule the meeting pursuant to Schedule 341 of the Bankruptcy Code, set the deadline by which creditors must file proofs of claim against the Care Pavilion Debtors, and set the deadline by which parties must commence dischargeability proceedings under Section 523 of the Bankruptcy Code against the Care Pavilion Debtors.

18. For purposes of notifying all creditors and parties in interest of the Care Pavilion Bar Dates should this Court grant the relief requested herein, the Care Pavilion Debtors propose to complete the Care Pavilion Commencement Notice with the proposed Care Pavilion Bar Dates (if approved by this Court), file the completed Care Pavilion Commencement Notice on the docket in these Chapter 11 Cases, and direct Stretto to not only serve the Care Pavilion Commencement Notice on all creditors and parties in interest in the Care Pavilion Cases, but also publish the Care Pavilion Commencement Notice in accordance with the Extension Order.

19. The Care Pavilion Debtors anticipate being able to complete, file, and serve the Care Pavilion Commencement Notice within three (3) business days of the entry of an order granting the relief requested in this Motion, such that all creditors and parties in interest in the Care Pavilion Cases will have no less than approximately (i) fifty (50) days' notice of the Care Pavilion Dischargeability Bar Date, and (ii) eighty-five (85) days' notice of the Care Pavilion Claims Bar

Date. The Care Pavilion Debtors also anticipate that publication of the Care Pavilion Commencement Notice can occur within five (5) business days of the completion and filing thereof.

20. As the Care Pavilion Commencement Notice provides detailed information with respect to: (i) the identity of the Care Pavilion Debtors; (ii) the information relating to the Care Pavilion Cases (iii) counsel for the Care Pavilion Debtors; (iv) the Debtors' Claims and Noticing Agent, including contact information for the Claims and Noticing Information and the case website for the Care Pavilion Cases; (v) the process and procedures for submitting a Proof of Claim and related deadlines; and (vi) the deadline for commencing dischargeability proceedings, the Care Pavilion Debtors submit that the filing, service on all creditors and parties in interest of the Care Pavilion Debtors, and publication of the completed Care Pavilion Commencement Notice provides adequate and sufficient notice of the proposed Care Pavilion Bar Dates.

**BASIS FOR RELIEF**

21. Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which proofs of claim may be filed in a chapter 11 case. Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."). Establishing claims bar dates enables a debtor and parties in interest to ascertain and evaluate the debtor's liabilities and, with that information, proceed to a chapter 11 plan or other disposition. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) (noting that establishing a bar date advances one of the key goals of a bankruptcy, "to secure within a limited period the prompt and effectual administration and settlement of the debtor's estate").

22. While the Care Pavilion Debtors recognize that bar dates will be established in the Care Pavilion Cases in due course, the Care Pavilion Debtors file this motion solely for purposes of establishing uniform claims bar and dischargeability deadlines between the Pottsville Cases and

the Care Pavilion Cases. Otherwise, though the Pottsville Cases and the Care Pavilion Cases are jointly administered for procedural purposes only, the establishment of inconsistent bar dates within the jointly administered Chapter 11 Cases will inevitably lead to uncertainty and confusion by and among creditors and parties in interest of the Pottsville Debtors and the Care Pavilion Debtors.

23. The Care Pavilion Debtors submit that the proposed Care Pavilion Bar Dates fully comply with the applicable notice requirements of the Bankruptcy Code and the Bankruptcy Rules, as the proposed Care Pavilion Claims Bar Date exceeds the twenty-one (21) days' notice required by Bankruptcy Rule 2002(a)(7), and the proposed Care Pavilion Dischargeability Bar Date will provide no less than the thirty (30) days' notice required by Bankruptcy Rule 4007(c).

24. Additionally, the Care Pavilion Debtors' proposed noticing procedures are consistent with applicable law, which requires actual notice to "known" potential creditors. *See Chemetron*, 72 F.3d at 346. "[A] 'known' creditor is one whose identity is either known or 'reasonably ascertainable by the debtor.'" *Id.* (quoting *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). "A creditor's identity is 'reasonably ascertainable' if that creditor can be identified through 'reasonably diligent efforts.'" *Id.* (quoting *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798 n. 4 (1983)). "Reasonably diligent efforts" do not require impracticable or extended searches, and a debtor does not have a duty to search out every conceivable or possible creditor. *See id.* (citations omitted). Rather, "the requisite search instead focuses on the debtor's own books and records." *Id.*

25. For "unknown" potential creditors, publication notice generally is sufficient. *See id.* at 348. Courts recognize, however, that it "is impracticable to expect a debtor to publish notice in every newspaper a possible unknown creditor may read." *Id.* (internal quotation and citation

omitted). Here, the Debtors are publishing notice in the local newspapers where the Care Pavilion facilities are located.

26. The Care Pavilion Debtors will provide the completed Care Pavilion Commencement Notice to all creditors and parties in interest, which encompasses each of the categories of potential claimants that Care Pavilion Debtors believe may exist based on their books and records and current and historical operations. Additionally, for "unknown" potential creditors, the notice of the Care Pavilion Commencement Notice by publication and in accordance with the Extension Order fits squarely within the law referenced above and previous orders of this Court.

27. For the foregoing reasons, the Care Pavilion Debtors submit that the Care Pavilion Bar Dates and related noticing procedures are consistent with the Bankruptcy Code, Bankruptcy Rules, and applicable law, and should therefore be approved.

## NO PRIOR REQUEST

28. No previous request for the relief sought herein has been made to this Court or any other Court.

## NOTICE

29. Notice of this Motion will be provided to: (a) the Master Service List and (b) any other party that has requested notice pursuant to Local Rule 2002-1(b). The Care Pavilion Debtors respectfully submit that no further notice of this Motion is required under the circumstances.

## CONCLUSION

WHEREFORE, the Care Pavilion Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A** granting the relief request in this Motion and grant such other relief as is just and proper under the circumstances.

[*Signature Page to Follow*]

Dated: December 20, 2024
Pittsburgh, Pennsylvania

Respectfully submitted:

**RAINES FELDMAN LITTRELL, LLP**

By: */s/ Daniel R. Schimizzi*
Mark A. Lindsay (PA ID No. 89487)
Daniel R. Schimizzi (PA ID No. 311869)
Jordan N. Kelly (PA ID No. 328896)
Sarah E. Wenrich (PA ID No. 325834)
11 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
Telephone: 412-899-6462
Email: mlindsay@raineslaw.com
dschimizzi@raineslaw.com
jkelly@raineslaw.com
swenrich@raineslaw.com

*Local Counsel to the Debtors and Debtors in Possession*

- and -

**BAKER & HOSTETLER LLP**

Elizabeth A. Green, Esq.
FL Bar No.: 0600547
Email: egreen@bakerlaw.com
Andrew V. Layden, Esq.
FL Bar No.: 86070
E-mail: alayden@bakerlaw.com
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 540-7920
Facsimile: (407) 841-0168

*Counsel for the Debtors and Debtors in Possession*