IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>**POTTSVILLE OPERATIONS, LLC,** *et al.*,[1]<br><br>Debtors. | Case No.: 24-70418-JAD<br><br>Chapter 11<br>*Jointly Administered*<br><br>Doc. No.: |
| **CLAIM WATCHER, LLC.,**<br><br>Movants,<br><br>-vs-<br><br>**POTTSVILLE OPERATIONS, LLC,** *et al.*,<br><br>Respondent. | Related to Document No.: 417<br><br>Hearing Date: January 16, 2025<br><br>Hearing Time: 10:00 AM (ET)<br><br>Response Deadline: January 9, 2025 |

**DEBTORS' RESPONSE TO MOTION OF CLAIM WATCHER, LLC TO (I) COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT AND (II) COMPEL PAYMENT OF ADMINISTRATIVE CLAIM**

The Debtors, by and through their undersigned counsel, hereby submit this response (the "Response") to the *Motion to (I) Compel Assumption or Rejection of Executory Contract and (II)*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

*Compel Payment of Administrative Claim* [Doc. No. 417] (the "<u>Motion</u>")[2] filed by Claim Watcher, LLC ("<u>Claim Watcher</u>"). In support of the Response, the Debtors respectfully state as follows:

## OBJECTION TO RELIEF REQUESTED

1. The Motion seeks to compel (a) the assumption or rejection of an alleged executory contract and (b) payment of an alleged administrative claim in an undisclosed amount. The Motion attaches a joinder agreement by and among Claim Watcher, Debtor Bedrock Care, LLC ("<u>Bedrock</u>"), and UHP Administrators (the "<u>Agreement</u>"). The Debtors are still investigating whether the Agreement is a contract with a Debtor, and, if it is a contract, whether that contract is executory. The Motion has very little detail in it, and the documents provided by Claim Watcher appear to be incomplete.

2. The Motion should be denied or set for further hearing. *First*, this Court already approved bid procedures that contain a process for the assumption or rejection of executory contracts, and the Debtors are still investigating whether the Agreement is even an executory contract for potential assumption or rejection. The Debtors are not yet certain whether the Agreement is even a contract with a Debtor. If the Agreement is an executory contract, even outside of the sale process, the Debtors have until plan confirmation to determine how to treat executory contracts. The Debtors should not be forced to deviate from the Court-approved bid procedures and the Bankruptcy Code. *Second*, if the Court were to determine the Motion is an application for an administrative expense claim, Claim Watcher does not provide any (let alone sufficient) evidence to support its request. Claim Watcher is required to show its services (a) were

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

actual and necessary and (b) substantially contributed to the preservation of the Debtors' estates. Claim Watcher did not satisfy either requirement.

3.  For these reasons and as more fully set forth below, the Debtors object to the relief requested in the Motion and request a further hearing to continue its investigation and consultation with Claim Watcher and related professionals.

**A.  The Debtors Are Investigating the Agreement and Should Not Be Forced to Deviate from The Court-Approved Bidding Procedures and Bankruptcy Code Process for Assumption or Rejection**

4.  This Court approved two separate sets of bidding procedures for the sale of the Pottsville Debtors' assets and Care Pavilion Debtors' assets (Doc. Nos. 206 and 439, respectively, and collectively the "Bid Procedures").

5.  Among other things, the Bid Procedures established the procedures the bidding, auction, and sale of the Debtors' assets. Those Bid Procedures, which were designed to maximize the potential value of the Debtors' assets, included certain milestones. The Pottsville Debtors served their Contract Assumption and Assignment Notice (as defined in the Bid Procedures) on December 13, 2024 (Doc. No. 391). The Care Pavilion Debtors will serve their Contract Assumption and Assignment Notice (as defined in the Bid Procedures) on January 10, 2025. A prospective purchaser of the Care Pavilion Debtors' assets or the Pottsville Debtors' assets may indicate additional contracts it wishes to be assigned or remove contracts from the Contract Assumption and Assignment Notice that it does not wish to be assigned under the Bid Procedures or through filing a motion with the Bankruptcy Court. Additionally, even if not assumed and assigned under the Bid Procedures, the Debtors have until plan confirmation to determine how to treat remaining executory contracts.

3

4931-3536-7437.1

6. The Motion seeks to force the Debtors to deviate from the Bid Procedures and Bankruptcy Code. Claim Watcher argues the Debtors should be forced to immediately assume or reject the Agreement because there is an alleged "lack of clarity" with respect to whether the Agreement will be assumed or rejected. Motion, ¶¶ 14, 16. However, as stated above, the Debtors are investigating whether the Agreement is a contract with a Debtor or an executory contract that could or should be assumed or assigned under the sale processes. In accordance with the above, the Debtors should not be required to deviate from the Court-approved Bid Procedures and Bankruptcy Code, and the Motion should be denied.

**B.     Claim Watcher Has Not Satisfied Its Burden Of Proving It Is Entitled To An Administrative Expense Claim.**

7. If the Court were to treat the Motion as a request for an administrative claim, the Motion should also be denied because Claim Watcher does not satisfy its burden of proof for payment of an administrative expense. Section 503(b)(1)(A) provides that the Court shall allow administrative expenses for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503. "While the policy aim behind §§ 503(b)(3) and (b)(4) is to promote meaningful creditor participation in the reorganization process, tension exists between that aim and the opposing policy that administrative expenses of the estate be kept to a minimum." *In re Glickman, Berkowitz, Levinson & Weiner, P.C.*, 196 B.R. 291, 294 (Bankr. E.D. Pa. 1996).

8. To that end, "[t]he integrity of § 503(b) can only be maintained by strictly limiting compensation to extraordinary creditor actions which lead directly to significant and tangible benefits to the creditors, debtor, or the estate." *In re D.W.G.K. Restaurants, Inc.*, 84 B.R. 684, 690 (Bankr. S.D. Cal. 1988). *See also Glickman*, 196 B.R. at 294–95 (citing *D.W.G.K. Restaurants*). Accordingly, the threshold test to be met by a claimant is to "prove that it has made a substantial contribution in a case under chapter 9 or 11 of [the Bankruptcy Code]." *Glickman*, 196 B.R. at 295

(quotations and citations omitted). The "substantial contribution" requirement is satisfied "where services rendered have substantially contributed to an actual and demonstrable benefit to the debtor's estate, its creditors and, to the extent relevant, the debtor's shareholders." *Id.*, at 295–96 (citing *In re U.S. Lines, Inc.*, 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989)).

9. A claimant seeking allowance of an administrative claim bears the initial burden of proof. *See, e.g., Wash. Fed. Savs. Bank v. McGuier (In re McGuier)*, 346 B.R. 151, 158 (Bankr. W.D. Pa. 2006) ("The movant bears the burden of proof in seeking payment of an administrative claim."); *In re World Imps.*, 516 B.R. 296, 298 (Bankr. E.D. Pa. 2014); *In re FRG, Inc.*, 124 B.R. 653, 658 (Bankr. E.D. Pa. 1991). The court has wide discretion to determine the amount of expenses to be awarded under section 503. *See Glickman,* 196 B.R. at 294.

10. Claim Watcher does not satisfy this high burden. To support its request, Claim Watcher vaguely alleges that (a) it "estimates that its services have helped the Debtors save over sixty (60) million dollars since 2020" [Motion, ¶ 7]; and (b) its services "have the potential to save the estates hundreds of thousands of dollars throughout the course of these Chapter 11 cases [*Id.*, ¶ 27]. Notably absent from the Motion is the specific amount that Claim Watcher is requesting.

11. These assertions do not establish that Claim Watcher's services "substantially contributed to an actual and demonstrable benefit" to the Debtors' estates. Claim Watcher must demonstrate that its services <u>have</u> substantially contributed to the Debtors' estates after the filing of the bankruptcy cases—not that its services "might" save the Debtors' estates money in the future.

12. Finally, Claim Watcher has failed to demonstrate that its services were "actual and necessary" to preserve the Debtors' estates. *See* 11 U.S.C. § 503(b)(1) (stating allowed administrative expenses only include those for "the actual, necessary costs and expenses of

5

preserving the estate"). The Motion does not specify the amount of the claim that Claim Watcher seeks. Without providing a sum certain, the Court and the Debtors cannot properly evaluate the extent to which Claim Watcher's services were actual or necessary.

13. Based on the foregoing, Claim Watcher has not met its burden to establish that it is entitled to payment of an administrative expense, and the Motion must be denied.

[*remainder of page intentionally left blank*]

## **CONCLUSION**

14. Counsel for the Debtors have been investigating the issues raised in the Motion and anticipate continuing to work with the Debtors, their professionals, and opposing counsel to resolve this Motion. At this time, the Debtors filed this response and request that the Court deny the Motion or set a further hearing on the Motion.

| | |
|---|---|
| Dated: January 9, 2025<br>Pittsburgh, Pennsylvania | Respectfully submitted,<br><br>**RAINES FELDMAN LITTRELL, LLP**<br><br>By: */s/ Daniel R. Schimizzi*<br>Mark A. Lindsay (PA ID No. 89487)<br>Daniel R. Schimizzi (PA ID No. 311869)<br>Jordan N. Kelly (PA ID No. 328896)<br>Sarah E. Wenrich (PA ID No. 325834)<br>11 Stanwix Street, Suite 1100<br>Pittsburgh, PA 15222<br>Telephone: 412-899-6462<br>Email: mlindsay@raineslaw.com<br>dschimizzi@raineslaw.com<br>jkelly@raineslaw.com<br>swenrich@raineslaw.com<br><br>*Local Counsel to the Debtors*<br>*and Debtors in Possession*<br><br>-and-<br><br>**BAKER & HOSTETLER LLP**<br><br>Elizabeth A. Green, Esq.<br>FL Bar No.: 0600547<br>Email: egreen@bakerlaw.com<br>Andrew V. Layden, Esq.<br>FL Bar No.: 86070<br>Email: alayden@bakerlaw.com<br>SunTrust Center, Suite 2300<br>200 South Orange Avenue<br>Orlando, Florida 32801-3432<br>Telephone: (407) 540-7920<br>Facsimile: (407) 841-0168 |

4931-3536-7437.1

*Counsel for the Debtors and*
*Debtors in Possession*

8

4931-3536-7437.1