IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| In Re: | Case No. 24-70418 (JAD) |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[1] | Chapter 11 |
| Debtors, | (Jointly Administered) |
| LOCAL 262, RETAIL, WHOLESALE AND DEPARTMENT STORE UNION, UNITED FOOD AND COMMERCIAL WORKERS and RETAIL, WHOLESALE AND DEPARTMENT STORE UNION, UNITED FOOD AND COMMERCIAL WORKERS | |
| Creditors and/or parties in interest. | |

---

**OBJECTION AND RESERVATION OF RIGHTS OF RETAIL, WHOLESALE AND DEPARTMENT STORE UNION, UNITED FOOD AND COMMERCIAL WORKERS AND ITS LOCAL 262 IN RESPONSE TO THE CARE PAVILION DEBTORS' NOTICE OF EXECUTORY CONTRACTS THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE TRANSACTION**

Local 262, Retail, Wholesale and Department Store Union, United Food and

Commercial Workers ("Local 262") and Retail, Wholesale and Department Store Union, United

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

Food and Commercial Workers (the "RWDSU") (collectively, the "Unions") respectfully submit this Objection and Reservation of Rights in Response to the Care Pavilion Debtors' *Notice of Executory Contracts That May Be Assumed and Assigned in Connection With the Sale Transaction* [Docket No. 532] (the "Contract Assignment and Assumption Notice") and state as follows:

## INTRODUCTION AND SUMMARY

1. Local 262 is party to two collective bargaining agreements (the "Local 262 CBAs") with the Care Pavilion Debtors (the "Debtors"), which are both designated in the Contract Assignment and Assumption Notice as executory contracts that may be assumed or assigned in a sale.

2. The Contract Assumption and Assignment Notice lists the cure amount for the assumption and assignment of each of the Local 262 CBAs as $0. As demonstrated below, this is an incorrect statement, as there are amounts earned and owing in the ordinary course under the two Local 262 CBAs, like vacation pay or Paid Time Off ("PTO") which have not yet been taken and paid. Local 262 requests, consistent with relief that has been agreed to by many debtors in various procedural contexts in other cases,[2] that the cure notice in relation to the two Local 262 CBAs be modified to provide that the cure, rather than $0, will be as follows:

> The cure amount, if any, related to the assumption and assignment of the collective bargaining agreements with Local 262, RWDSU shall be satisfied in full by payment by the Debtors or the Purchaser, as applicable, in the ordinary course, of all the Debtors' or the

---

[2] *See, e.g.*, Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (As Further Modified) at 86, *In re Rite Aid Corp.*, No. 23-18993 (Bankr. D.N.J. June 19, 2024), ECF No. 3833; Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and Its Affiliated Debtors at 132, *In re Endo Int'l PLC*, No. 22-22549 (Bankr. S.D.N.Y. Mar. 18, 2024), ECF No. 3849; Notice of Filing of First Amended Joint Chapter 11 Plan of Vertex Energy, Inc. and Its Debtor Affiliates at 55, *In re Vertex Energy, Inc.*, No. 24-90507 (Bankr. S.D. Tex. Nov. 17, 2024), ECF No. 425.

1

       Purchaser's obligations under the assumed collective bargaining agreement, including but not limited to paid time off, grievances and other settlements, arbitration awards, and insurance contributions, to the extent such obligations are valid and payable. As a result, if a CBA with Local 262 is assumed and assigned, no Proof of Claim, request for administrative expense, or cure claim need be filed with respect to such cure amounts, provided, however, that the Debtors' and the Purchaser's rights, defenses, claims, and counterclaims with respect to any such obligations are expressly preserved.

3. The purchaser of the Pottsville Debtors' assets committed to enter into new collective bargaining agreements with Local 262 containing the same substantive terms as the existing agreements and also committed to recognize the employees' accrued paid vacation and paid sick time. Similar commitments here could resolve the Unions' concerns about cure costs at the Debtors' Care Pavilion facilities.

## BACKGROUND

4. Local 262 is a labor union that represents two bargaining units of the Debtors' employees at Milton Rehabilitation and Nursing Center ("Milton Rehab") and Watsontown Rehabilitation and Nursing Center ("Watsontown Rehab"), and is party to two CBAs with the Debtors, one for each location, establishing the terms and conditions of employment for the bargaining unit employees. The RWDSU is the parent organization of Local 262.

5. Each of the two Local 262 CBAs is in effect until mid-December 2025. *See Declaration of Neil Luria, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and Various First Day Applications and Motions* [Care Pavilion Docket No. 3] ¶ 34;[3] *Debtors' Motion for Entry of Order (I) Authorizing the Debtors to Pay Certain Prepetition*

---

[3] "Care Pavilion Docket" refers to the docket for case number 24-70473, which was used before the Care Pavilion and Pottsville cases were consolidated for joint administration. "Docket" will otherwise refer to the docket for case number 24-70418 as jointly administered.

2

*Wages, Benefits, and Other Compensation Obligations, (II) Authorizing Financial Institutions to Honor All Related Obligations, and (III) Granting Related Relief* [Care Pavilion Docket No. 4] (the "Wage Motion") ¶ 12 (describing the CBAs with Local 262 and other unions).[4]

6.  In connection with the Sale Motion, the Debtors have identified the two Local 262 CBAs as executory contracts that may be assigned and assumed in connection with the sale transaction, and they list the Cure Amount for each CBA as $0.00. *See* Contract Assignment and Assumption Notice 12 (Row IDs 80–81).

**OBJECTION**

7.  The Cure Amounts should be revised to reflect the fact that, if the Local 262 CBAs are assigned and assumed, the Debtors or Purchaser(s) must honor and pay obligations owed to employees under the Local 262 CBAs in the ordinary course of business.[5]

8.  Section 365(k) of the Bankruptcy Code permits the assumption and assignment of executory contracts to relieve a debtor of liabilities for any breach arising after the assignment, as follows: "Assignment by the trustee to any entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment."

9.  It is black-letter law that the assumption of a contract "allows a debtor to continue in a beneficial contract provided, however, that the other party is made whole at the time of the debtor's assumption of said contract." *In re Nat'l Gypsum Co.,* 208 F.3d 498, 506 (5th Cir. 2000) (cleaned up). "Should the debtor-in-possession elect to assume the executory

---

[4] These papers state that the expiration date for each Local 262 CBA is December 31, 2025, but Local 262's records indicate that the correct date is December 18, 2025.

[5] Counsel for Local 262 has contacted counsel for the Debtors to request modification of the Local 262 CBAs' Cure Amounts from $0 to the language provided supra ¶ 2.

3

contract, . . . it assumes the contract *cum onere*, and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate, 11 U.S.C. § 503(b)(1)(A)." *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531–32 (1984) (citations omitted).

10. The two Local 262 CBAs, like typical CBAs, contain various ordinary-course employer obligations that must be addressed for the contract to be assigned and assumed. For example, in *American Flint Glass Workers Union v. Anchor Resolution Corp.*, the debtors were parties to a collective bargaining agreement that obligated the debtors to make certain retroactive wage payments in the event of a sale of assets. 197 F.3d 76, 79 (3d Cir. 1999). The debtors purported to assign the collective bargaining agreement to a purchaser that conditioned the acquisition upon either a waiver of the retroactive payments or the entry of a court order relieving the purchaser of the obligation to make these payments. *Id.* at 81. The Third Circuit found that the terms of the asset purchase agreement did not constitute an effective assignment under Section 365(k), explaining that, "[h]aving shifted fewer than all of the obligations (although it did assign all of the rights) created by the [relevant] CBAs, [the debtor] remains liable on those contractual obligations." *Id.*

11. The ordinary-course obligations that must be addressed for any of the Local 262 CBAs to be assigned under Section 365(k) include paid time off, any potential grievances and other settlements, arbitration awards, and health, dental, and vision insurance. These are obligations arising under each of the CBAs, and any effective assumption and assignment of any of the CBAs would necessarily include the assignment of the CBA's entire bundle of rights and obligations.

4

12. Moreover, because amounts owed under the Local 262 CBAs to the Debtors' employees change on a daily basis, it is impossible to know what may be owed to employees on an unspecified future date, including because the exact date of assumption and assignment is still unknown.

13. Therefore, in order to accurately describe the cure amounts for both of the Local 262 CBAs, Local 262 and the RWDSU submit this objection requesting that each Local 262 CBA's Cure Amount in the Contract Assignment and Assumption Notice and in any sale confirmation order be modified to include the following:

> The cure amount, if any, related to the assumption and assignment of the collective bargaining agreements with Local 262, RWDSU shall be satisfied in full by payment by the Debtors or the Purchaser, as applicable, in the ordinary course, of all the Debtors' or the Purchaser's obligations under the assumed collective bargaining agreement, including but not limited to paid time off, grievances and other settlements, arbitration awards, and insurance contributions, to the extent such obligations are valid and payable. As a result, if a CBA with Local 262 is assumed and assigned, no Proof of Claim, request for administrative expense, or cure claim need be filed with respect to such cure amounts, provided, however, that the Debtors' and the Purchaser's rights, defenses, claims, and counterclaims with respect to any such obligations are expressly preserved.

14. In the absence of the above-recited language, and its equivalent in a sale order, any purported assumption and assignment of a Local 262 CBA would not be an effective assignment under Section 365(k) and would not relieve the Debtors of all obligations arising thereunder to the extent that the Debtors seek a Cure Amount of $0.00 for each Local 262 CBA.

## **RESERVATION OF RIGHTS**

15. Local 262 and the RWDSU reserve their right to supplement this Objection and make further arguments, both substantive and procedural, if and when the Debtors announce a successful bidder and file sale documents with the Court.

5

## **CONCLUSION**

16. Local 262 Seeks Relief Consistent With This Objection.

Dated: New York, New York
January 31, 2025

                                                   Respectfully submitted,

                                                   */s/ Richard M. Seltzer*
Richard M. Seltzer *(pro hac vice)*
Matthew Stolz *(pro hac vice)*
K. Jeff Wang *(pro hac vice)*
COHEN, WEISS AND SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022
Tel: (212) 563-4100
Fax: (212) 563-6527
rseltzer@cwsny.com
mstolz@cwsny.com
jwang@cwsny.com

and

*/s/ Michael J. Healey*
Michael J. Healey *(local counsel)*
PO Box 81918
Pittsburgh, PA 15217
Tel: (412) 760-0342
mike@unionlawyers.net

*Attorneys for Local 262, Retail, Wholesale and Department Store Union, United Food and Commercial Workers, and Retail Wholesale and Department Store Union, United Food and Commercial Workers*

6

## CERTIFICATE OF SERVICE

I certify that on January 31, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing system for the United States Bankruptcy Court for the Western District of Pennsylvania on all parties registered to receive electronic notices.

*/s/ K. Jeff Wang*
K. Jeff Wang