# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | BK Case No. 24-70418-JAD |
| | (Jointly Administered) |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[1] | |
| | Chapter 11 |
| Debtors. | |
| | The Honorable Jeffery A. Deller |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[2] | |
| Movant | Related to Document Nos. 357, 532 |
| | |
| v. | Response Date: Jan. 31, 2025 |
| | Hearing Date: Feb. 12, 2025 @ 10:00 a.m. |
| NO RESPONDENTS. | |

**AMENDED COMBINED RESERVATION OF RIGHTS OF LANDLORDS TO: (I) CARE PAVILION DEBTORS' SALE MOTION; AND (II) NOTICE OF EXECUTORY CONTRACTS THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE TRANSACTION**

G&E HC REIT II Care Pavilion SNF, L.P. ("Care Pavilion Landlord"), G&E HC REIT II Maplewood Manor SNF, L.P. ("Maplewood Landlord"), G&E HC REIT II Cheltenham York SNF, L.P. ("York Landlord"), G&E HC REIT II Tucker House SNF, L.P. ("Tucker Landlord"), G&E HC REIT II Cliveden SNF, L.P. ("Cliveden Landlord"), GA HC REIT II Milton SNF, LLC ("Milton Landlord"), GA HC REIT II Watsontown SNF, LLC ("Watsontown Landlord"), and GA HC REIT II Royersford SNF, LLC ("Parkhouse Landlord" and collectively with Care Pavilion Landlord, Maplewood Landlord, York Landlord, Tucker Landlord, Cliveden Landlord, Milton Landlord, and Watsontown Landlord, the "Landlords") tender this Amended Reservation of Rights (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789

[2] The applicable Debtors for the Motion and this Reservation of Rights thereto are the Care Pavilion Debtors.

"Reservation") to the (I) *Care Pavilion Debtors' Motion for Entry of Orders (A) Approving Sale of Substantially All of the Care Pavilion Debtors' Assets, Other than Accounts, Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Approving Bidding Procedures for the Sale of Substantially All of the Care Pavilion Debtors' Assets, Other Than Accounts, (C) Approving Stalking Horse Bid Protections, (D) Scheduling Auction for and Hearing to Approve Sale of the Care Pavilion Debtors' Assets, (E) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (H) Granting Related Relief* (DN 357) (the "Sale Motion"); and (II) *Notice of Executory Contracts that May be Assumed and Assigned in Connection with the Sale Transaction* (DN 532) ("Notice"), and state as follows:

### INTRODUCTION

1. The Landlords own the real estate of eight skilled nursing facilities in Pennsylvania and lease the real property, improvements, and certain personal properties of the facilities to Debtor MAPA Operating, LLC ("MAPA") as the master tenant pursuant to two separate but substantively similar leases, and MAPA and its affiliates then operate these facilities (collectively the "Care Pavilion Facilities").

2. In the Notice, the Care Pavilion Debtors list certain unexpired leases with the Landlords, stating for each that the cure amount is an "amount to be determined." *See* DN 532, Row IDs 60-67. Further, the Care Pavilion Debtors list facility sublease agreements between MAPA and each of the Care Pavilion Facility Debtors.[3] *See id.*, Row IDs 83-89.

3. The Landlords file this Reservation to the Notice and the Sale Motion relating to the following issues: (i) there are only two master lease agreements between MAPA and Landlords, each

---

[3] The "Care Pavilion Facility Debtors" are collectively Care Pavilion Operating, LLC ("Care Pavilion"), Maplewood Operating, LLC ("Maplewood"), York Operating, LLC ("York"), Tucker Operating, LLC ("Tucker"), Cliveden Operating, LLC ("Cliveden"), Milton Operating, LLC ("Milton"), Watsontown Operating, LLC ("Watson"), and Parkhouse Operating, LLC ("Parkhouse"), each of which is individually a "Care Pavilion Facility Debtor."

2

of which covers multiple facilities and which are not divisible; (ii) the cure amounts owed under the master leases; and (iii) to the extent that the Landlords have any consent or other rights arising from their master leases with MAPA in connection with the sublease agreements between MAPA and the Care Pavilion Facility Debtors.

### LEASES AND AGREEMENTS

4. The Care Pavilion Debtors commenced these bankruptcy proceedings with the filing of their Chapter 11 petitions on November 18, 2024 (the "Petition Date").

5. Care Pavilion Landlord, Maplewood Landlord, York Landlord, Tucker Landlord, and Cliveden Landlord (collectively the "Master Lease 1 Landlords") lease certain real estate, improvements, and other property to MAPA pursuant to a Master Lease as amended and assigned from time to time and that predates the Petition Date ("Master Lease 1").

6. MAPA, in turn, as sublessor entered into subleases (the "Master Lease 1 Subleases") with each of Care Pavilion Facility Debtor, Maplewood Facility Debtor, York Facility Debtor, Tucker Facility Debtor, and Cliveden Facility Debtor as sublessees (the "Master Lease 1 Sublessees"). The Master Lease 1 Sublessees each operate a skilled nursing facility on the premises they sublease pursuant to their respective Master Lease 1 Subleases.

7. Milton Landlord, Watsontown Landlord, and Parkhouse Landlord (collectively the "Master Lease 2 Landlords") lease certain real estate, improvements, and other property to MAPA pursuant to a Master Lease as amended and assigned from time to time and that predates the Petition Date ("Master Lease 2", and together with Master Lease 1, the "Master Leases").

8. MAPA, in turn, as sublessor entered into subleases (the "Master Lease 2 Subleases", and together with the Master Lease 1 Subleases, the "Subleases") with each of Milton Facility Debtor, Watsontown Facility Debtor, and Parkhouse Facility Debtor, as sublessees (the "Master Lease 2 Sublessees", and together with the Master 1 Sublessees, the "Sublessees"). The Master Lease 2

3

Sublessees each operate a skilled nursing facility on the premises they sublease pursuant to their respective Master Lease 2 Subleases.

9. The initial term of the Master Lease 1 runs until March 31, 2029, and the initial term of the Master Lease 2 runs until April 30, 2030.

10. Pursuant to the terms of the Master Leases, MAPA was required to maintain and replenish a security deposit for the benefit of Landlords, and Landlords were entitled to draw and apply amounts from such security deposit if MAPA failed to timely make payments pursuant to the Master Leases. If the Landlords did so, MAPA was obligated to replenish it. Failure to do so is a breach of the Master Leases. Under both Master Leases, MAPA initially elected to fulfill its obligation to maintain a security deposit by providing letters of credit in favor of Landlords which are not property of the estates.

11. Despite Landlords' demands, MAPA failed to make all payments under the Master Leases when and as required. Landlords therefore properly made draws against the letters of credit as MAPA's security deposits and demanded that MAPA replenish the same. MAPA has failed to do so, which is in breach of the Master Leases.

12. In addition, MAPA is obligated to pay certain real estate taxes and other requirements under the Master Leases. Despite multiple demands, MAPA has failed to do so, which is in breach of the Master Leases.

13. The Landlords have a number of claims under the Master Leases against the Care Pavilion Debtors and may have additional claims and damages under the Master Leases. Some of the Landlords' damages may not yet be known or liquidated. The Landlords are still reviewing their records and reserve the right to supplement, add to, or otherwise amend their preliminary summary of amounts owed to them, including but not limited to filing any proofs of claim in these cases.

14. As of the date of this Reservation and based on presently available information, the amounts required to cure the defaults under the Master Lease 1 total $12,938,945.14, of which $11,730,712.67 is required to replenish the security deposit and/or letter of credit as required under the Master Lease 1 and $1,208,232.47 for unpaid real estate taxes and related obligations that are required to be paid under the Master Lease 1.

15. As of the date of this Reservation and based on presently available information, the amounts required to cure the defaults under the Master Lease 2 total $6,399,011.79, of which $4,596,030.64 is required to replenish the security deposit and/or letter of credit as required under the Master Lease 2 and $1,802,981.15 for unpaid real estate taxes and related obligations that are required to be paid under the Master Lease 2.

### THE SALE MOTION AND NOTICE

16. Following the Petition Date, the Care Pavilion Debtors have continued to operate their businesses and manage their affairs as debtors-in-possession under 11 U.S.C. § 1107(a), including but not limited to operating the skilled nursing facilities on the properties leased pursuant to the Master Leases and subleased pursuant to the Subleases.

17. On December 19, 2024, the Court entered the *Order (A) Approving Sale of Substantially All of the Care Pavilion Debtors' Assets, Other Than Accounts, Free and Clear of All Liens, Claims, Encumbrances, and Interest, (B) Approving Bidding Procedures for Sale of Substantially All of the Care Pavilion Debtors' Assets, Other Than Accounts, (C) Approving Stalking Horse Bid Protections, (D) Scheduling Auction for and Hearing to Approve the Sale of the Care Pavilion Debtors' Assets, (E) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (H) Granting Related Relief* (DN 439) (the "Bidding Procedures Order"), which contemplated a process for the sale of substantially all of the Care Pavilion Debtors assets, including the assumption and assignment of certain executory contracts

and unexpired leases. Pursuant to the Bid Procedures Order, the Care Pavilion Debtors were required to file the Notice listing the executory contracts and unexpired leases available for assumption and assignment and to provide the Care Pavilion Debtors' calculations of any payments necessary to cure any defaults under such executory contracts and unexpired leases (the "Cure Costs").

18. On January 10, 2025, the Care Pavilion Debtors filed the Notice, which lists a number of purported executory contracts and unexpired leases subject to possible assumption and assignment.

19. The Notice lists the following unexpired leases with the Landlords:

| Row ID | Counterparty Name | Counterparty Address | Debtor Entity | Contract Name or Description | Cure Amount |
|---|---|---|---|---|---|
| 60 | G&E HC REIT II CARE PAVILION SNF, L.P. | C/O VENTAS, INC. 500 N. HURSTBOURNE PKWY. LOUISVILLE, KY 40222 | MAPA OPERATING, LLC | MASTER LEASE FOR CARE PAVILION NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 61 | G&E HC REIT II CHELTENHAM YORK SNF, L.P. | C/O VENTAS, INC. 500 N. HURSTBOURNE PKWY. LOUISVILLE, KY 40222 | MAPA OPERATING, LLC | MASTER LEASE FOR YORK NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 62 | G&E HC REIT II CLIVEDEN SNF, L.P. | C/O VENTAS, INC. 500 N. HURSTBOURNE PKWY. LOUISVILLE, KY 40222 | MAPA OPERATING, LLC | MASTER LEASE FOR CLIVEDEN NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 63 | G&E HC REIT II MAPLEWOOD MANOR SNF, L.P. | C/O VENTAS, INC. 500 N. HURSTBOURNE PKWY. LOUISVILLE, KY 40222 | MAPA OPERATING, LLC | MASTER LEASE FOR MAPLEWOOD NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 64 | G&E HC REIT II TUCKER HOUSE SNF, L.P. | C/O VENTAS, INC. 500 N. HURSTBOURNE PKWY. LOUISVILLE, KY 40222 | MAPA OPERATING, LLC | MASTER LEASE FOR TUCKER HOUSE NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 65 | GA HC REIT II MILTON SNF, LLC | C/O VENTAS, INC. 500 N. HURSTBOURNE PKWY. LOUISVILLE, KY 40222 | MAPA OPERATING, LLC | MASTER LEASE FOR MILTON NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 66 | GA HC REIT II ROYERSFORD SNF, LLC | C/O VENTAS, INC. 500 N. HURSTBOURNE PKWY. LOUISVILLE, KY 40222 | MAPA OPERATING, LLC | MASTER LEASE FOR PARKHOUSE NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 67 | GA HC REIT II WATSONTOWN SNF, LLC | C/O VENTAS, INC. 500 N. HURSTBOURNE PKWY. LOUISVILLE, KY 40222 | MAPA OPERATING, LLC | MASTER LEASE FOR WATSONTOWN NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |

20. The Notice also lists the following unexpired subleases between MAPA and the Care Pavilion Facility Debtors:

| Row ID | Counterparty Name | Counterparty Address | Debtor Entity | Contract Name or Description | Cure Amount |
|---|---|---|---|---|---|
| 82 | MAPA OPERATING, LLC | 425 W. NEW ENGLAND AVE., SUITE 300 WINTER PARK, FL 32789 | CARE PAVILION OPERATING, LLC | FACILITY SUB-LEASE FOR CARE PAVILION NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 83 | MAPA OPERATING, LLC | 425 W. NEW ENGLAND AVE., SUITE 300 WINTER PARK, FL 32789 | CLIVEDEN OPERATING, LLC | FACILITY SUB-LEASE FOR CLIVEDEN NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |

| 84 | MAPA OPERATING, LLC | 425 W. NEW ENGLAND AVE., SUITE 300 WINTER PARK, FL 32789 | MAPLEWOOD OPERATING, LLC | FACILITY SUB-LEASE FOR MAPLEWOOD NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| --- | --- | --- | --- | --- | --- |
| 85 | MAPA OPERATING, LLC | 425 W. NEW ENGLAND AVE., SUITE 300 WINTER PARK, FL 32789 | MILTON OPERATING, LLC | FACILITY SUB-LEASE FOR MILTON NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 86 | MAPA OPERATING, LLC | 425 W. NEW ENGLAND AVE., SUITE 300 WINTER PARK, FL 32789 | PARKHOUSE OPERATING, LLC | FACILITY SUB-LEASE FOR PARKHOUSE NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 87 | MAPA OPERATING, LLC | 425 W. NEW ENGLAND AVE., SUITE 300 WINTER PARK, FL 32789 | TUCKER OPERATING, LLC | FACILITY SUB-LEASE FOR TUCKER HOUSE NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 88 | MAPA OPERATING, LLC | 425 W. NEW ENGLAND AVE., SUITE 300 WINTER PARK, FL 32789 | WATSONTOWN OPERATING, LLC | FACILITY SUB-LEASE FOR WATSONTOWN NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |
| 89 | MAPA OPERATING, LLC | 425 W. NEW ENGLAND AVE., SUITE 300 WINTER PARK, FL 32789 | YORK OPERATING, LLC | FACILITY SUB-LEASE FOR YORK NURSING AND REHABILITATION CENTER | AMOUNT TO BE DETERMINED |

**RESERVATION OF RIGHTS**

21. The Landlords submit the following are issues with the identification/classification of the Master Leases and Subleases and related cure amounts as set forth in the Notice, and Landlords reserve all rights in connection with the same:

   A. First, the Care Pavilion Debtors have listed eight purported master leases, one for each facility operated by the Care Pavilion Facility Debtors. However, there are only two Master Leases. Master Lease 1 covers five of the Care Pavilion Facilities and Master Lease 2 covers three of the Care Pavilion Facilities. By their express terms, each Master Lease is one indivisible lease of all the property covered by it. As such, the Care Pavilion Debtors cannot pick and choose to assume the Master Leases with respect to only certain Care Pavilion Facilities. They must either assume each Master Lease in its entirety or reject it in its entirety.

   B. Second, the Landlords reserve all rights in connection with the cure amounts. The Care Pavilion Debtors have merely stated that the cure amounts are an "amount to be determined." A cure pursuant to 11 U.S.C. § 365 requires MAPA to satisfy existing defaults or provide adequate assurance of future performance under any contract or unexpired lease it intends to assume. Based on currently available information, MAPA is in default under the Master Lease 1 in the amount of $12,938,945.14, and MAPA is also in default under the Master Lease 2 in the amount of $6,399,011.79. Landlords

submit that each of these respective amounts must be paid/cured before the Care Pavilion Debtors may assume Master Lease 1 or Master Lease 2 under Section 365 of the Bankruptcy Code. Landlords reserve the right to amend, supplement, or correct these amounts.

C. Third, the Care Pavilion Debtors appear to be contemplating an assumption and assignment of their subleases to operate the facilities that are leased from Landlords. To the extent that Landlords have any rights relating to subleases or assignments for the facilities, Landlords reserve all rights in connection with the same.

22. The Landlords also reserve all rights in connection with any form of proposed order granting the Sale Motion.

23. Finally, as the Care Pavilion Debtors are well aware, Landlords currently have an existing deal to sell the real property that is currently being leased under the Master Leases, and Landlords reserve all rights relating to the same and in connection with the sale and transition of the Care Pavilion Facilities and assets.

WHEREFORE, the Landlords reserve all rights with respect to the Notice and Sale Motion as expressly set forth herein.

Dated: January 31, 2025

By:

| | |
|---|---|
| /s/*John M Steiner* | Phillip A. Martin (admitted *pro hac vice*) |
| John M. Steiner (PA I.D. #79390) | Laura M. Brymer (admitted *pro hac vice*) |
| LEECH TISHMAN FUSCALDO & LAMPL, LLC | FULTZ MADDOX DICKENS PLC |
| 525 William Penn Place, 28th Floor | 101 S. Fifth Street, Ste. 2700 |
| Pittsburgh, PA 15219 | Louisville, KY 40202 |
| Telephone: 412.261.1600 | Telephone: (502) 588-2000 |
| Facsimile: 412.227.5551 | Facsimile: (502) 588-2020 |
| Email: jsteiner@leechtishman.com | pmartin@fmdlegal.com |
| | lbrymer@fmdlegal.com |

-and-

Michael P. Kruszewski (PA I.D. #91239)
LEECH TISHMAN FUSCALDO & LAMPL, LLC
1001 State Street, Suite 1400
Erie, PA 16501
Telephone: 814.273.7100
Facsimile: 412.227.5551
Email: mkruszewski@leechtishman.com

## CERTIFICATE OF SERVICE

I, the undersigned, am an individual eighteen years of age or older, and hereby certify that on January 31, 2025, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

LEECH TISHMAN FUSCALDO & LAMPL, LLC

By: /s/*John M. Steiner*
John M. Steiner (PA I.D. #79390)
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: 412.261.1600
Facsimile: 412.227.5551
Email: jsteiner@leechtishman.com

*Counsel for the Landlords*

9