**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re : | |
| : | Case No.: 24-70418-JAD |
| POTTSVILLE OPERATIONS, LLC, *et al.*[1] : | Chapter 11 |
| : | |
| Debtors, : | |
| : | |

**RESPONSE TO NOTICE OF SALE, AUCTION, AND SALE ORDER HEARING
AND MOTION FOR PAYMENT OF POST-PETITION CONTIBUTION
OBLIGATIONS AS ADMINISTRATIVE EXPENSES**

The Trustees of the Pension Fund for Nursing and Health Care Employees, Philadelphia and Vicinity ("Pension Fund"), pursuant to Sections 105 and 503 of the Bankruptcy Code, Bankruptcy Rules 9013 and 9014, hereby respond to Debtor's Notice of Sale, Auction, and Sale Order Hearing scheduled for February 18, 2025 (Docket No. 485) and move the Court for an Order directing Debtors Cliveden Operating, LLC, Debtor Maplewood Operating, LLC, and Debtor Tucker Operating, LLC[2] to pay to the Pension Fund the fringe benefit contributions and other amounts owed and accrued since the filing of the Petition as administrative expenses ("Response and Motion").

**I.      JURISDICTION**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and the Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively, the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] The applicable Debtors in the Motion are three of the Care Pavilion Debtors, namely: Cliveden Operating, LLC (6546); Maplewood Operating, LLC (0850); Tucker Operating, LLC (4305).

1. This Court has jurisdiction over this Response and Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

2. Venue of this proceeding and this Response and Motion is proper pursuant to 28 U.S.C. § 1408.

3. The predicates for the relief sought herein are Sections 105, 365, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy (the "Bankruptcy Rules").

## II. FACTS

In support of this Response and Motion, the following facts are not disputed:

4. On October 15, 2024, each of the Pottsville Debtors filed a voluntary petition in this Court pursuant to Chapter 11 of Title 11 of the Bankruptcy Code.

5. On November 18, 2024, each of the Care Pavilion Debtors, filed a voluntary petition in this Court pursuant to Chapter 11 of Title 11 of the Bankruptcy Code.

6. On November 19, 2024, the Court entered the Order *(I) Authorizing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Certain Related Relief* (Dkt. No. 218), consolidating the Care Pavilion Cases with the Pottsville Cases for procedural purposes only.

7. At all times since the filing of the petition, the Debtors continue to remain in control of their assets and the management of their affairs as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

8. At all relevant times Debtors Cliveden Operating, LLC ("Cliveden"), Debtor Maplewood Operating, LLC ("Maplewood"), and Debtor Tucker Operating, LLC ("Tucker") are

signatory to, and are bound by, collective bargaining agreements with District 1199C of the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO.

9. The Pension Fund is financed by payments, called "contributions," made by employers under the terms of collective bargaining agreements. Under the Collective Bargaining Agreements between Cliveden, Maplewood, and Tucker and District 1199C and the Pension Fund's Delinquency Policies, the percentage of gross payroll paid to employees working under the Collective Bargaining Agreements is supplied to the Pension Fund by employers on a self-reporting basis in monthly reports called "Contribution Reports." The Pension Fund relies on employers to provide this information to calculate the amounts owed to the Pension Fund. *See, e.g.*, *Sheet Metal Workers, Local 19 v. 2300 Grp., Inc.,* 949 F.2d 1274, 1282 (3d Cir. 1991) (benefit fund plaintiffs are entitled to place "trust and confidence in [employers] to submit accurate reports" containing employee information that contributing employers must report).

10. Pursuant to the terms of their Collective Bargaining Agreements, Cliveden, Maplewood, and Tucker must prepare and submit Contribution Reports identifying the contributions owed to the Pension Fund for each work month performed by its employees. Debtors Cliveden, Maplewood, and Tucker each failed to submit its Contribution Report and Payment for the work periods of November 2024 through present.

11. Contributions must be reported and paid by the last day of the month following the month the employees worked. Failure to pay contributions timely subjects the Debtors to additional amounts to be paid, such as interest, liquidated damages and attorney's fees.

12. These amounts and the delinquent contributions are also payable as a matter of law pursuant to Sections 502(g) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g) and 1145.

13. Debtors sought, and subsequently obtained on December 19, 2024, from the Court a *Final DIP Order (I) Authorizing the Debtors to Obtain Post-Petition Financing, (II) Authorizing the Debtors' Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Approving Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (Dkt. No. 438). In support of its motion for same, Debtors asserted it needed permission to use cash collateral to pay for "payroll wages/tax/benefits," (Dkt. Nos. 220; 438, Ex. A-2 ("Budget")), and the Court acknowledged the Debtors' need to "pay their employees and otherwise finance their operations requires the availability of working capital . . . and the use of the Cash Collateral." (Dkt. No. 438).

14. The Debtor noticed a proposed sale of substantially all of the Debtors' Assets and scheduled a hearing for February 18, 2025 (Docket No. 485). The proposed sale seemingly does not contemplate satisfaction of the Debtor's post-petition administrative expenses obligations to the Benefit Plans.

15. Notwithstanding Debtor's assertion that it requires cash collateral to pay "benefits," Debtors Cliveden, Maplewood, and Tucker have failed to pay all amounts due to the Pension Fund since the filing of the petition as administrative expenses as required by Section 503 of the Bankruptcy Code.

16. The Pension Fund has contacted Debtor's Counsel to resolve the Debtor's failure to satisfy its post-petition administrative expense obligations, however, Debtor's Counsel has failed to respond to the Pension Fund's communications.

## II. REQUEST FOR RELIEF AND LEGAL AUTHORITY

The Pension Fund requests the following relief and such further relief as the Court deems appropriate under the circumstances and in the best interests of the bankrupt estate:

1. The Bankruptcy Code provides that, after notice and hearing, there "shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate including . . . wages, salaries, and commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A)(i).

2. Fringe benefit contributions due for postpetition work are proper administrative expenses under the Bankruptcy Code. *See, e.g., In re Chicago Lutheran Hosp. Ass'n*, 75 B.R. 854, 856-57 (Bankr. N.D. Ill. 1987) ("This Court has no difficulty in determining that all postpetition benefits accrued by the employees were actual and necessary expenses of preserving the estate… Permitting the employees to continue to accrue benefits was necessary to the debtor-in-possession's reorganization attempt and was required by the terms of the collective bargaining agreement.").

3. Ancillary damages, including interest, liquidated damages, and attorneys' fees, that are required by law and the Pension Fund's governing documents should likewise be treated as administrative expenses. *In re San Rafael Baking Co.*, 218 B.R. 860 (9th Cir. 1998); *In re World Sales, Inc.*, 183 B.R. 872 (9th Cir. 1995).

4. Immediate action is required from the Court to prevent irreparable harm to the Pension Fund, *viz.*, dissipation of cash collateral rendering Debtors Cliveden, Maplewood, and Tucker ultimately unable to make contributions wed as administrative expenses.

5. To prevent such irreparable harm to the Pension Fund, the Pension Fund respectfully requests that the Court treat this Response and Motion at the hearing scheduled for February 18, 2025, and, after notice and hearing, enter an order directing Debtors Cliveden, Maplewood, and Tucker to pay all contributions required under the Collective Bargaining Agreements for work performed after the filing of their petition on November 18, 2024.

### III. CONCLUSION

For the forgoing reasons, the Pension Fund respectfully requests that the Court hear this Response and Motion on February 18, 2025, and thereafter order Debtors Cliveden, Maplewood, and Tucker to submit contribution reports and pay fringe benefit contributions as proper administrative expenses pursuant to Section 503 of the Bankruptcy Code and enter an Order providing for such other relief as is just and proper under the circumstances.

Dated: February 5, 2025

/s/ Andrew Costa-Kelser
Andrew Costa-Kelser, Bar ID 314865
Jacqueline Canzoneri
O'DONOGHUE & O'DONOGHUE LLP
Constitution Place, Suite 600
325 Chestnut Street
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

and

/s/ Michael J. Healey
Michael J. Healey (local counsel)
PO Box 81918
Pittsburgh, PA 15217
Tel: (412) 760-0342
mike@unionlawyers.net