# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>**POTTSVILLE OPERATIONS, LLC,** *et al.,* [1]<br><br><br>Debtors. | Case No.: 24-bk-70418-JAD<br><br>Chapter 11<br><br>*Jointly Administered*<br><br>Doc. No.: 1483 |
| **MICHAEL L. WEAVER,**<br><br>Movant,<br>-vs -<br><br>**POTTSVILLE OPERATIONS, LLC,** *et al.*,<br><br>Respondents. | Related to Document Nos. 1397<br><br>Hearing Date:<br><br>Hearing Time<br><br>Response Deadline: |

FILED
8/25/25 12:55 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## AGREED ORDER GRANTING MOTION OF MICHAEL L. WEAVER FOR LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the **Michael L. Weaver** ("Movant") for relief from the automatic stay (the "Motion") to proceed with the civil action pending in the United States Bankruptcy Court for the Western District of Pennsylvania under Case No. 24-bk-70418-JAD (the "Action");[2] and it

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789. References to the Debtors and Chapter 11 Cases shall refer to the Pottsville Debtors and Pottsville Cases.

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms as in the Motion.

being determined that the Motion is subject to the jurisdiction of this court under 28 U.S.C. § 1334 and is a core proceeding within the meaning of 28 U.S.C. § 157; and having found that notice of the Motion was adequate and no other or further notice is required; and, notwithstanding that the Debtors dispute the allegations asserted in the Action, the Debtors having agreed to the relief requested in the Motion subject to the terms set forth herein; and the Court having reviewed the Motion; and the Court finding that the relief sought in the Motion, as modified by the terms set forth herein, is in the best interests of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor; and upon certification of counsel, it is now hereby **ORDERED** that:

1. The Motion is GRANTED as set forth herein.

2. The stay afforded by section 362 of the Bankruptcy Code is hereby modified solely to permit the Action to proceed; *provided*, *however*, that with respect to any settlement, resolution or judgment against the Debtors in connection with the Action, Movant shall look strictly and solely to the proceeds of any available insurance policies (the "Insurance Policies"), subject to the limits and terms and conditions of such Insurance Policies. Neither Movant nor any of their agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement, resolution or judgment obtained on account of or in connection with the Action from the Debtors and/or the properties and assets of any of the Debtors' estates.

3. Movant waives (i) the ability to recover on any and all claims that she has or may have against the Debtors or their estates arising out of, related to, or in connection with, the Action, other than from the Insurance Policies, and (ii) the ability to file a proof of claim in the Chapter 11 Cases and/or seek recovery on account of any and all other claims that she may have against the Debtors and/or their estates.

4. Except to the extent expressly set forth in paragraph 2 herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes. Nothing herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claims by any person or entity other than Movant with respect to the Action, subject to the limitations set forth herein.

5. Nothing in this Order shall be deemed or construed as an agreement by the Debtors to provide assistance or to cooperate with Movant in any way in their efforts to pursue coverage and/or a recovery in connection with the Action or to secure coverage and/or payment from the Insurance Policies, if any, on any settlement or judgment arising from the Action.

6. Nothing in this Order shall provide a basis for or constitute a determination as to the availability or applicability of coverage or payment by the Insurance Policies or Movant's rights or entitlement to the proceeds of such Insurance Policies, and all insurers' rights and remedies are reserved.

7. Movant has acknowledged that (i) the Debtors are not paying any portion of any deductible, self-insured retention or other amount related to the Action or to any applicable Insurance Policy, and (ii) the Debtors and their counsel have not made any representations or warranties as to whether any of the Insurance Policies provide coverage or would otherwise provide payment related to the Action. Any determination made by Movant as to the availability of coverage or payment from the Insurance Policies is made wholly on the basis of Movant's independent investigation.

8. The Debtors and the claims agent are authorized to take any and all actions necessary to effectuate the relief set forth in this Order including, without limitation, amending the claims register in the Chapter 11 Cases to reflect the terms of this Order.

9. Nothing herein shall limit Movant's ability to recover against any non-Debtor.

10. This Order shall become effective immediately upon entry by this Court and is not subject to the fourteen (14)-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

11. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

**IT IS SO ORDERED.**   **BY THE COURT:**

**DATED:** August 25  2025.   _____ jsf

Honorable Jeffery A. Deller
United States Bankruptcy Judge