## **EXHIBIT A**
**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No.: 24-70418-JAD |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, *et al.*, | Document No. _____  Related Docket No: _____ |
| Movant, | Hearing Date:  October 22, 2025 at 10:00 a.m. Response Date: October 6, 2025 |
| -vs- | |
| NO RESPONDENTS. | |

## ORDER GRANTING MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT, (II) SCHEDULING A COMBINED HEARING ON THE PLAN AND DISCLOSURE STATEMENT, (III) APPROVING THE SOLICITATION AND VOTING PROCEDURES AND DATES, DEADLINES, AND NOTICES RELATED THERETO, AND (IV) GRANTING RELATED RELIEF

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors of Pottsville Operations, LLC *et al.*, (the "Creditors' Committee") for entry of an order (this "Order"), (a) conditionally approving the *Disclosure Statement Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1550] (as amended, supplemented, or otherwise modified from time to time, the ("Disclosure Statement"), (b) scheduling a combined hearing on confirmation of the *Plan of Liquidation Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1549] (as amended, supplemented, or otherwise modified from time to time, the "Plan") and final approval of the adequacy of the Disclosure Statement under section 1125 of the Bankruptcy Code  (the "Combined Hearing"), (c) establishing a deadline for objections to confirmation of the Plan (the "Plan Objection Deadline") and approving related procedures, (d) approving the solicitation procedures regarding votes to accept or reject the Plan (the "Solicitation and Voting Procedures"), (e) approving the form and manner of the Solicitation Materials in connection with solicitation of the Plan, as set forth below, and (f) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Creditors' Committee's notice of the Motion and opportunity for a hearing on the Motion were appropriate

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and no other notice need be provided; and this Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before this Court (the

"Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Disclosure Statement is conditionally approved as containing adequate

information within the meaning of section 1125 of the Bankruptcy Code and Bankruptcy Rule

3017, and the Creditors' Committee is authorized to distribute the Solicitation Package in order to

solicit votes from Holders of Claims entitled to vote on the Plan.

3.      The Confirmation Schedule is hereby approved.

4.      The Combined Hearing, at which time this Court will consider, among other things,

confirmation of the Plan and the adequacy of the Disclosure Statement, shall be held on December

16, 2025, at _:__ _.m. prevailing Eastern Time.

5.      Any motion filed pursuant to Bankruptcy Rule 3018 shall be filed on or before

November 25, 2025, at 4:00 p.m., prevailing Eastern Time.

6.      Any objections to confirmation of the Plan shall be filed on or before December 2,

2025, at 4:00 p.m. prevailing Eastern Time.

7.      Any brief in support of confirmation of the Plan and reply to any objections shall

be filed on or before December 12, 2025.

8.      Any objections to confirmation of the Plan shall:

a.   be in writing;

3

b.  comply with the Bankruptcy Rules and the Local Rules;

c.  state the name and address of the objecting party and the amount and nature of the Claim owned by such entity;

d.  state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

e.  be filed with this Court with proof of service thereof and served upon the Notice Parties (as defined in the Combined Hearing Notice) so as to be actually received by the Plan Objection Deadline.

9.  Any objections not satisfying the requirements of this Order shall not be considered and shall be overruled.

10.  The Voting Record Date of October 22, 2025; is approved.

11.  The Voting Deadline of November 28, 2025, is approved.

12.  The form of the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, is approved.

13.  The Ballot, substantially in the form attached hereto as **Exhibit 2**, is approved.

14.  The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 3**, is approved.

15.  The Solicitation and Voting Procedures to be utilized by the Creditors' Committee for distribution of the Solicitation Package(s) in soliciting acceptances and rejections of the Plan, as set forth in the Motion, satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

16.  The Solicitation and Voting Procedures to be utilized by the Creditors' Committee for distribution of the Combined Hearing Notice, as set forth in the Motion, satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

17.     The procedures used for tabulating votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballot are approved.

18.     The Creditors' Committee is not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims that are (a) Unimpaired and conclusively presumed to accept the Plan or (b) Impaired and deemed to reject the Plan, but will do so upon request from such Holders of Claims.

19.     Nothing contained in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtors or any other party or as a waiver of such parties' rights to dispute any claim or lien.

20.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21.     The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DATED: _____


_____
Hon. Jeffery A. Deller
United States Bankruptcy Judge


5

**<u>EXHIBIT 1</u>**
**Combined Hearing Notice**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No.: 24-70418-JAD |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, *et al.*, | |
| Movant, | Related Docket No: |
| -vs- | |
| NO RESPONDENTS. | |

**NOTICE IS HEREBY GIVEN** as follows:

On September 15, 2025, the Official Committee of Unsecured Creditors of Pottsville Operations, LLC *et al.*, (the "Creditors' Committee"), filed the *Plan of Liquidation Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1549] (the "Plan") and *Disclosure Statement Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1550] (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

"Disclosure Statement") pursuant to sections 1125 and 1126 of the Bankruptcy Code.[2] Copies of the Plan and the Disclosure Statement may be obtained upon request of the Creditors' Committee's counsel at the address specified below, and are available for inspection for a fee on the Bankruptcy Court's website at www.pawb.uscourts.gov or free of charge on the Debtors' restructuring website at https://cases.stretto.com/pottsville.

## COMBINED HEARING ON CONFIRMATION OF THE PLAN AND THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION

The hearing (the "Combined Hearing") will be held before the Honorable Jeffery A. Deller, United States Bankruptcy Judge, the United States Bankruptcy Court, 600 Grant St., U.S. Steel Tower, 54th Fl., Pittsburgh, PA 010608-2076, on December 16, 2025, at 10:00 a.m., prevailing Eastern Time, to consider confirmation of the Plan, the adequacy of information contained in the Disclosure Statement, any objections thereto, and any other matter that may properly come before the Bankruptcy Court. Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Creditors' Committee without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice. [All hearings are conducted virtually and in person. Any parties who wish to participate virtually in the Combined Hearing may do so via Zoom by visiting the Zoom hearing link on the Court's Hearing Dates and Calendar webpage.]

## INFORMATION REGARDING THE PLAN AND DISCLOSURE STATEMENT

**Conditional Approval and Procedures Order**. On [October 22], 2025, the Court entered an order [Docket No. [x]] (the "Conditional Approval and Procedures Order") conditionally approving the Disclosure Statement for solicitation purposes only.

**Voting Record Date**. The voting record date was [October 22], 2025, which was the date for determining which Holders of Claims in Classes 1CP, 2CP, 3P, 3CP, 5P, 5CP, 6P, and 6CP of the Plan were entitled to vote.

**Objections to the Plan**. The deadline for filing objections (each, an "Plan Objection") to the Plan is December 2, 2025, at 4:00 p.m., prevailing Eastern Time (the "Plan Objection Deadline"). Any such Objections must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties (as defined herein) so as to be actually received by the Plan Objection Deadline.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

Objections must be filed with the Bankruptcy Court and served so as to be actually received no later than December 2, 2025, at 4:00 p.m., prevailing Eastern Time, by those parties who have filed a notice of appearance in the Debtors' Chapter 11 Cases as well as the following parties (the "Notice Parties"):

| | |
|---|---|
| **The Creditors' Committee**: | Andrew C. Helman (*pro hac vice*)<br>Dentons Bingham Greenebaum LLP<br>One City Center, Suite 11100<br>Portland, ME 04101<br>Phone: (207) 619-0919<br>Email: andrew.helman@dentons.com<br><br>and<br><br>Lauren M. Macksoud (*pro hac vice*)<br>Dentons US LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Phone: (212) 768-5347<br>Email: lauren.macksoud@dentons.com<br>and<br><br>Thomas D. Maxson (Pa. ID 63207)<br>Dentons Cohen & Grigsby, P.C.<br>625 Liberty Avenue, 5th Floor<br>Pittsburgh, PA 15222<br>Phone: (412) 297-4706<br>Email: thomas.maxson@dentons.com |
| **U.S. Trustee**: | William M. Buchanan<br>DOJ-UST<br>1000 Liberty Avenue, Ste. 1316<br>Pittsburgh, PA 15222<br>Phone: (412) 644-4779<br>Email: william.buchanan@usdoj.gov |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

24990032.v2

## SUMMARY OF PLAN TREATMENT

The following chart summarizes the treatment provided by the Plan to each class of Claims against the Debtors and indicates the voting status of each class.

| Category of Claim or Interest | Impaired or Unimpaired | Entitled to Vote on Plan (yes/no) | Projected Recovery |
|---|---|---|---|
| Unclassified Claims (including Administrative Claims, Professional Fee Claims, and U.S. Trustee Fees) | Unimpaired | No | 100% |
| Class 1P: Pottsville Secured Lender's Claim | Unimpaired | No | 100% |
| Class 1CP: Care Pavilion Secured Lenders' Claim | Impaired | Yes | 29.5% - 43% |
| Class 2P: Pottsville Other Secured Claims | Unimpaired | No (deemed to accept Plan) | 100% |
| Class 2CP: Care Pavilion Other Secured Claims | Impaired | No (deemed to reject Plan) | 0% |
| Class 3P: Pottsville Priority Tax Claims | Impaired | Yes | 33.1% - 47.1% |
| Class 3CP: Care Pavilion Priority Tax Claims | Impaired | Yes | 13.4% - 20.3% |
| Class 4P: Pottsville Priority Unsecured Non-Tax Claims | Unimpaired | No (deemed to accept Plan) | 100% |
| Class 4CP: Care Pavilion Priority Unsecured Non-Tax Claims | Unimpaired | No (deemed to accept Plan) | 100% |
| Class 5P: Pottsville General Unsecured Claims | Impaired | Yes | 33.1% - 47.1% |

4

| Category of Claim or Interest | Impaired or Unimpaired | Entitled to Vote on Plan (yes/no) | Projected Recovery |
|---|---|---|---|
| Class 5CP: Care Pavilion General Unsecured Claims | Impaired | Yes | 13.4% - 20.3% |
| Class 6P: Pottsville Insured Claim | Impaired | Yes | N/A[3] |
| Class 6CP: Care Pavilion Insured Claim | Impaired | Yes | N/A[4] |
| Class 7P: Pottsville Intercompany Claims | Impaired | No (deemed to reject Plan) | 0% |
| Class 7CP: Care Pavilion Intercompany Claims | Impaired | No (deemed to reject Plan) | 0% |
| Class 8P: Pottsville Interests | Impaired | No (deemed to reject Plan) | 0% |
| Class 8CP: Care Pavilion Interests | Impaired | No (deemed to reject Plan) | 0% |

## DISCHARGE, INJUNCTIONS, EXCULPATION, AND RELEASES

Please be advised that the Plan contains certain release, exculpation, discharge, and injunction provisions as follows:

## RELEVANT DEFINITIONS

**UNDER THE PLAN, "EXCULPATED PARTIES"** means, collectively, and in each case, solely in the capacities as such: (a) the Debtors; (b) the Creditors' Committee and the members of the Creditors' Committee; (c) with respect to each of the foregoing Entities, all Professionals who acted on their behalf in connection with the matters as to which exculpation is provided herein; and (d) the Post-Petition Officers.

**UNDER THE PLAN, "RELEASED PARTY"** means, collectively, and in each case, solely in their capacities as such: (a) the Debtors; (b) the current and former employees of the Debtors (other than Non-Released Parties); (c) the Liquidating Trustee; (d) the Creditors' Committee and the members of the Creditors' Committee; (e) each of such Entities' Related Persons; and (f) the Post-

---

[3]    Paid from proceeds of available Insurance Policies.
[4]    Paid from proceeds of available Insurance Policies.

24990032.v2

Petition Officers. *For the avoidance of doubt*, the Non-Released Parties are not included within the definition of Released Parties.

**UNDER THE PLAN, "RELEASING PARTIES"** collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties (other than the Debtors and the Liquidating Trustee); and (b) with respect to any Person or Entity solely in their capacity as such (provided that with respect to any Related Persons identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Person could have properly asserted on behalf of a Person identified in clause (a) of the definition of Releasing Parties).

## RELEASES BY THE DEBTORS

**As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the implementation of the Plan, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties shall be deemed forever released and discharged, to the maximum extent permitted by law, by the Debtors and their Estates, and the Liquating Trust, from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, or the Estates, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising prior to the Pottsville Effective Date or the Care Pavilion Petition Date, as applicable, from, in whole or in part, the Debtors, the Chapter 11 Cases, the pre- and postpetition marketing and the Pottsville Sale process or the Care Pavilion Sale Process, as applicable, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases or arising out of the Pottsville Sale, the Care Pavilion Sale, the Disclosure Statement, the Plan, the Pottsville DIP/Cash Collateral Order, the Care Pavilion DIP/Cash Collateral Order or any related agreements, instruments, and other documents, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that nothing in this Section 9.2 shall be construed to release the Released Parties from gross negligence, willful misconduct, or intentional fraud as determined by a Final Order. The Debtors and their Estates, and the Care Pavilion Liquidating Trust and Pottsville Liquidating Trust shall be permanently enjoined from prosecuting any of the foregoing Claims, Interests, or Causes of Action released under this Section 9.2 against each of the Released Parties.**

**The Debtors' releases of the Released Parties, as set forth herein, shall not alter or affect any claim against any Person who may have liability as a subsequent transferee of property of the Debtors, meaning and intending that it shall not be a defense to a fraudulent**

6

**transfer or preferential transfer claim for a remote transferee of a fraudulent transfer to assert that the Debtors or their estates released claims against a direct or immediate transferee.**

**For the avoidance of doubt, none of the Non-Released Parties shall be included in the foregoing releases, and neither the Care Pavilion Insider Avoidance Action nor the Pottsville Insider Avoidance Action are released pursuant to the terms of this Plan.**

## RELEASE OF LIENS

As of the Effective Date, all Liens against any Care Pavilion Liquidating Trust Assets or the Pottsville Liquidating Trust Assets to be distributed under the Plan shall be fully released, and all of the right, title, and interest of any Holder of such Liens, including any rights to any collateral thereunder, shall attach to and be enforceable solely against any net proceeds of sales of such Care Pavilion Liquidating Trust Assets or the Pottsville Liquidating Trust Assets. For the avoidance of doubt, all mortgages, deeds of trust, Liens, pledges, or other security interests against any Care Pavilion Liquidating Trust Assets or the Pottsville Liquidating Trust Assets shall be fully released on the Effective Date without any further action of any party, including, but not limited to, further order of the Bankruptcy Court or filing updated Schedules or statements typically filed pursuant to the Uniform Commercial Code.

## DISCHARGE OF CLAIMS

As of the Effective Date, all notes, agreements, and securities evidencing Claims and the rights thereunder of the Holders thereof, shall, with respect to the Debtors, be canceled and terminated, and such instruments shall evidence no such rights, except the right to receive the Distributions provided for in this Plan.

## EXCULPATION

**I.     Effective as of the Effective Date, to the extent permitted under sections 1103(c) and 1125(e) of the Bankruptcy Code, and except as otherwise specifically provided in this Plan, the Exculpated Parties, to the extent of such Exculpated Party's involvement in the Chapter 11 Cases, shall neither have nor incur any liability to any Entity or Person for any claims or causes of action arising on or after either the Pottsville Petition Date or the Care Pavilion Petition Date, as applicable, and before the Effective Date for any act taken or omitted to be taken in connection with, or related to: (i) the Chapter 11 Cases; (ii) formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the consummation of the Plan, the Disclosure Statement, or any other contract, instrument, release, or other agreement or document created or entered into in connection with the Plan; or (iii) the approval of the Disclosure Statement or confirmation or consummation of the Plan; provided, however, that the foregoing provisions shall have no effect on the liability of any Entity or Person that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct; provided, further, however, that, for the avoidance of doubt, any such exculpation shall not act or be construed to exculpate, channel, release, enjoin, or otherwise affect any civil or**

7

criminal enforcement action by a Governmental Unit; provided, further, however, that the Exculpated Parties shall each be entitled to rely upon the advice of counsel concerning their duties pursuant to, or in connection with, the above-referenced documents, actions, or inactions.

II.      The Exculpated Parties have, and upon confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and Distributions pursuant to the Plan, and, therefore, are not, and on account of such Distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such Distributions made pursuant to the Plan.

III.      None of the Non-Released Parties shall be Exculpated Parties.

## INJUNCTION

I.      FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES WHOSE CLAIMS HAVE BEEN RELEASED, DISALLOWED, EXCULPATED, OR SETTLED UNDER THIS PLAN SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED, DISALLOWED, EXCULPATED, OR SETTLED, OR TO BE RELEASED, DISALLOWED, EXCULPATED, OR SETTLED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

II.      FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE EXCULPATION GRANTED IN ARTICLE 9.1 OF THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT ARE SUBJECT TO THE EXCULPATORY PROVISIONS OF ARTICLE 9.1, SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION, OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED, DISALLOWED, EXCULPATED, OR SETTLED OR TO BE RELEASED, DISALLOWED, EXCULPATED, OR SETTLED UNDER THE PLAN.

III.      EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT ARE SUBJECT TO THE EXCULPATORY PROVISIONS OF ARTICLE 9.1, SHALL BE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON

8

**ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, DISALLOWED, EXCULPATED, OR SETTLED PURSUANT TO THE PLAN; AND (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM WITH THE PROVISIONS OF THE PLAN TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW.**

DATED: _____

By: _/s/ *Andrew C. Helman*_____
Andrew C. Helman (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

and

Thomas D. Maxson (Pa. ID 63207)
Dentons Cohen & Grigsby, P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Phone: (412) 297-4706
Email: thomas.maxson@dentons.com

and

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

*Counsel to the Official Committee of Unsecured Creditors of Pottsville Operations, LLC, et. al*

# **EXHIBIT 2**
**Ballot**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No.: 24-70418-JAD |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, *et al.*, | |
| Movant, | Related Docket No: |
| -vs- | |
| NO RESPONDENTS. | |

### BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN OF LIQUIDATION SUBMITTED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

If you are the Holder of a Prepetition Claim as of [October 22], 2025 (the "Voting Record Date"), please use this "Ballot" to cast your vote to accept or reject the *Plan of Liquidation Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1549] (as amended, supplemented, or otherwise modified from time to time, the "Plan") dated September 15, 2025,[2] which is being proposed by the Official Committee of

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

Unsecured Creditors of Pottsville Operations, LLC, *et al* (the "Creditors' Committee"). The Plan is included as **Exhibit A** to the accompanying *Disclosure Statement Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1550] (as amended, supplemented, or otherwise modified from time to time, the ("Disclosure Statement"), dated September 15, 2025. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if the Plan (a) is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Class that votes on the Plan, and (b) otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if the Plan (a) provides fair and equitable treatment to, and does not discriminate unfairly against, the class(es) of claims or interests that rejected the Plan, in accordance with section 1129(b) of the Bankruptcy Code, and (b) otherwise satisfies the requirements of sections 1129(a) and 1129(b) of the Bankruptcy Code.

Please carefully read the enclosed Disclosure Statement and Plan and follow the enclosed instructions for completing this Ballot. If you believe you have received this Ballot in error, please contact counsel to the Creditors' Committee immediately. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE ENCLOSED VOTING INSTRUCTIONS, THE PROCEDURES FOR VOTING, OR NEED TO OBTAIN ADDITIONAL SOLICITATION MATERIALS, PLEASE CONTACT THE CLAIMS AND BALLOTING AGENT AT POTTSVILLEINQUIRIES@STRETTO.COM. PLEASE BE ADVISED THE CLAIMS AND BALLOTING AGENT CANNOT PROVIDE LEGAL ADVICE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PROPOSALS RELATED TO THE PLAN.

## **IMPORTANT**

**VOTING DEADLINE: November 28, 2025, at 4:00 p.m., prevailing Eastern Time**

**YOU SHOULD CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU SUBMIT THIS BALLOT. YOU MAY WISH TO SEEK INDEPENDENT LEGAL ADVICE CONCERNING THE DISCLOSURE STATEMENT AND PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIMS UNDER THE PLAN.**

**FOR YOUR BALLOT TO BE COUNTED, YOU MUST EITHER RETURN A HARD COPY OF YOUR BALLOT OR SUBMIT YOUR VOTE THROUGH THE ONLINE E-BALLOT PORTAL MAINTAINED BY THE CLAIMS AND BALLOTING AGENT.**

If you prefer to return a hard copy of your Ballot, you may return it by first class mail, or send it by overnight mail or courier to:

**Pottsville Operations Ballot Processing**
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

24990032.v2

If you prefer to make your election online, the Ballot will be accepted if properly completed through the E-Ballot portal maintained by the Claims and Balloting Agent. **To submit your Ballot via the Claims and Balloting Agent's E-Ballot portal, visit** https://balloting.stretto.com/.

 **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot Password:**_____

**The Claims and Balloting Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Holders of Claims who submit a Ballot using the E-Ballot portal should NOT also submit a hard copy Ballot. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

### HOW TO VOTE:

1.     COMPLETE ITEM 1, ITEM 2, AND ITEM 3.

2.     Review the information, certifications and acknowledgements.

3.     SIGN AND DATE YOUR BALLOT. Please provide your name and mailing address in the space provided on this Ballot.[3]

4.     Return the original signed Ballot by first-class mail, hand delivery, courier, or submit your Ballot through the online E-Ballot portal maintained by the Claims and Balloting Agent so that it is actually received by the Claims and Balloting Agent before the Voting Deadline.

5.     YOU MUST VOTE ALL OF YOUR CLAIMS IN A SINGLE CLASS EITHER TO ACCEPT OR REJECT THE PLAN, AND MAY NOT SPLIT YOUR VOTE.

### OTHER IMPORTANT INFORMATION

1.     Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will NOT be counted unless the Creditors' Committee otherwise determines.

2.     To vote, you MUST deliver your completed Ballot so that it is ACTUALLY RECEIVED by the Claims and Balloting Agent on or before the Voting a Deadline by one of the methods described above. The "Voting Deadline" is November 28, 2025.

---

[3]     If you are signing this Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Creditors' Committee's counsel or the Bankruptcy Court, you must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

24990032.v2

3.      Except as otherwise provided herein, delivery to the Claims and Balloting Agent will be deemed to have occurred only when the Claims and Balloting Agent actually receives the originally executed Ballot in accordance with paragraph 4 of "How to Vote". In all cases, you should allow sufficient time to assure timely delivery of your Ballot by the Voting Deadline.

4.      If, as of the Voting Record Date, you held Claims in more than one voting Class under the Plan, you may vote for each class on this Ballot. If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. The Creditors' Committee reserves the right to challenge the validity of any vote that has been improperly split for voting purposes.

5.      If you deliver multiple Ballots to the Claims and Balloting Agent with respect to the same Claim, ONLY the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s). For the avoidance of doubt, all prior Ballots submitted by you prior to the Ballot last received by the Claims and Balloting Agent will be deemed null and void.

6.      This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim, or an assertion or admission of a Claim, in the Debtors' Chapter 11 Cases.

7.      **You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.**

**IF YOU RECEIVED A DAMAGED BALLOT, LOST YOUR BALLOT OR HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT AND PLAN OR PROCEDURES FOR VOTING, PLEASE CONTACT THE CLAIMS AND BALLOTING AGENT BY EMAIL AT POTTSVILLEINQUIRIES@STRETTO.COM, OR BY PHONE AT 855.469.1264 (TOLL-FREE) OR 714.586.5713 (INTERNATIONAL)**

**PLEASE READ THE SELECTION INFORMATION AND INSTRUCTIONS, ABOVE, BEFORE COMPLETING THIS BALLOT.**

<u>**VOTING — COMPLETE THIS SECTION**</u>

**Item 1.        Principal Amount of Prepetition Claim in Classes 1CP, 3P, 3CP, 5P, 5CP, 6P, and 6CP**.  The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 1CP, 3P, 3CP, 5P, 5CP, 6P, or 6CP prepetition Claim (or authorized signatory for an entity that is a Holder of such Claims) in the following aggregate principal amount, excluding, for the avoidance of doubt, accrued but unpaid interest and other amounts that may be owed to the undersigned (or the entity for whom the undersigned is signatory) (please fill in the amount if not otherwise completed):

**Amount of [Class _____] Claims: $_____**

**Item 2.        Vote.** You may vote to accept or reject the Plan. You must check one of the boxes below to have your vote counted.

The Holder of the Claim(s) set forth in Item 1 above votes to *(please check one and only one per Claim Class)*:

☐**ACCEPT** (VOTE FOR) THE PLAN
☐**REJECT** (VOTE AGAINST) THE PLAN

Please note that you are voting all of your prepetition Claims in each class in which you hold a claim either to accept or reject the Plan. You may not split your vote for a claim within the same class. However, if you have claims in more than one class, you may vote each claim separately. If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your ballot with respect to this Item 2 will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes above, your ballot with respect to this Item 2 will not be counted.

IF YOU DO NOT CONSENT TO THE RELEASES CONTAINED IN THE PLAN AND THE RELATED INJUNCTION, YOU MAY ELECT NOT TO GRANT SUCH RELEASES BUT ONLY IF YOU VOTE TO REJECT THE PLAN IN ITEM 2 ABOVE. IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THIS BALLOT BUT ABSTAIN FROM VOTING, THEN YOU WILL BE DEEMED TO CONSENT TO THE THIRD-PARTY RELEASES SET FORTH IN ARTICLE IX OF THE PLAN.

IF YOU DO NOT CONSENT TO THE RELEASES CONTAINED IN THE PLAN AND THE RELATED INJUNCTION, AND REJECT THE PLAN, PLEASE CHECK THE BOX BELOW:

24990032.v2

**UNDER THE PLAN, "EXCULPATED PARTIES"** means, collectively, and in each case, solely in the capacities as such: (a) the Debtors; (b) the Creditors' Committee and the members of the Creditors' Committee; (c) with respect to each of the foregoing Entities, all Professionals who acted on their behalf in connection with the matters as to which exculpation is provided herein; and (d) the Post-Petition Officers.

**UNDER THE PLAN, "RELEASED PARTY"** means, collectively, and in each case, solely in their capacities as such: (a) the Debtors; (b) the current and former employees of the Debtors (other than Non-Released Parties); (c) the Liquidating Trustee; (d) the Creditors' Committee and the members of the Creditors' Committee; (e) each of such Entities' Related Persons; and (f) the Post-Petition Officers. *For the avoidance of doubt*, the Non-Released Parties are not included within the definition of Released Parties.

**UNDER THE PLAN, "RELEASING PARTIES"** collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties (other than the Debtors and the Liquidating Trustee); and (b) with respect to any Person or Entity solely in their capacity as such (provided that with respect to any Related Persons identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Person could have properly asserted on behalf of a Person identified in clause (a) of the definition of Releasing Parties).

**Item 4.**      **Authorization.** By signing and returning this Ballot, the undersigned certifies to the Debtors and the Bankruptcy Court that:

1.  the undersigned is (a) the Holder of the Prepetition Claim(s) being voted, or (b) the authorized signatory for an entity that is a Holder of such Prepetition Claim(s);
2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;
3.  the undersigned has cast the same vote with respect to all of its Prepetition Claims in each class in which it has a Claim in connection with the Plan; and
4.  no other Ballot with respect to the same Prepetition Claim(s) identified in Item 1 has been cast or, if any other Ballot has been cast with respect to such Prepetition Claim(s), then any such earlier Ballots are hereby revoked and deemed to be null and void.

Name of Holder: _____

Signature: _____

Signatory Name
(if other than the holder)
and Capacity of Signatory: _____

Title: _____

Address: _____

Email Address: _____

Telephone Number: _____

Date Completed: _____

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT. BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, OR IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED BY THIS BALLOT.**

**TO COUNT, A BALLOT WITH YOUR VOTE MUST BE RECEIVED BY THE CLAIMS AND BALLOTING AGENT BY THE VOTING DEADLINE: NOVEMBER 28, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME.**

THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM, AN ASSERTION OF A CLAIM, OR THE ALLOWANCE OF A CLAIM.

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE COURT.

24990032.v2

**<u>EXHIBIT 3</u>**
**Notice of Non-Voting Status**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>POTTSVILLE OPERATIONS, LLC, *et al.*,[1]<br><br>Debtors. | Case No.: 24-70418-JAD<br><br>Chapter 11<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, *et al.*,<br><br>Movant,<br><br>-vs-<br><br>NO RESPONDENTS. | Related Docket No: |

**PLEASE TAKE NOTICE THAT** on [October 22, 2025], the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") entered its *Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on the Plan and Disclosure Statement, (III) Approving the Solicitation and Voting Procedures and Dates, Deadlines, and Notices Related Thereto, and (IV) Granting Related Relief* (the "Disclosure Statement Order") [Docket No. ___] that, among other things, authorized the Creditors' Committee to solicit acceptances or rejections of the Plan from Holders of Claims against the Pottsville Debtors and the Care Pavilion Debtors (as defined below and collectively, the "Debtors") that are or may be entitled to receive distributions under the Plan.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, the Plan, and other documents and materials included in the Solicitation Package, except Ballots, may be obtained at no charge from the Debtors' restructuring website at https://cases.stretto.com/pottsville. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via the Bankruptcy Court's website at https://ecf.pawb.uscourts.gov/.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because your Claim(s) against one or more of the Debtors is classified in a Class that is Unimpaired under the Plan and, therefore, pursuant to 11 U.S.C. § 1126(f), you are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan with respect to such Claim(s).

Dated**:** _____

By: _/s/ Andrew C. Helman_____
Andrew C. Helman (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

Thomas D. Maxson (Pa. ID 63207)
Dentons Cohen & Grigsby, P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Phone: (412) 297-4706
Email: thomas.maxson@dentons.com

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
25th Floor
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

*Counsel to the Official Committee of Unsecured Creditors of Pottsville Operations, LLC, et. al.*

24990032.v2