# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 24-70418-JAD |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[1] | : | Chapter 11 |
| Debtors. | : | (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, *et al.*, | : | |
| Movant, | : | Related to Doc. No. 1552 |
| v. | : | Hearing Date: October 22, 2025 at 10:00am |
| ARGNT HOLDINGS, LLC, | : | |
| Respondents. | : | |

## OBJECTION TO MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT, (II) SCHEDULING A COMBINED HEARING ON THE PLAN AND DISCLOSURE STATEMENT, (III) APPROVING THE SOLICITATION AND VOTING PROCEDURES AND DATES, DEADLINES, AND NOTICES RELATED THERETO, AND (IV) GRANTING RELATED RELIEF

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789. References to the Debtors and Chapter 11 Cases shall refer to the Care Pavilion Debtors and Care Pavilion Cases.

Argnt Holdings, LLC ("**Argnt**") hereby objects to the *Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on the Plan and Disclosure Statement, (III) Approving the Solicitation and Voting Procedures and Dates, Deadlines, and Notices Related Thereto, and (IV) Granting Related Relief* ("**Motion**") [ECF No. 1552], and in support states as follows:

## BACKGROUND

1. Pottsville Operations, LLC and twenty affiliated debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("**Bankruptcy Code**") on October 15, 2024, and on November 18, 2024.

2. The Debtors' bankruptcy cases are jointly administered under Case No. 24-70418 ("**Bankruptcy Case**") in the United States Bankruptcy Court for the Western District of Pennsylvania ("**Bankruptcy Court**").

3. On September 15, 2025, the Official Committee of Unsecured Creditors of Pottsville Operations, LLC *et al.* ("**Creditors' Committee**") filed a Chapter 11 Plan of Liquidation ("**Plan**") [ECF No. 1549], Disclosure Statement ("**Disclosure Statement**") [ECF No. 1500], Plan Summary ("**Plan Summary**") [ECF No. 1551], and the Motion [ECF No. 1552].

4. Pursuant to the terms of the *Final DIP Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors' Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* ("**DIP Order**") [ECF No. 438], Argnt is the holder of "an allowed superpriority administrative expense claim status in each of the Care Pavilion Cases of the Care Pavilion Debtors and any Successor Cases . . . ." ("**Claim**") [ECF No. 438, p. 3].

5. Because the Plan does not propose to pay Argnt's Claim in full, the Plan violates 11 U.S.C. § 1129(a)(9) and accordingly cannot be confirmed.

6. Because the Plan is unconfirmable, the Motion should be denied and the Care Pavilion Cases should be dismissed.

## OBJECTION

**A. The Motion should be denied because the Plan cannot be confirmed.**

7. Argnt objects to the Motion because the Disclosure Statement describes a Plan that cannot be confirmed under section 1129 of the Bankruptcy Code.

8. Section 1129(a) provides:

> [t]he court shall confirm a plan only if all of the following requirements are met: . . . (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that— (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim[.]

11 U.S.C. § 1129.

9. Upon entry of the DIP Order, "in addition to the DIP Liens granted [therein]," Argnt was granted:

> an allowed superpriority administrative expense claim in each of the Care Pavilion Cases of the Care Pavilion Debtors and any Successor Cases for any of the Care Pavilion Debtors (collectively, the "DIP Superpriority Claim(s)") for all DIP Obligations: (a) subject only to the Carve-Out, having priority over any and all administrative expense claims and unsecured claims against the Care Pavilion Debtors or their estates in any of the Care Pavilion Cases of the Care Pavilion Debtors and any Successor Cases for any of the Care Pavilion Debtors, at any time existing or arising, of any kind or nature whatsoever, including administrative expenses of the kinds specified in or ordered pursuant to Bankruptcy Code sections 105, 326, 328, 330, 331, 364, 365, 503(a), 503(b), 506(c) (subject to entry of a Final DIP Order), 507(a), 507(b), 546(c), 546(d), 726, 1113 and 1114, and any other provision of the Bankruptcy Code, as provided under section 364(c)(1) of the Bankruptcy Code . . . .

[ECF No. 438, ¶ 7, p. 26].

10. The Creditors' Committee acknowledges in the Disclosure Statement that, "[a]s of August 15, 2025, [Argnt] holds a "super priority claim in the amount of $12,907,558.00." [ECF No. 1550-3, p. 7].

11. Argnt's Claim is "of a kind specified in section 507(a)(2) or 507(a)(3)." 11 U.S.C. § 1129(a).

12. Argnt does not consent to less than full recovery on its Claim at confirmation.

13. Accordingly, in order for the Plan to be confirmed, section 1129(a) requires that Argnt's Claim be paid in full at confirmation. *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 238 (3d Cir. 2021) ("[T]he Bankruptcy Code requires any plan to pay valid administrative expense claims in full.").

14. Because the Plan does not provide for full payment of Argnt's Claim, the proposed Plan cannot be confirmed. *Former Emples. of Builders Square Retail Stores v. Hechinger Inv. Co. (In re Hechinger Inv. Co.)*, 298 F.3d 219, 224 (3d Cir. 2002) ("In a Chapter 11 case, a court cannot confirm a distribution plan unless the plan provides full cash payment of all § 503(b) administrative expense claims or the claim holder agrees to different treatment.") (citing 11 U.S.C. §§ 943 (b)(5), 1129(a)(9)(A)).

15. Pursuant to Article 2.1 of the Plan, all the assets of the debtors' estates are to be "deemed consolidated" into two liquidating trusts: the Care Pavilion Liquidating Trust and the Pottsville Liquidating Trust. [ECF No. 1549, Art. II].

16. The terms of the Plan require Argnt, as a creditor of the Care Pavilion Debtors, to only seek distributions on its Claim from the Care Pavilion Liquidating Trust, which is insufficiently funded to pay Argnt's superpriority administrative Claim in full.

4

17. The assets that will be pooled into the Pottsville Liquidating Trust include primarily the proceeds of the sale of the Pottsville Debtors (which included a $63,000,000 purchase price), along with the cash and cash equivalents of the Pottsville debtor and accounts receivable (approximately $4,000,000), and anticipated litigation recoveries (estimated to be worth between $8,000,000 and $12,000,000). [ECF No. 1549, Section 1.95].

18. In contrast, the Plan proposes to fund the Care Pavilion Liquidating Trust with only the Care Pavilion Debtors' Cash and Cash Equivalents (about $2,500,000), accounts receivable (about $2,000,000), and anticipated litigation recoveries (estimated to be worth between $15,000,000 and $20,000,000). [ECF No. 1549, Section 1.22].

19. Moreover, the Disclosure Statement specifically states that the Plan provides an estimated recovery on "DIP Claims" of only between 29.5% to 43% on its total claim, including $3 million which has already been paid, leaving at best an additional 13.1% to 29.8% repayment on Argnt's remaining superpriority administrative Claim. [ECF No. 1550-3, p. 5].

20. Not only does such proposed distribution violate section 1129 of the Bankruptcy Code, but it also contradicts other terms of the Plan which incorrectly state that administrative claims are unimpaired and have a 100% projected recovery. [ECF No. 1549, Art. IV, p. 22].

21. The Plan and Disclosure Statement are rife with similar contradictions, including the Creditors' Committee's assertion that the Plan is "feasible" because "the Pottsville Liquidating Trust and the Care Pavilion Liquidating Trust will have sufficient Cash to pay . . . Allowed Administrative Claims" [ECF No. 1550, Section 3.7, p. 18], which directly conflicts with the proposed 29.5% to 43% estimated recovery on Argnt's Claim [ECF No. 1550-3, p. 5].

22. Mere assertions that administrative claims are unimpaired cannot change the fact that Argnt's Claim is not paid in full under the Plan, in clear violation of 11 U.S.C. § 1129.

TADMS:21015863-3:041925-203636

23. Because the Plan cannot be confirmed, the Motion should be denied.

**B. The Care Pavilion Cases should be dismissed.**

24. The Plan is not feasible, as the Care Pavilion Liquidating Trust does not have sufficient Cash to pay claims as required under the Bankruptcy Code.

25. "[D]ismissal of a Chapter 11 bankruptcy case is appropriate where the court finds that the proposed plan is not feasible and that a feasible plan is not possible." *In re 3 Ram, Inc.*, 343 B.R. 113, 118 (Bankr. E.D. Pa. 2006) (citing *Michigan National Bank v. Charfoos (In re Charfoos)*, 979 F.2d 390, 395 (6th Cir. 1992) (quoting *Toibb v. Radloff*, 501 U.S. 157, 111 S. Ct. 2197, 115 L. Ed. 2d 145 (1991)) ("it is recognized that generally 'bankruptcy courts [have] substantial discretion to dismiss . . . [where] the debtor files an untenable plan of reorganization.'"); *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991) (quoting *United Sav. Assoc. v. Timbers of Inwood Forest, Ltd.*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988) (discussing § 1112(b) and stating that "there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'").

26. The Care Pavilion Debtors cannot propose a feasible plan because the Care Pavilion Debtors are unable to fund a plan that would pay Argnt's Claim in full.

27. Because a feasible plan is not possible for the Care Pavilion Debtors, the Care Pavilion Cases should be dismissed.

**C. The hearing on the Motion should not be stayed or otherwise delayed.**

28. In light of the *Motion of the United States Trustee for a Stay of the Deadline to Object to the Committee's Disclosure Statement and Plan* filed on October 1, 2025 [ECF No. 1590], Argnt respectfully requests that the hearing on the Motion still be held on October 22, 2025, as scheduled in the Notice of Hearing. [ECF No. 1554].

29. The Motion is an exercise of futility as the Plan is patently unconfirmable, and additional resources should not be wasted on delaying the inevitable.

30. Accordingly, the Hearing should be held as scheduled.

## CONCLUSION

WHEREFORE, Argnt respectfully requests that this Honorable Court issue an Order denying the Motion, dismissing the Care Pavilion Cases, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 6, 2025

TUCKER ARENSBERG, P.C.

*/s/ Michael A. Shiner*
Michael A. Shiner, Esq.
PA ID No. 78088
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mshiner@tuckerlaw.com

*Counsel for Argnt Holdings, LLC*

## CERTIFICATE OF SERVICE

      I certify under penalty of perjury that on October 6, 2025, a true and correct copy of the *Objection to Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on the Plan and Disclosure Statement, (III) Approving the Solicitation and Voting Procedures and Dates, Deadlines, and Notices Related Thereto, and (IV) Granting Related Relief* filed by Argnt Holdings, LLC, was served on all parties requesting electronic notice via the Court's CM/ECF System.

                                                           */s/ Michael A. Shiner*
                                                          Michael A. Shiner, Esquire

TADMS:21015863-3:041925-203636