IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | Case No. 24-70418-JAD |
| | : | |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[1] | : | Chapter 11 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| ARGNT HOLDINGS, LLC, | : | |
| | : | |
| Movant, | : | Related to Doc. No. 1609 |
| | : | |
| v. | : | |
| | : | |
| POTTSVILLE OPERATIONS, LLC, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**MOTION TO EXPEDITE ARGNT HOLDINGS, LLC'S**
**MOTION TO DISMISS CARE PAVILION CASES**

Argnt Holdings, LLC ("**Argnt**") hereby files this *Motion to Expedited Argnt Holdings, LLC's Motion to Dismiss Care Pavilion Cases* pursuant to Local Bankruptcy Rule 9013-2, and in support states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789. References to the Debtors and Chapter 11 Cases shall refer to the Care Pavilion Debtors and Care Pavilion Cases.

## BACKGROUND

1. Pottsville Operations, LLC and twenty affiliated debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("**Bankruptcy Code**") on October 15, 2024, and on November 18, 2024.

2. The Debtors' bankruptcy cases are jointly administered under Case No. 24-70418 ("**Bankruptcy Case**") in the United States Bankruptcy Court for the Western District of Pennsylvania ("**Bankruptcy Court**").

3. On September 15, 2025, the Official Committee of Unsecured Creditors of Pottsville Operations, LLC *et al.* ("**Creditors' Committee**") filed a Chapter 11 Plan of Liquidation ("**Plan**") [ECF No. 1549], Disclosure Statement ("**Disclosure Statement**") [ECF No. 1500], Plan Summary ("**Plan Summary**") [ECF No. 1551], and Motion for Entry of an Order ((I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing on the Plan and Disclosure Statement, (III) Approving the Solicitation and Voting Procedures and Dates, Deadlines, and Notices Related Thereto, and (IV) Granting Related Relief ("**Disclosure Statement Motion**") [ECF No. 1552].

4. Pursuant to the Notice of Hearing filed on September 16, 2025 [ECF No. 1554], responses to the Disclosure Statement Motion were due by October 6, 2025, and a hybrid hearing on the Disclosure Statement Motion has been scheduled for October 22, 2025, at 10:00 a.m. ("**Hearing Date**").

5. Argnt timely filed an Objection to the Disclosure Statement Motion ("**Objection**"), stating that (a) the Disclosure Statement Motion should be denied because the Plan is unconfirmable as it violates 11 U.S.C. § 1129, and (b) the Care Pavilion Cases should be dismissed because the Care Pavilion Debtors are unable to propose a feasible plan. [ECF No. 1598].

6. On October 9, 2025, Argnt filed a Motion to Dismiss Care Pavilion Cases ("**Motion to Dismiss**") [ECF No. 1609], asserting that the Care Pavilion Cases should be dismissed because (a) there is a substantial continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, and (b) the Care Pavilion Debtors are unable to propose a feasible plan.

## RELIEF REQUESTED

7. Local Bankruptcy Rule 9013-2 provides the procedure for an expedited hearing and states that a "motion including a request for expedited hearing shall specify: (1) the substantive relief sought; (2) just cause to request consideration of the underlying matter on an expedited basis; (3) the specific harm the movant shall incur if a hearing is not granted on an expedited basis; and (4) the need for an expedited hearing has not been caused by any lack of due diligence on the part of the attorney or the attorney's client but has been brought about solely be circumstances beyond their control." W. PA. LBR 9013-2.

8. Argnt requests an expedited hearing to consider the Motion to Dismiss and requests that the Court set the hearing on the Motion to Dismiss for October 22, 2025, at 10:00 a.m., which is the Hearing Date scheduled to consider the Disclosure Statement Motion and Objection.

9. There is just cause to consider this relief on an expedited basis.

10. Scheduling a hearing on the Motion to Dismiss on an expedited basis preserves judicial economy, as consideration of the Disclosure Statement Motion, Objection, and Motion to Dismiss involve related arguments and analyses and counsel for the Debtor and Creditors' Committee have already been notified of the Hearing Date.

11. Argnt and other creditors of the Care Pavilion Debtors will incur harm if the Motion to Dismiss is not heard on an expedited basis because the longer the Care Pavilion Cases remain

open, the more administrative expenses increase, diminishing the bankruptcy estate and impairing creditor recovery.

12. The need for an expedited hearing on the Motion to Dismiss has not been caused by any lack of due diligence on behalf of Argnt or Argnt's counsel but has been brought about solely be circumstances beyond their control.

13. The shortened period for review and response to the Motion to Dismiss should not prejudice any parties.

## CONCLUSION

WHEREFORE, Argnt respectfully requests that this Honorable Court issue an Order scheduling an expedited hearing to consider the Motion to Dismiss Care Pavilion Cases for October 22, 2025, at 10:00 a.m. and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 9, 2025

TUCKER ARENSBERG, P.C.

*/s/ Michael A. Shiner*
Michael A. Shiner, Esq.
PA ID No. 78088
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mshiner@tuckerlaw.com

*Counsel for Argnt Holdings, LLC*

## CERTIFICATE OF SERVICE

    I certify under penalty of perjury that on October 9, 2025, a true and correct copy of the *Motion to Expedite Argnt Holdings, LLC's Motion to Dismiss Care Pavilion Cases* filed by Argnt Holdings, LLC, was served on all parties requesting electronic notice via the Court's CM/ECF System.

                                                           */s/ Michael A. Shiner*
                                                           Michael A. Shiner, Esquire

TADMS:21024246-1:041925-203636