**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

FILED
10/31/25 4:43 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

| | |
|---|---|
| In re: | Case No.: 24-70418-JAD |
| POTTSVILLE OPERATIONS, LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, *et al.*, | Docket No. 1694 |
| | Related to Docket No.: 1664 |
| | Hearing Date: |
| Movant, | Hearing Time: |
| -vs- | Response Deadline: |
| No Respondent. | |

**ORDER GRANTING MOTION TO ENLARGE**
**SOLICITATION AND CONFIRMATION SCHEDULE DEADLINES**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors of

Pottsville Operations, LLC *et al.*, (the "Committee") for entry of an order (this "Order"), enlarging

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

25201017.v3

the Solicitation and Confirmation Schedule Deadlines and; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Committee's notice of the Motion was appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Confirmation Schedule is hereby enlarged and approved as follows and as set forth herein:

| Event | Date[3] |
|---|---|
| Solicitation Deadline | November 14, 2025, or as soon as reasonably practicable thereafter |
| Plan Supplement Filing Deadline | December 2, 2025 |
| Deadline to File 3018 Motion | December 9, 2025, at 4:00 pm |
| Plan Objection Deadline | December 19, 2025, at 4:00 pm |
| Voting Deadline | December 19, 2025, at 4:00 pm |
| Deadline to File Confirmation Brief | January 7, 2026 |

---

[3] All times are prevailing Eastern Time.

25201017.v3

| Plan Objections Response Deadline | January 7, 2026 |
|---|---|
| Deadline to File Ballot Report | January 7, 2026 |
| Combined Hearing | January 13, 2026, at: 11:00 a.m. |

3.  The Combined Hearing, at which time this Court will consider, among other things, confirmation of the Plan and the adequacy of the Disclosure Statement, shall be held on January 13, 2026, at 11:00 a.m. prevailing Eastern Time in Courtroom D, 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh PA 15219. To appear via Zoom, please see Judge Deller's procedures regarding remote participation.

4.  Any motion filed pursuant to Bankruptcy Rule 3018 shall be filed on or before December 9, 2025, at 4:00 p.m., prevailing Eastern Time.

5.  Any objections to confirmation of the Plan shall be filed on or before December 19, 2025, at 4:00 p.m. prevailing Eastern Time.

6.  Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or before January 7, 2026.

7.  The Plan Supplement Filing Deadline of December 2, 2025, is approved.

8.  The Voting Deadline of December 19, 2025, is approved.

9.  In the event that the Committee seeks to convert the Care Pavilion Cases to cases under chapter 7 of the Bankruptcy Code prior to the Solicitation Deadline, the Committee is authorized to file and solicit votes for or against a revision to the *First Amended Plan of Liquidation Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* (the "Pending Plan") [Docket No. 1657-1] that seeks confirmation only as to the Pottsville Debtors' estates and with all provisions seeking relief in the Care Pavilion Cases removed (a "PA6 Only Plan"). The Committee is also authorized to file and solicit a revision to the *First Amended Disclosure Statement Submitted by the Official Committee of Unsecured*

25201017.v3

3

*Creditors Under Chapter 11 of the Bankruptcy Code* (the "Pending Disclosure Statement") [Docket No. 1658-1] that relates only to the Pottsville Debtors' estates and with all provisions related to the Care Pavilion Cases removed (a "PA6 Only Disclosure Statement").

10. The Committee is authorized to solicit a PA6 Only Plan and a PA6 Only Disclosure Statement without further order of the Court, provided such PA6 Only Plan and PA6 Only Disclosure Statement make no substantive changes to the relief requested in the Pending Plan and Pending Disclosure Statement as to Pottsville Debtors, their estates, and their creditors. In such instance, the Committee shall file a notice of revised plan and a notice of revised disclosure statement with versions clearly showing the differences between the PA6 Only Plan and the Pending Plan as well as the PA6 Only Disclosure Statement and the Pending Disclosure Statement prior to the Solicitation Deadline.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DATED:  October 31, 2025

_____ jsf
Hon. Jeffery A. Deller
United States Bankruptcy Judge

25201017.v3