**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>POTTSVILLE OPERATIONS, LLC, *et al.*,[1]<br><br>       Debtors. | Case No.: 24-70418-JAD<br><br>Chapter 11<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF<br>POTTSVILLE OPERATIONS, LLC, *et al.*,<br><br><br>       Movant,<br><br>-vs-<br><br><br>NO RESPONDENTS. | Related Docket No: 1664, 1695, 1710, and 1711<br><br><br>**Hearing Date: January 13, 2026, at 11:00 a.m** |

**NOTICE OF COMBINED HEARING ON CONFIRMATION OF THE PLAN AND**
**THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION**

**NOTICE IS HEREBY GIVEN** as follows:

On November 14, 2025, the Official Committee of Unsecured Creditors of Pottsville Operations, LLC *et al.*, (the "Creditors' Committee"), filed the *Second Amended Plan of Liquidation Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

25237057.v1

*Bankruptcy Code* [Docket No. 1710-1] (the "Second Amended Plan") and *Second Amended Disclosure Statement Submitted by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1711-1] (the "Second Amended Disclosure Statement") pursuant to sections 1125 and 1126 of the Bankruptcy Code.[2] **Copies of the Second Amended Plan and the Second Amended Disclosure Statement may be obtained upon request of the Creditors' Committee's counsel at the address specified below, and are available for inspection for a fee on the Bankruptcy Court's website at www.pawb.uscourts.gov or free of charge on the Debtors' restructuring website at https://cases.stretto.com/pottsville.**

### COMBINED HEARING ON CONFIRMATION
### OF THE SECOND AMENDED PLAN AND THE SECOND AMENDED
### DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION

The hearing (the "Combined Hearing") will be held before the Honorable Jeffery A. Deller, United States Bankruptcy Judge, the United States Bankruptcy Court, 600 Grant St., Courtroom D, U.S. Steel Tower, 54th Fl., Pittsburgh, PA 15219, on **January 13, 2026, at 11:00 a.m., prevailing Eastern Time**, to consider confirmation of the Second Amended Plan, the adequacy of information contained in the Second Amended Disclosure Statement, any objections thereto, and any other matter that may properly come before the Bankruptcy Court. Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Creditors' Committee without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice. All hearings are conducted virtually and in person.

Effective for hearings on or after September 15, 2025, any parties who wish to participate virtually in the Combined Hearing may do so via Zoom. All parties participating remotely must register by submitting a registration form via the link published on Judge Deller's website by no later than 4 p.m. on the business day prior to the scheduled hearing, at which time the registration portal will close. The Zoom registration form is unique to each hearing date, and participants must register using the link that corresponds to the correct hearing date and include the following information:

- The participant's name, email address, and telephone number;
- The name of the party or parties whom the participant represents;
- Any other required information.

**PARTIES WHO FAIL TO TIMELY REGISTER MAY NOT BE ADMITTED TO THE ZOOM COURTROOM AND WILL BE EXPECTED TO ATTEND IN PERSON. THE FAILURE TO ATTEND IN PERSON MAY RESULT IN THE COURT DEEMING THEIR APPEARANCE WAIVED.**

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

25237057.v1

## INFORMATION REGARDING THE PLAN AND DISCLOSURE STATEMENT

**Conditional Approval and Procedures Order**. On October 22, 2025, the Court entered an order [Docket No. 1664] (the "Conditional Approval and Procedures Order") conditionally approving the Disclosure Statement for solicitation purposes only. On October 31, 2025, the Court entered an order [Docket No. 1695] (the "Solicitation Enlargement Order") enlarging the solicitation deadlines as previously approved in the Conditional Approval and Procedures Order.

**Voting Record Date**. The voting record date is October 22, 2025, which is the date for determining which Holders of Claims in Classes 3, 5, and 6 of the Plan are entitled to vote.

**Objections to the Plan and Disclosure Statement**. The deadline for filing objections (each, a "Combined Objection") to the Plan and the Disclosure Statement is December 19, 2025, at 4:00 p.m., prevailing Eastern Time (the "Combined Objection Deadline"). Any such Objections must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties (as defined herein) so as to be actually received by the Plan Objection Deadline.

Objections must be filed with the Bankruptcy Court and served so as to be actually received no later than December 19, 2025, at 4:00 p.m., prevailing Eastern Time, by those parties who have filed a notice of appearance in the Debtors' Chapter 11 Cases as well as the following parties (the "Notice Parties"):

**The Creditors' Committee**:

Andrew C. Helman (*pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

and

Lauren M. Macksoud (*pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

and

Thomas D. Maxson (Pa. ID 63207)
Dentons Cohen & Grigsby, P.C.

25237057.v1

625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Phone: (412) 297-4706
Email: thomas.maxson@dentons.com

**U.S. Trustee:**                              William M. Buchanan
DOJ-UST
1000 Liberty Avenue, Ste. 1316
Pittsburgh, PA 15222
Phone: (412) 644-4779
Email: william.buchanan@usdoj.gov

**UNLESS A COMBINED OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

### SUMMARY OF PLAN TREATMENT

The following chart summarizes the treatment provided by the Plan to each class of Claims against the Debtors and indicates the voting status of each class.

| Category of Claim or Interest | Impaired or Unimpaired | Entitled to Vote on Plan (yes/no) | Projected Recovery |
|---|---|---|---|
| Unclassified Claims (including Administrative Claims, Professional Fee Claims, and U.S. Trustee Fees) | Unimpaired | No | 100% |
| Class 1: Pottsville Secured Lender's Claim | Unimpaired | No | 100% |
| Class 2: Pottsville Other Secured Claims | Unimpaired | No (deemed to accept Plan) | 100% |
| Class 3: Pottsville Priority Tax Claims | Impaired | Yes | 33.1% - 47.1% |

4

25237057.v1

| Category of Claim or Interest | Impaired or Unimpaired | Entitled to Vote on Plan (yes/no) | Projected Recovery |
|---|---|---|---|
| Class 4: Pottsville Priority Unsecured Non-Tax Claims | Unimpaired | No (deemed to accept Plan) | 100% |
| Class 5: Pottsville General Unsecured Claims | Impaired | Yes | 33.1% - 47.1% |
| Class 6: Pottsville Insured Claim | Impaired | Yes | N/A[3] |
| Class 7: Pottsville Intercompany Claims | Impaired | No (deemed to reject Plan) | 0% |
| Class 8: Pottsville Interests | Impaired | No (deemed to reject Plan) | 0% |

## INJUNCTIONS AND EXCULPATION

Please be advised that the Plan contains certain exculpation and injunction provisions as follows:

## RELEVANT DEFINITIONS

**UNDER THE PLAN, "EXCULPATED PARTIES"** means, collectively, and in each case, solely in the capacities as such: (a) the Debtors; (b) the Creditors' Committee and the members of the Creditors' Committee; (c) with respect to each of the foregoing Entities, all Professionals who acted on their behalf in connection with the matters as to which exculpation is provided herein; and (d) the Post-Petition Officers.

## RELEASE OF LIENS

As of the Effective Date, all Liens against any Pottsville Liquidating Trust Assets to be distributed under the Plan shall be fully released, and all of the right, title, and interest of any Holder of such Liens, including any rights to any collateral thereunder, shall attach to and be enforceable solely against any net proceeds of sales of such Pottsville Liquidating Trust Assets. For the avoidance of doubt, all mortgages, deeds of trust, Liens, pledges, or other security interests against any Pottsville Liquidating Trust Assets shall be fully released on the Effective Date without any further action of any party, including, but not limited to, further order of the Bankruptcy Court or filing updated Schedules or statements typically filed pursuant to the Uniform Commercial Code.

---

[3]   Paid from proceeds of available Insurance Policies.

### CANCELLATION OF NOTES AND INSTRUMENTS

As of the Effective Date, all notes, agreements, and securities evidencing Claims and the rights thereunder of the Holders thereof, shall, with respect to the Debtors, be canceled and terminated, and such instruments shall evidence no such rights, except the right to receive the Distributions provided for in this Plan.

### EXCULPATION

**I.        Effective as of the Effective Date, to the extent permitted under sections 1103(c) and 1125(e) of the Bankruptcy Code, and except as otherwise specifically provided in this Plan, the Exculpated Parties, to the extent of such Exculpated Party's involvement in the Chapter 11 Cases, shall neither have nor incur any liability to any Entity or Person for any claims or causes of action arising on or after either the Pottsville Petition Date and before the Effective Date for any act taken or omitted to be taken in connection with, or related to: (i) the Chapter 11 Cases; (ii) formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the consummation of the Plan, the Disclosure Statement, or any other contract, instrument, release, or other agreement or document created or entered into in connection with the Plan; or (iii) the approval of the Disclosure Statement or confirmation or consummation of the Plan; provided, however, that the foregoing provisions shall have no effect on the liability of any Entity or Person that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted actual fraud, gross negligence, or willful misconduct; provided, further, however, that, for the avoidance of doubt, any such exculpation shall not act or be construed to exculpate, channel, release, enjoin, or otherwise affect any civil or criminal enforcement action by a Governmental Unit; provided, further, however, that the Exculpated Parties shall each be entitled to rely upon the advice of counsel concerning their duties pursuant to, or in connection with, the above-referenced documents, actions, or inactions.**

**II.        The Exculpated Parties have, and upon confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and Distributions pursuant to the Plan, and, therefore, are not, and on account of such Distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such Distributions made pursuant to the Plan.**

**III.        None of the Non-Released Parties shall be Exculpated Parties.**

### INJUNCTION

**I.        FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES WHOSE CLAIMS HAVE BEEN RELEASED, DISALLOWED, EXCULPATED, OR SETTLED UNDER THIS PLAN SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED, DISALLOWED, EXCULPATED, OR SETTLED, OR TO BE RELEASED,**

25237057.v1

**DISALLOWED, EXCULPATED, OR SETTLED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.**

**II. FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE EXCULPATION GRANTED IN ARTICLE 9.1 OF THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT ARE SUBJECT TO THE EXCULPATORY PROVISIONS OF ARTICLE 9.1, SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION, OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED, DISALLOWED, EXCULPATED, OR SETTLED OR TO BE RELEASED, DISALLOWED, EXCULPATED, OR SETTLED UNDER THE PLAN.**

**III. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT ARE SUBJECT TO THE EXCULPATORY PROVISIONS OF ARTICLE 9.1, SHALL BE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, DISALLOWED, EXCULPATED, OR SETTLED PURSUANT TO THE PLAN; AND (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM WITH THE PROVISIONS OF THE PLAN TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW.**

DATED: November 18, 2025      By: /s/ *Andrew C. Helman*
                                            Andrew C. Helman (admitted *pro hac vice*)
                                            Dentons Bingham Greenebaum LLP
                                            One City Center, Suite 11100
                                            Portland, ME 04101
                                            Phone: (207) 619-0919
                                            Email: andrew.helman@dentons.com

7

and

By: */s/ Thomas D. Maxson*
Thomas D. Maxson (Pa. ID 63207)
Dentons Cohen & Grigsby, P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Phone: (412) 297-4706
Email: thomas.maxson@dentons.com

and

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

*Counsel to the Official Committee of Unsecured
Creditors of Pottsville Operations, LLC, et. al*

25237057.v1