**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | **Case No.: 24-70418-JAD** |
| **POTTSVILLE OPERATIONS, LLC, *et al.*,**[1] | **Chapter 11** *Jointly Administered* |
| **Debtors.** | **Doc. No.:** 2485 |
| **POTTSVILLE OPERATIONS, LLC, *et al.*,**[2] | **Related to Document No.: 2418** |
| **Movants,** | **Hearing Date: September 29, 2026** |
| **-vs-** | **Hearing Time: 10:00 a.m. (EST)** |
| **NO RESPONDENTS.** | **Response Deadline: September 21, 2026** |

FILED
10/7/26 3:44 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**ORDER (I) DISMISSING THE CARE PAVILION CASES; (II) APPROVING ALLOCATION OF SETTLEMENT PAYMENT; (III) EXCULPATING CERTAIN PARTIES FROM LIABILITY IN CONNECTION WITH THE CARE PAVILION CASES (IV) TERMINATING ENGAGEMENT OF CLAIMS AGENT; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[3] of the Care Pavilion Debtors for entry of an order (this "Order") (a) dismissing the Care Pavilion Cases; (b) approving allocation of the Settlement Payment; (c) exculpating certain parties in connection with the Care Pavilion Cases; (d) terminating the services of Stretto, Inc. as claims and noticing agent (the "Claims Agent") in these

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] The applicable Debtors in the Motion are the Care Pavilion Debtors.

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

Care Pavilion Cases; and (e) granting related relief, pursuant to sections 105(a), 305(a), 349, and 1112(b) of the Bankruptcy Code, Bankruptcy Rule 1017(a), and Local Rule 1017-2; and the Court having jurisdiction to consider the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing that no other or further notice need be provided; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. All objections and responses to the Motion or the relief requested therein that have not been withdrawn, waived, resolved by agreement and/or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Without further action by this Court, an amount not to exceed $100,000 of the Settlement Payment is hereby allocated to the Care Pavilion Debtors for payment of any non-professional fee administrative expense claims. The balance of the Settlement Payment is hereby allocated to the Liquidating Trust. The holder of any non-professional fee administrative expense claim shall file a notice of claim with the Care Pavilion Debtor by no later than October 29, 2026. Any portion of the $100,000 allocated to the Care Pavilion Debtors not paid to or reserved for a holder of a non-professional fee administrative expense claimant by November 12, 2026, shall be turned over to the Liquidating Trust.

4. All Final Fee Applications for professionals retained in the Care Pavilion Cases must be filed on or before October 27, 2026, and any objections to the Final Fee Applications must be filed on or before November 10, 2026. To the extent that a hearing on any of the Final Fee

Application is deemed necessary by this Court, such hearing shall be held on December 15, 2026 at 11:00 a.m. (EST). In Courtroom D, 54th Flr, U.S. Steel Tower, 600 Grant Street, Pittsburgh PA 15219.

5. Pursuant to sections 1112(b), 305(a), and 105(a) of the Bankruptcy Code, the effectiveness of dismissal of the Care Pavilion Cases shall occur as set forth in Paragraph 7 of this Order.

6. Following entry of the Final Orders relating to the Final Fee Applications, the Care Pavilion Debtors shall file a Notice with the Court, indicating that all Final Fee Applications have been fully and finally resolved or adjudicated (the "Notice").

7. Following the Care Pavilion Debtors' filing of the Notice, the Clerk of the Court shall enter this Order individually on each of the dockets of the Care Pavilion Cases and thereafter each docket shall be marked as "Closed." The date upon which the Care Pavilion Cases are marked "closed" shall be deemed the "Dismissal Date" for purposes of this Order.

8. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Care Pavilion Cases or any related adversary proceeding, including, without limitation, the Sale Order and the DIP Orders, shall remain final and in full force and effect, shall be unaffected by the dismissal of the Care Pavilion Cases, and are specifically preserved for all preclusive purposes, including, without limitation, collateral estoppel and *res judicata*.

9. Within ten (10) business days of the Dismissal Date, the Care Pavilion Debtors shall remit all accrued and unpaid fees owed to the Office of the United States Trustee.

10. Entry of this Order is without prejudice to (a) the rights of the Care Pavilion Debtors or any other party in interest to seek to reopen the Care Pavilion Cases for cause pursuant to section

350(b) of the Bankruptcy Code, and (b) the right of the Care Pavilion Debtors or any other parties in interest to dispute, object to, or resolve all claims that were filed against the Care Pavilion Debtors in the Care Pavilion Cases.

11. Upon occurrence of the Dismissal Date, the Claims Agent is relieved of its responsibilities in these Care Pavilion Cases; *provided*, *however*, that the Claims Agent shall provide the services described in this paragraph. Within fourteen (14) days of entry of this Order, the Claims Agent shall: (i) prepare final claims registers for the Clerk's Office pursuant to any current guidelines for implementing 28 U.S.C. § 156(c); (ii) box and transport all claims to the Federal Archives, at the direction of the Clerk's Office; and (iii) to the extent not already uploaded, upload the creditor mailing list into CM/ECF. Should the Claims Agent receive any mail regarding the Care Pavilion Cases after entry of this Order, the Claims Agent shall collect and forward such mail monthly, to counsel for the Care Pavilion Debtors; *provided*, *however*, that the Claims Agent is authorized to destroy any undeliverable mail, correspondence, or other documents that it has in its possession related to the Care Pavilion Debtors, other than the mail referenced in this paragraph

12. From and after the date of entry of this Order, the Debtors, their directors, officers and employees of the Debtors who served during any portion of these Chapter 11 Cases, and the Debtors' professionals retained in these Chapter 11 Cases, the Committee and the Committee's professionals retained in these Chapter 11 Cases (each an "Exculpated Party"), solely to the extent they acted as an estate fiduciary, shall be exculpated from any liability for any act taken or omitted to be taken in good faith from the Petition Date through the date of entry of this Order in connection with or related to the Chapter 11 Cases, including but not limited to, the implementation of this Order (other than an act in contravention of this Order), except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such Exculpated Party.

13. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of any motion filed or order of this Court entered in these Care Pavilion Cases, including, without limitation, the Sale Order, and to rule on the allowance of the interim and final compensation of professionals retained in these Care Pavilion Cases.

14. All orders allowing and approving the Final Fee Applications shall remain in full force and effect and shall not be subject to any further objection, challenge, contest, or dispute.

15. The Care Pavilion Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

BY THE COURT:

Dated: October 7, 2026

jsf

Jeffery A. Deller, Judge
United States Bankruptcy Court

Prepared and submitted:

By: */s/ Daniel R. Schimizzi*
Daniel R. Schimizzi (PA ID No. 311869)
*Local Counsel to the Debtors*
*And Debtors in Possession*

and

By: */s/ Thomas D. Maxson*
Thomas D. Maxson
*Counsel to the Official Committee of Unsecured*
*Creditors of Pottsville Operations, LLC, et. al.*