**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>POTTSVILLE OPERATIONS, LLC, *et al.*,[1]<br><br>Debtors. | Case No.: 24-70418-JAD<br><br>Chapter 11<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, et al.<br><br>Movant,<br><br>-vs-<br><br>No Respondent. | Related to Document No.:<br><br>Hearing Date: November 10, 2026<br><br>Hearing Time: 10:00 a.m. (prevailing Eastern Time)<br><br>Response Deadline: 4:00 p.m. EST, October 30, 2026 |

**SUMMARY COVER
SHEET OF THE FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF DENTONS AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS IN RELATION TO THE POTTSVILLE
DEBTORS FOR THE PERIOD OCTOBER 29, 2024, THROUGH AUGUST 27, 2026**

| | |
|---|---|
| Name of Applicant: | Dentons |
| Authorized to Provide Professional | The Official Committee of Unsecured |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

| | |
|---|---|
| Services to: | Creditors (the "Committee") of Pottsville Operations, LLC, *et al.* (the "Debtors") |
| Petition Date: | October 15, 2024 (Pottsville Debtors), November 18, 2024 (Care Pavilion Debtors) |
| Date of Retention Order: | January 13, 2025 [Docket No. 541] (effective as of October 29, 2024) |
| Period for Which Compensation and Reimbursement is Sought: | October 29, 2024, through August 27, 2026 (the "Compensation Period") |
| Total Amount of Fees Requested in Compensation Period: | **$1,322,916.80** |
| Total Amount of Reimbursement for Expenses Requested in Compensation Period: | **$6,505.77** |
| Estimated Amount Requested in Connection with Preparation of Final Fee Application: | **$25,000.00** |
| Total Requested in Connection with Final Application: | **$1,354,422.57** |
| Blended Hourly Rate in Compensation Period: | **$712.36** |
| Retainer: | No Retainer has been obtained |

**This is a Final Fee Application.**



27347526.v1

**Dentons filed consolidated monthly fee statements and interim fee applications for services provided with respect to the Pottsville Cases and Care Pavilion Cases. The summary charts on this page reflect consolidated information for services provided with respect to both sets of cases.**

**All other charts on the subsequent pages contain information specific to the Pottsville Cases and services provided therein.**

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| DATE FILED | PERIOD COVERED | REQUESTED | | UNOPPOSED | | PAID | | HOLDBACK FEES |
|---|---|---|---|---|---|---|---|---|
| | | FEES | EXPENSES | FEES | EXPENSES | FEES | EXPENSES | |
| 1/22/2025 | 10/29/2024<br>11/30/2024 | $175,067.20 | $1,525.47 | $175,067.20 | $1,525.47 | $175,067.20 | $1,525.47 | $43,766.80 |
| 1/22/2025 | 12/1/2024<br>12/31/2024 | $123,556.40 | $3,764.28 | $123,556.40 | $3,764.28 | $123,556.40 | $3,764.28 | $30,889.10 |
| 2/28/2025 | 1/1/2025<br>1/31/2025 | $120,069.60 | $165.65 | $120,069.60 | $165.65 | $120,069.60 | $165.65 | $30,017.40 |
| 3/31/2025 | 2/1/2025<br>2/28/2025 | $113,988.80 | $111.70 | $113,988.80 | $111.70 | $113,988.80 | $111.70 | $29,757.20 |
| 5/02/2025 | 3/1/2025<br>3/21/2025 | $137,798.40 | $937.18 | $137,798.40 | $937.18 | $137,798.40 | $937.18 | $34,449.60 |
| 12/17/2025 | 7/1/2025<br>7/31/2025 | $7,960.00 | $0.00 | $7,960.00 | $0.00 | $3,184.00 | $0.00 | $1,592.00 |
| 12/17/2025 | 9/1/2025<br>9/30/2025 | $21,017.50 | $0.00 | $21,017.50 | $0.00 | $8,634.00 | $0.00 | $4,203.50 |
| | **Totals:** | **$699,457.90** | **$6,504.28** | **$699,457.90** | **$6,504.28** | **$682,298.40** | **$6,504.28** | **$174,675.60** |

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| DATE FILED | PERIOD COVERED | ORDER ENTERED | REQUESTED | | ALLOWED | | PAID | |
|---|---|---|---|---|---|---|---|---|
| | | | FEES | EXPENSES | FEES | EXPENSES | FEES | EXPENSES |
| 03/13/2025 | 10/29/2024<br>01/31/2025 | 04/04/2025 | $511,314.50 | $5,455.40 | $511,314.50 | $5,455.40 | $511,314.50 | $5,455.40 |
| 07/03/2025 | 02/01/2025<br>05/31/2025 | 07/18/2025 | $502,865.50 | $1,313.01 | $502,865.50 | $1,313.01 | $208,733.50 | $1,313.01 |
| 11/26/2025 | 06/01/2025<br>10/31/2025 | 12/11/2025 | $271,557.00 | $179.00 | $271,557.00 | $179.00 | $271,557.00 | $179.00 |
| 06/08/2026 | 11/01/2025<br>03/31/2026 | 06/26/2026 | $305,389.80 | $328.96 | $305,389.80 | $328.96 | $247,017.46 | $0.00 |
| 08/21/2026 | 04/01/2026<br>06/30/2026 | 09/16/2026 | $236,499.20 | $0.00 | $236,499.20 | $0.00 | $0.00 | $0.00 |
| | **Totals:** | | **$1,827,626.00** | **$7,276.37** | **$1,827,626.00** | **$7,276.37** | **$1,238,622.46** | **$6,947.41** |

**SUMMARY OF COMPENSATION AND EXPENSES REQUESTED**
**<u>IN RELATION TO THE POTTSVILLE DEBTORS</u>**
**Compensation by Professional and Paraprofessional**

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Lauren Macksoud | Partner | Restructuring, Insolvency & Bankruptcy | 2003 | $1,075.00 | 187.6 | $201,670.00 |
| Lauren Macksoud | Partner | Restructuring, Insolvency & Bankruptcy | 2003 | $995.00 | 131.9 | $131,240.50 |
| Lauren Macksoud | Partner | Restructuring, Insolvency & Bankruptcy | 2003 | $950.00 | 70.4 | $66,880.00 |
| Thomas Maxson | Partner | Restructuring, Insolvency & Bankruptcy | 1991 | $925.00 | 72.4 | $66,970.00 |
| Thomas Maxson | Partner | Restructuring, Insolvency & Bankruptcy | 1991 | $875.00 | 63.1 | $55,212.50 |
| Thomas Maxson | Partner | Restructuring, Insolvency & Bankruptcy | 1991 | $835.00 | 50.6 | $42,251.00 |
| Andrew Helman | Partner | Restructuring, Insolvency & Bankruptcy | 2010 | $885.00 | 77.2 | $68,322.00 |
| Andrew Helman | Partner | Restructuring, Insolvency & Bankruptcy | 2010 | $825.00 | 275.5 | $227,287.50 |
| Carmin Grandinetti | Partner | Health Care | 1982 | $765.00 | 2.8 | $2,142.00 |
| Stefan Dann | Partner | Corporate | 2009 | $805.00 | 7.4 | $5,957.00 |
| Gregory A. Neibarger | Partner | Litigation | 1999 | $745.00 | 0.6 | $447.00 |
| Geoffrey Miller | Partner | Bankruptcy | 2012 | $995.00 | 21.4 | $21,293.00 |
| Winfield Ong | Of Counsel | Litigation | 1985 | $800.00 | 19.4 | $15,520.00 |
| Zachary Brandwein | Of Counsel | Litigation | 2016 | $650.00 | 37.8 | $24,570.00 |
| Kyle D. Smith | Managing Associate | Restructuring, Insolvency & Bankruptcy | 2019 | $535.00 | 3.4 | $1,819.00 |
| Kyle D. Smith | Managing Associate | Restructuring, Insolvency & Bankruptcy | 2019 | $495.00 | 38.6 | $19,107.00 |
| David K. Boydstun | Associate | Restructuring, Insolvency & Bankruptcy | 2021 | $480.00 | 128.9 | $61,872.00 |
| David K. Boydstun | Associate | Restructuring, Insolvency & Bankruptcy | 2021 | $450.00 | 311.2 | $140,040.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Patrick Navin | Associate | Restructuring, Insolvency & Bankruptcy | 2023 | $440.00 | 6.7 | $2,948.00 |
| Patrick Navin | Associate | Restructuring, Insolvency & Bankruptcy | 2023 | $405.00 | 32.3 | $13,081.50 |
| Henry Thomas | Associate | Restructuring, Insolvency & Bankruptcy | 2023 | $900.00 | 0.7 | $630.00 |
| Henry Thomas | Associate | Restructuring, Insolvency & Bankruptcy | 2023 | $750.00 | 96.2 | $72,150.00 |
| Patrick W. Wells | Managing Associate | Corporate | 2020 | $415.00 | 3.5 | $1,452.50 |
| Troy A. Lawrence | Associate | Bankruptcy | 2021 | $450.00 | 57 | $25,650.00 |
| Gregory Thomas | Associate | Litigation | 2023 | $350.00 | 4.6 | $1,610.00 |
| Campbell Flaherty | Associate | Real Estate | 2023 | $340.00 | 4.1 | $1,394.00 |
| Campbell Flaherty | Associate | Real Estate | 2023 | $360.00 | 5.8 | $2,088.00 |
| Jacob Margolies | Associate | Bankruptcy | 2021 | $440.00 | 13.1 | $5,764.00 |
| Jacob Margolies | Associate | Bankruptcy | 2021 | $465.00 | 2.6 | $1,209.00 |
| **Total for Attorneys:** | | | | | **1726.8** | **$1,280,577.50** |

| NAME OF PARAPROFESSIONAL OR STAFF MEMBER | POSITION | DEPARTMENT | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Michelle Graeb | Paralegal | Restructuring, Insolvency & Bankruptcy | $502.00 | 34.4 | $17,268.80 |
| Michelle Graeb | Paralegal | Restructuring, Insolvency & Bankruptcy | $470.00 | 16.6 | $7,802.00 |
| Michelle Graeb | Paralegal | Restructuring, Insolvency & Bankruptcy | $450.00 | 6.4 | $2,880.00 |
| George Medina | Paralegal | Restructuring, Insolvency & Bankruptcy | $650.00 | 4.7 | $3,055.00 |
| Samantha Hayes | Paralegal | Restructuring, Insolvency & Bankruptcy | $300.00 | 89.5 | $26,850.00 |
| Christiana R. French | Law Librarian | Library | $165.00 | 0.6 | $99.00 |
| **Total for Paraprofessionals:** | | | | **152.2** | **$57,954.80** |

| GROSS BILLINGS | TOTAL FEES REQUESTED |
|---|---|
| Total Attorney Billings | $1,280,577.50 |
| Total Paralegal Billings | $57,954.80 |
| **Total Hours Billed:** | **1879.0** |
| **Total Fees Billed:** | **$1,338,532.30** |
| **Blended Rate:** | **$712.36** |
| **Estimate for Preparing Final Fee Application** | **$25,000.00** |
| **Less Voluntary Discounts** | **($15,615.50)** |
| **Total Fees Requested:** | **$1,347,916.80** |

**Compensation by Time Period and Category Related to Pottsville Debtors**

| TASK CODE | TASK DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| B110 | Case Administration | 123.9 | $91,737.40 |
| B112 | Creditor Inquiries | 4.8 | $3,455.50 |
| B120 | Asset Analysis & Recovery | 105.6 | $75,612.50 |
| B130 | Asset Sales & Disposition | 131.5 | $103,743.50 |
| B140 | Adequate Prot./Relief from Stay | 4.5 | $3,436.50 |
| B150 | Meetings & Communications | 75.2 | $56,878.00 |
| B155 | Court Hearings | 18.7 | $14,144.50 |
| B160 | Employment Applications | 47.0 | $29,974.00 |
| B170 | Fee Applications | 288.2 | $130,967.50 |
| B180 | Avoidance Action Analysis | 30.0 | $22,661.00 |
| B185 | Assumption/Rejection of Leases | 0.7 | $632.50 |
| B190 | Litigation & Contested Matters | 243.1 | $152,325.20 |
| B195 | Non-Working Travel | 25.0 | $20,625.00 |
| B200 | Regulatory & Corporate Matters | 2.1 | $954.00 |
| B210 | Business Ops/Strategic Planning | 0.6 | $525.00 |
| B211 | Financial Reports | 9.7 | $8,067.50 |
| B230 | Financing/DIP/Cash Collateral | 36.7 | $30,681.50 |
| B250 | Real Estate | 0.4 | $180.00 |
| B300 | Claims and Plan | 6.8 | $7,214.00 |
| B310 | Claims Admin & Objections | 38.0 | $19,664.00 |
| B320 | Plan & Disclosure Statement | 660.7 | $550,646.20 |
| B400 | General Bankruptcy Advice | 24.5 | $13,432.00 |
| B420 | Restructurings | 1.3 | $975.00 |
| | **Totals:** | **1879.0** | **$1,338,532.30** |
| | Less Voluntary Discounts | | **($15,615.50)** |
| | **Total Fees Requested:** | | **$1,322,916.80** |



27347526.v1

**<u>Out-of-Pocket Expenses</u>**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| Travel – Airfare | $725.96 |
| Travel – Hotel/Lodging | $385.32 |
| Travel – Ground Transportation | $124.19 |
| Travel – Air Wi-Fi | $10.00 |
| Filing Fees (PA pro hac vice admission) | $280.00 |
| Lien Search | $3,750.00 |
| Postage | $22.04 |
| External Research | $157.89 |
| Travel – Air Wi-Fi | $37.00 |
| Travel – Ground Transportation | $88.65 |
| Travel – Hotel/Lodging | $175.56 |
| Travel – Parking | $30.00 |
| Travel – Meals | $41.48 |
| Court Reporting/Transcripts (Federal Court Daily) | $117.45 |
| PACER | $3.10 |
| Postage | $60.27 |
| Transcripts | $167.90 |
| Legal Research (Lexis) | $323.36 |
| Miscellaneous | $5.60 |
| **Total Expenses:** | **$6,505.77** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>POTTSVILLE OPERATIONS, LLC, *et al.*,[1]<br><br>Debtors. | Case No.: 24-70418-JAD<br><br>Chapter 11<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POTTSVILLE OPERATIONS, LLC, et al.<br><br>Movant,<br><br>-vs-<br><br>No Respondent. | Related to Document No.:<br><br>Hearing Date: November 10, 2026<br><br>Hearing Time: 10:00 a.m. (prevailing Eastern Time)<br><br>Response Deadline: 4:00 p.m. EST, October 30, 2026 |

**FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**OF DENTONS AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS IN RELATION TO THE POTTSVILLE**
**DEBTORS FOR THE PERIOD OCTOBER 29, 2024, THROUGH AUGUST 27, 2026**

Dentons,[2] in its capacity as counsel to the Official Committee of Unsecured Creditors (the "Committee") of Pottsville Operations, LLC, *et al.* (collectively, the "Debtors"), hereby submits

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively, the "Pottsville Debtors" and the Pottsville Debtors' chapter 11 cases are collectively referred to as the "Pottsville Cases") and Bedrock Care, LLC (9115); Care Pavilion Operating, LLC (7149); Cliveden Operating, LLC (6546); MAPA Operating, LLC (3750); Maplewood Operating, LLC (0850); Milton Operating, LLC (5523); Parkhouse Operating, LLC (0140); Tucker Operating, LLC (4305); Watsontown Operating, LLC (0236); and York Operating, LLC (2571) (collectively the "Care Pavilion Debtors" and the Care Pavilion Debtors' chapter 11 cases are collectively referred to as the "Care Pavilion Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

[2] The term "Dentons" includes attorneys from Dentons US LLP ("DUS"), Dentons Cohen & Grigsby P.C. ("DCG"), and Dentons Bingham Greenebaum LLP ("DBG," and together with DCG and DUS, "Dentons"), all of which are members of the Dentons Group, a Swiss verein.

this final fee application (the "Application") seeking an order authorizing payment of compensation to Dentons on a final basis for professional services rendered and expenses incurred in relation to the Pottsville Debtors during the period beginning on October 29, 2024, and ending on August 27, 2026 (the "Compensation Period").

In support of this Application, Dentons states as follows:

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are sections 330 and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Western District of Pennsylvania (the "W. PA. LBR").

**BACKGROUND AND PROCEDURAL HISTORY**

4. On October 15, 2024, and November 18, 2024 (the "Petition Dates"), the Debtors filed voluntary petitions with this Court commencing these chapter 11 cases.

5. The United States Trustee (the "UST") appointed the Committee for the Pottsville Cases pursuant to section 1102(a)(1) of the Bankruptcy Code on October 25, 2024 [Docket No. 108].

6. On November 26, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Official Committee of Unsecured Creditors Effective as of October 29, 2024* [Docket No. 314] (the "Retention Application").

7. On December 4, 2024, the UST filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* with respect to the Care Pavilion Cases [Docket No. 328].

8. On December 31, 2024, Dentons filed a *Supplement to Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Official Committee of Unsecured Creditors Effective as of October 29, 2024* [Docket No. 479].

9. On January 13, 2025, the Court entered a default *Order Granting Application of the Official Committee of the Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Committee of Unsecured Creditors Effective as of October 29, 2024* [Docket No. 541] (the "Retention Order"), attached hereto as **Exhibit A**, in accordance with W. PA. LBR 2016-1(b).

10. As set forth in the Retention Application and Retention Order, Dentons was authorized to render the following non-exclusive list of services for the Committee:

A. Advise the Committee with respect to its rights, duties, and powers in this case;

B. Assist and advise the Committee in its consultations with the Debtors relating to the administration of this case;

C. Assist the Committee in analyzing the claims of the Debtors' creditors, the Debtors' capital structure, and in negotiating with the holders of claims and, if appropriate, equity interests;

D. Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and other parties involved with the Debtors and of the operation of the Debtors' businesses;

E. Assist the Committee in its analysis of, and negotiations with the Debtors or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for

the Debtors;

F. Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

G. Represent the Committee at all hearings and other proceedings;

H. Review, analyze, and advise the Committee with respect to applications, orders, statements of operations, and schedules filed with the Court;

I. Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

J. Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

11. On December 9, 2024, the Court entered the *Amended Order Approving Procedures for (A) Interim Compensation and Reimbursement of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* (the "Interim Compensation Order") [Docket No. 350]. The Interim Compensation Order permitted Professionals (as defined therein) to submit Monthly Fee Statements (as defined therein) to the following Notice Parties (as defined therein): the Debtors, the Debtors' bankruptcy counsel, the UST, counsel to the Committee, and any other party designated by the Court as a Notice Party.

12. On March 13, 2025, pursuant to the Interim Compensation Order, Dentons filed and served its *First Interim Application for Compensation and Reimbursement of Expenses of Dentons as Counsel to the Official Committee of Unsecured Creditors for the Period October 29, 2024, Through January 31, 2025* [Docket No. 805] (the "First Interim Compensation"); requesting professional fees in the amount of $511,314.50 which was net of the voluntary reduction in the amount of $19,775.00 summed in with expenses incurred during the Compensation Period in the amount of $5,455.40 for the total of $516,769.90. The First Interim Compensation was approved on April 4, 2025 [Docket No. 908].

13. On July 3, 2025, pursuant to the Interim Compensation Order, Dentons filed and served its *Second Interim Application for Compensation and Reimbursement of Expenses of Dentons as Counsel to the Official Committee of Unsecured Creditors for the Period of February 1, 2025, Through May 31, 2025* [Docket No. 1356] (the "Second Interim Compensation"); requesting professional fees in the amount of $502,865.50 which was net of the voluntary reduction in the amount of $16,080.00 summed in with expenses incurred during the Compensation Period in the amount of $1,313.01 for the total of $504,178.51. The Second Interim Compensation was approved on July 18, 2025 [Docket No. 1379].

14. On November 26, 2025, pursuant to the Interim Compensation Order, Dentons filed and served its *Third Interim Application for Compensation and Reimbursement of Expenses of Dentons as Counsel to the Official Committee of Unsecured Creditors for the Period of June 1, 2025, Through October 31, 2025* [Docket No. 1740] (the "Third Interim Compensation"); requesting professional fees in the amount of $271,557.00 summed in with expenses incurred during the Compensation Period in the amount of $179.00 for the total of $271,736.00. The Third Interim Compensation was approved on December 11, 2025 [Docket No. 1784].

15. On June 8, 2026, pursuant to the Interim Compensation Order, Dentons filed and served its *Fourth Interim Application for Compensation and Reimbursement of Expenses of Dentons as Counsel to the Official Committee of Unsecured Creditors for the Period of November 1, 2025, Through March 31, 2026* [Docket No. 2195] (the "Fourth Interim Compensation"); requesting professional fees in the amount of $305,389.80 summed in with expenses incurred during the Compensation Period in the amount of $328.96 for the total of $305,718.76. The Fourth Interim Compensation was approved on June 26, 2026 [Docket No. 2224].

16. On August 21, 2026, pursuant to the Interim Compensation Order, Dentons filed and served its *Fifth Interim Application for Compensation and Reimbursement of Expenses of*

*Dentons as Counsel to the Official Committee of Unsecured Creditors for the Period of April 1, 2026, Through June 30, 2026* [Docket No. 2393] (the "Fifth Interim Compensation"); requesting professional fees in the amount of $236,499.20 and expenses in the amount of $0.00 for the total of $236,499.20. The Fifth Interim Compensation was approved on September 16, 2026 [Docket No. 2454].

17. Dentons filed monthly fee statements for certain months during the Compensation Period, as summarized in the summary cover sheet to this Application, and has not filed monthly fee statements for the remaining months covered by the Compensation Period.

## COMPENSATION AND REIMBURSEMENT REQUEST

18. By this Application, Dentons seeks allowance, on a final basis, of professional fees incurred in relation to the Pottsville Debtors during the Compensation Period in the amount of **$1,322,916.80**, reimbursement of expenses incurred during the Compensation Period in the amount of **$6,505.77**, and estimated fees of **$25,000.00** in connection with preparing the Application for a total of **$1,354,422.57** in requested compensation.

19. Pursuant to W. PA. LBR 2016-1(b), a detailed statement setting forth billing rates, total hours billed, and total amounts billed for each professional and paraprofessional at Dentons during the Compensation Period is contained on pages 4 through 6 of the summary sheet to this Application. Further, pursuant to W. PA. LBR 2016-1(c), a narrative description of services rendered by Dentons is contained in the Summary of Services section of this Application. This narrative description is organized by billing task code together with summary totals that set forth the hours worked and total fees sought in connection with each category in compliance with the requirements of W. PA. LBR 2016-1(c).

20. Dentons holds no retainer and was not provided a retainer as a condition of its employment.

21. No understanding exists between Dentons and any other person for the sharing of the compensation sought by this Application except within the firm. In addition, no payments have been made or promised to Dentons for services rendered or to be rendered in connection with the case, except as set forth in Dentons' Retention Application.

22. Dentons is a disinterested party and does not represent any entity holding an interest adverse to these chapter 11 cases.

23. Dentons has substantial experience in such areas as restructuring law and the other matters for which it was retained in this case. Dentons' team has counseled the Committee in these areas since the date of the firm's retention.

**SUMMARY OF SERVICES**

24. Dentons and its professionals have served as counsel to the Committee for the matters set forth in the Retention Application. The scope of work performed by Dentons focused on the specific needs of the Committee and its constituency at the time of Dentons' retention.

25. While it is not possible to summarize every task performed by Dentons since being engaged by the Committee, major tasks performed in relation to the Pottsville Debtors during the Compensation Period are described below, and each time entry in the Billing Detail has a billing task code identified and each invoice contains a summary per billing task code. **Please note that the hours and dollar amounts in the following totals reflect gross amounts and do not reflect any voluntary discounts.**

**B100 & B110 – Case Administration**[3]
Total Hours: 123.9 – Total Amount: $91,737.40

26. Case Administration is a catch-all category designed to include various aspects of

[3] Business units within Dentons (including DBG, DUS, and DCG) utilize substantially similar, but slightly different, variants of task codes. The following narrative description covers work performed and billed to task codes B100 and B110, which both cover general case administration.

administering the case or providing general legal advice to the Committee. Over the course of the Compensation Period, the time billed to this task code included preparing notices of appearance and *pro hac vice* applications at the outset of the case, consideration of ongoing work and strategy in the case, reviewing general motions and other pleadings, reviewing the docket, calendaring deadlines, reviewing budget, variance, and operational reports prepared by the Debtors' and the Committee's financial advisors, and conducting general research and pleading drafting.

27. Dentons believes that the services it provided benefited the Committee and its constituents and that the expense for such services is reasonable.

**B112 – Creditor Inquiries**
Total Hours: 4.8 – Total Amount: $3,455.50

28. Creditor Inquiries is a billing task code used to record communications with specific creditors who contacted the Committee. During the Compensation Period, these communications were in fulfillment of the Committee's duties under section 1102(b)(3)(A) of the Bankruptcy Code, which requires the Committee to provide information to creditors who are represented by the Committee. In the later stages of these cases, these communications also included meetings with plan objectors and their representatives to discuss outstanding discovery issues, potential settlement frameworks, and the Committee's position on disputed matters, which facilitated the exchange of information necessary to evaluate potential consensual resolutions while protecting the interests of the general unsecured creditor body.

29. Dentons believes these communications provided value to the Committee, its constituents, and helped the Committee fulfill its obligations under section 1102(b)(3)(A) of the Bankruptcy Code.

**B120 – Asset Analysis & Recovery**
Total Hours: 105.6 – Total Amount: $75,612.50

30. Asset Analysis & Recovery encompasses the Committee's investigation and analysis of the Debtors' assets, potential causes of action, and estate recovery opportunities pursuant to its statutory duties under section 1103(c)(2) of the Bankruptcy Code. Over the course of the Compensation Period, services billed to this task code included: (A) lien investigation and perfection research and analysis, including title and lien searches on the mortgaged properties; (B) preparation and service of information and document requests and review of documents produced by the Debtors; (C) research and analysis of various causes of action, including claims against the Debtors' insiders and affiliated entities, and preparation of related memoranda; (D) meetings with the Debtors' professionals and the Debtors' CRO regarding asset tracing, intercompany transfers, and recovery issues; (E) strategic analysis and internal discussions regarding the Committee's position on potential avoidance actions, including preference and fraudulent transfer claims against insiders and affiliated entities; (F) coordination with the Committee's financial advisor, FTI Consulting, to evaluate recovery waterfalls and the economic viability and potential recovery amounts associated with identified causes of action; and (G) development of litigation strategy related to the Committee's standing to pursue such claims derivatively on behalf of the Debtors' estates. This is also the task code used by Dentons for review of the Debtors' assets and claims in connection with the Committee's investigation of the Debtors' insiders as well as asset investigations, though there are also some time entries related to this task recorded in B190 – Litigation and Contested Matters.

31. Dentons believes that the services it provided benefited the Committee and its constituents and that the expense for such services is reasonable.

**<u>B130 – Asset Sales and Other Disposition of Assets</u>**
Total Hours: 131.5 – Total Amount: $103,743.50

32. This task code includes time spent on matters pertaining to sales or dispositions

of estate assets. Work performed under this task code during the Compensation Period included substantial review and analysis of the Pottsville Debtors' proposed sale of their assets, including: (A) review and analysis of the Debtors' sale and bid procedures motions and the preparation of objections to the bid procedures; (B) efforts to expand the potential bidder pool and review of letters of intent from prospective purchasers; (C) preparation of a reservation of rights in relation to the sale motion and negotiations with the Debtors regarding the proposed sale order; (D) analysis and negotiation of the transition services agreement and its impact on the estates and general unsecured creditors; (E) preparation for and attendance at the sale hearing; (F) due diligence on the sale's closing documents and negotiation of a subordination and standstill agreement in connection with the sale's closing; and (G) follow-up due diligence following the closing. The proposed sale of the Pottsville Debtors' assets was approved by the Court on January 15, 2025 [Docket No. 557].

33. Dentons believes that the services it provided benefited the Committee and its constituents and that the expense for such services is reasonable.

**B140 – Adequate Protection/Relief from Stay**
Total Hours: 4.5 – Total Amount: $3,436.50

34. Adequate Protection/Relief From Stay is the task code used by counsel to record time spent reviewing the numerous motions for relief from the automatic stay filed in the case and considering issues arising from the same. During the Compensation Period, this included review, analysis, calendaring, and summarizing of the numerous stay relief motions filed by personal injury claimants and the Debtors' responses thereto.

35. Dentons respectfully submits that the fees incurred for this task were reasonable and necessary under the circumstances in order to apprise the Committee of potential issues involving the stay relief motions.

**B150 – Meetings & Communications with Debtors or Committee**
Total Hours: 75.2 – Total Amount: $56,878.00

36. Meetings & Communications with Committee is the task code used by Dentons to record time spent communicating with the Committee. These meetings and communications included (A) informal e-mail with individual members of the Committee or all members together; (B) memoranda and substantive updates provided to the Committee regarding court filings or strategic and tactical matters; and (C) standing weekly and, later, bi-weekly Zoom or telephone conferences with the Committee or individual members of the Committee, together with the Committee's financial advisor, regarding the sale process, DIP financing, the Committee's investigation, plan negotiations, and plan confirmation. These communications are an essential part of Dentons' work with the Committee and are necessary to keep the Committee informed of progress in the case and obtain authorization to proceed with a given course of action.

37. Consequently, Dentons submits that fees incurred for meetings and communications were necessary and reasonable under the circumstances.

**B155 – Court Hearings**
Total Hours: 18.7 – Total Amount: $14,144.50

38. Court Hearings is the task code Dentons used to record time spent preparing for and attending court. Court appearances are an essential part of the duties assumed by counsel to a committee. During the Compensation Period, time billed to this task code included preparation for and attendance at the first and second day hearings on the Debtors' DIP financing and sale procedures motions, the hearing on the extension of DIP terms, and other hearings and status conferences in these cases. Based on a review of the Billing Detail, there are also some instances in which a court appearance may have been recorded in connection with another task code reflective of the substantive content of the dispute, such as task codes for case administration,

asset sales, or contested matters.

39. Dentons submits that the fees incurred for this task were reasonable and necessary under the circumstances.

**B160 – Employment Applications**

Total Hours: 47.0 – Total Amount: $29,974.00

40. Employment Applications is the task code used by Dentons to capture all time related to the retention of professionals and any related disclosures. During the Compensation Period, this included, without limitation, preparation of Dentons' retention application and the supplement thereto and related work (such as supporting declarations and disclosures), as well as review and analysis of retention papers for other professionals. In particular, time recorded to this task code included work related to the Committee's retention of FTI Consulting, Inc. ("FTI"), including review of FTI's retention papers, analysis of FTI's compensation, and communications and negotiations with the Debtors and FTI, as well as the Committee's supplement to FTI's retention application to amend the scope of FTI's involvement. As previously noted, certain business units within Dentons (including DBG, DUS, and DCG) utilize substantially similar, but slightly different, variants of task codes. DUS combines task codes for both employment applications and fee applications under B160, and certain work billed to task code B160 relates to DUS attorneys' review of Committee professionals' fee applications and monthly fee statements. Work on matters pertaining to retention applications provided an important and valuable service to the Committee in that it ensured that the Committee would be represented by competent and qualified professionals, and preparation of monthly fee statements and fee applications is an expense of professionals that is unique to and mandated by the Bankruptcy Code.

**B170 – Fee Applications**

Total Hours: 288.2 – Total Amount: $130,967.50

41. Fee Applications encompasses the substantial time required to prepare, compile, review, and file the monthly fee statements and interim fee applications for Dentons and related fee applications and monthly fee statements for FTI Consulting, the Committee's financial advisor. During the Compensation Period, services billed to this task code included: (A) review of time entries, narratives, and task codes for privileged information and compliance with the Interim Compensation Order; (B) comprehensive review and reconciliation of invoices from all Dentons offices (DBG, DUS, and DCG) and input of billing data into an invoice tracking system in preparation for Dentons' monthly fee statements and first through fifth interim fee applications; (C) drafting and finalizing the narrative portions of Dentons' fee applications, including task code summaries and professional descriptions; (D) preparation of supporting exhibits, including billing summaries, rate charts, and task code allocation schedules required under W. PA. LBR 2016-1; (E) review, revision, and filing of FTI Consulting's monthly fee statements and interim fee applications; (F) preparation and electronic filing of Certificates of No Objection and related notices; (G) coordination of service through Stretto and verification of compliance with the Interim Compensation Order; and (H) review of billing team allocations and reconciliation of time entries across billing periods and Debtor entities. Preparation of monthly fee statements and fee applications is an expense of professionals that is unique to and mandated by the Bankruptcy Code.

**B180 – Avoidance Action Analysis**

Total Hours: 30.0 – Total Amount: $22,661.00

42. Avoidance Action Analysis is the task code used for time related to analyzing potential claims and avoidance actions. Time entries billed under this task code during the

Compensation Period include review of the Debtors' secured loan facility documents in connection with the Committee's lien investigation, investigation and review of the Debtors' filings and financial statements in order to assess whether potential avoidance claims were possible, calls with FTI and Dentons' litigation team regarding ongoing investigations and potential avoidance actions, internal strategy discussions regarding the prioritization of avoidance actions and their relationship to plan confirmation and settlement negotiations, and coordination with FTI regarding exhibits and supporting data required for potential adversary proceedings.

**B185 – Executory Contracts and Leases**
Total Hours: 0.7 – Total Amount: $632.50

43. Executory Contracts and Leases is the task code used by Dentons for work related to assumption or rejection of executory contracts and leases. In relation to the Pottsville Debtors, time billed to this task code primarily related to review and analysis of motions filed by the Debtors to assume services agreements and other motions to assume or reject certain executory contracts and leases. These tasks helped to ensure that the Committee was appropriately apprised of the costs associated with such contracts and leases and the actions proposed by the Debtors.

44. Dentons submits that the fees incurred for this task were reasonable and necessary under the circumstances.

**B190 – Litigation and Contested Matters**
Total Hours: 243.1 – Total Amount: $152,325.20

45. Litigation and Contested Matters is the billing task code used by Dentons for work related to litigation and contested matters, including the highly contested plan confirmation process in these chapter 11 cases. During the Compensation Period, services billed to this task code included: (A) reviewing, considering, and responding to various motions and other documents, such as first day motions, the DIP financing motion, proposed orders, and stipulations, and communications with parties regarding the same; (B) preparation of the

Committee's objections and supplemental filings in response to the Debtors' sale motion and bid procedures; (C) preparation of the Committee's objection to the Debtors' motion to extend plan exclusivity periods; (D) certain aspects of lien and claim investigative work as it pertains to preparation of document requests, Rule 2004 subpoenas, discovery, confidentiality agreements, or related court documents and certain related communications; (E) preparation of an objection to a pension fund's administrative expense request; (F) drafting of the Committee's motion for derivative standing and authority to prosecute and settle claims on behalf of the Debtors' estates and the complaint attached thereto, and drafting numerous preference adversary complaints against insider entities; (G) preparation and filing of an expedited motion to extend discovery deadlines and preparation for and participation in status conferences before Judge Deller regarding the contested plan confirmation schedule, discovery disputes, and litigation deadlines; (H) review and analysis of discovery responses received from the Debtors, the Debtors' CRO, and PAMC Realty, preparation of supplemental discovery responses, and coordination with plan objectors regarding outstanding discovery disputes; (I) review and analysis of proposed settlement term sheets and participation in settlement negotiations with plan objectors and their counsel; (J) analysis of section 349 issues related to case dismissal and preservation of avoidance actions; and (K) preparation for depositions related to contested plan confirmation, including review and analysis of deposition outlines.

46. Dentons believes that the services it provided were necessary to protect the Committee's interests in the contested plan confirmation process, preserve estate causes of action, conduct appropriate discovery, pursue meritorious settlement negotiations, and advance the Committee's plan of liquidation in accordance with applicable Bankruptcy Code provisions.

**<u>B195 – Non-Working Travel</u>**
Total Hours: 25.0 – Total Amount: $20,625.00

47. Non-Working Travel is the billing task code used by Dentons for time spent traveling that was not otherwise used productively. Dentons' Retention Application indicated that Dentons intended to bill travel time at the normal billing rates for individual attorneys involved in this case and, to the extent possible, use travel time actively working on a client's matter. Dentons also minimized travel and attended certain hearings remotely by video conference, when appropriate, to conserve estate resources. Dentons notes that its invoices and the totals above reflect gross amounts for non-working travel time but that the amount of such fees requested has been reduced by 50%.

48. Dentons believes that the services it provided attributable to task code B195 benefited the Committee and its constituents and that the expense for such services is reasonable.

**<u>B200 – Regulatory Matters and Corporate Matters</u>**
Total Hours: 2.1 – Total Amount: $954.00

49. Regulatory and Corporate Matters is the billing task code used by Dentons for time pertaining to review and analysis of various regulatory and corporate issues. In these cases, time billed to task code B200 primarily includes work researching and analyzing licensing and regulatory requirements imposed by the Commonwealth of Pennsylvania as related to a potential sale of the Debtors' businesses and assets. Given the proposed path of these cases, understanding the regulatory framework for a sale of the Debtors' assets was a crucial issue, and Dentons submits that the services provided to the Committee are reasonable, necessary, and beneficial to the Committee and its constituents.

**B210 – Business Operations/Strategic Planning**
Total Hours: 0.6 – Total Amount: $525.00

50. Business Operations/Strategic Planning includes time pertaining to various operational matters, including consideration of the Debtors' operations, business organization, record keeping, and related issues. In this case, this primarily includes work related to the Debtors' cash management system and accounts, as well as research regarding business operational issues and potential claims and causes of action associated therewith.

51. Dentons believes that the services it provided attributable to task code B210 benefited the Committee and its constituents and that the expense for such services is reasonable.

**B211 – Financial Reports (Monthly Operating Reports and Schedules and Statements)**
Total Hours: 9.7 – Total Amount: $8,067.50

52. Financial Reports is the task code Dentons used for review of schedules and monthly operating reports. During the Compensation Period, the tasks performed in the time entries attributed to B211 predominantly related to review of the Debtors' schedules and statements of financial affairs, the Debtors' monthly operating reports, and weekly budget, variance, and projection-to-actual reporting.

53. Dentons submits that review of such information was necessary for Dentons to be able to properly and effectively advise the Committee.

**B230 – Financing / DIP / Cash Collateral Matters**
Total Hours: 36.7 – Total Amount: $30,681.50

54. Financing/DIP/Cash Collateral Matters is the billing task code used by Dentons for work performed related to post-petition financing and cash collateral. Based on a review of time entries in the Billing Detail, this includes, without limitation: (A) preparation of objections, replies, and other responses to the *Debtors' Emergency Motion for Entry of Interim and Final*

*Orders (I) Authorizing the Debtors to Obtain Post-Petition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Approving Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 21]; (B) meetings and negotiations with the Debtors and the Debtors' lenders regarding the terms of DIP financing; (C) review, analysis, and revisions to the proposed interim and final DIP orders and the amended final DIP order; (D) review and analysis of pre-petition and post-petition loan documents in connection with the Committee's lien challenge review; (E) preparation for hearings on DIP financing; and (F) communications with Committee members regarding DIP financing, though there are also such communications under billing task code B150.

55. Given the important and central role that DIP financing played in these chapter 11 cases, Dentons believes that the services it provided benefited the Committee and its constituents and that the expense for such services is reasonable.

**B250 – Real Estate**
Total Hours: 0.4 – Total Amount: $180.00

56. Real Estate is the billing task code used by Dentons for work related to the review and assessment of the Debtors' real property, as well as issues arising from the Debtors' use of the same.

57. Dentons submits that the fees incurred for this task were reasonable and necessary under the circumstances.

**B300 – Claims and Plan**
Total Hours: 6.8 – Total Amount: $7,214.00

58. Claims and Plan is the task code Dentons used for drafting the Committee's motion and order seeking standing for the Committee to pursue avoidance actions under the Bankruptcy Code, as well as limited time related to other issues. Dentons submits that this work

was necessary to be able to properly and effectively advise and represent the Committee.

**B310 – Claims Administration and Objections**
Total Hours: 38.0 – Total Amount: $19,664.00

59. Claims Administration and Objections is the task code Dentons used for time related to claims against the Debtors' estates. During the Compensation Period, this included time spent reviewing proofs of claim, the claims register, and other claims; preparing arguments in opposition to anticipated proofs of claim; reviewing and responding to numerous calls received by the Committee's professionals from potential creditors, including former patients of the Debtors, after the Plan and solicitation packet was disbursed; and reviewing certain motions for stay relief and their corresponding agreed orders. Dentons submits that this work was necessary for Dentons to be able to properly and effectively advise the Committee.

**B320 – Plan and Disclosure Statement**
Total Hours: 660.7 – Total Amount: $550,646.20

60. Plan and Disclosure Statement encompasses the extensive legal work required to develop and advance the Committee's plan of liquidation through a highly contested confirmation process. During the Compensation Period, services billed to this task code included: (A) drafting and development of the Committee's plan of liquidation and related plan documents, including joint and Committee-only plans as plan proponent, and analysis of classification, treatment, and feasibility issues; (B) negotiations with the Debtors and the Commonwealth of Pennsylvania regarding the plan treatment of pre- and post-petition bed tax claims; (C) preparation and revision of the disclosure statement, the plan procedures motion and order, and related exhibits, including addressing comments from the UST and objections to the disclosure statement; (D) review and negotiation of the liquidating trust agreement, including the role and function of the oversight committee; (E) comprehensive preparation for the contested plan confirmation hearing, including development of an evidence matrix identifying required elements of proof and available evidence,

witness and exhibit list preparation, and litigation strategy analysis; (F) drafting and revision of the declaration of FTI Consulting's representative in support of plan confirmation, including review and analysis of liquidation analyses and financial projections; (G) extensive discovery practice related to plan confirmation, including drafting and revision of Rule 2004 discovery requests, 30(b)(6) deposition notices, and interrogatories directed to the Debtors and PAMC Realty, and review and analysis of discovery responses and document productions from the Debtors' CRO and PAMC Realty; (H) settlement negotiations with PAMC Realty and other plan objectors, including review and analysis of settlement term sheets, participation in mediation discussions, and drafting of counter-proposals; (I) preparation of the Rule 9019 motion seeking approval of the negotiated plan settlement; (J) coordination with the Debtors' counsel and other parties in interest regarding confirmation hearing scheduling, discovery extensions, and procedural matters; (K) preparation for and attendance at status conferences and hearings before Judge Deller regarding the confirmation process; and (L) analysis of substantive consolidation factors and *Owens Corning* standards relevant to plan confirmation issues.

**B400 & B410 – General Bankruptcy Advice**
Total Hours: 24.5 – Total Amount: $13,432.00

61. General Bankruptcy Advice is the task code used for time entries pertaining to general bankruptcy analysis, advice and/or opinions regarding potential bankruptcy-related issues, and is a catch-all category similar to task codes B100 and B110 regarding general administrative tasks. During the Compensation Period, this included, without limitation, general bankruptcy-related advice to the Committee and review and internal discussion of the DIP Lender's stipulation regarding relief from the automatic stay. Business units within Dentons (including DBG, DUS, and DCG) utilize substantially similar, but slightly different, variants of task codes, and this narrative covers work performed and billed to task codes B400 and B410.

**B420 – Restructurings**

Total Hours: 1.3 – Total Amount: $975.00

62. Time billed to this task code consists of research on company structure and deemed consolidation. It is likely that this time was inadvertently billed under this task code instead of B320 – Plan and Disclosure Statement, as plan-related research.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

63. Section 330 of the Bankruptcy Code governs the Court's award of compensation to professionals on a final basis. *See* 11 U.S.C. § 330. Pursuant to section 330 of the Bankruptcy Code, this Court may award professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). Section 330 also sets forth the criteria for the award of such compensation and reimbursement. *See* 11 U.S.C. § 330(a)(3)(A)-(F).

64. In evaluating the amount of reasonable compensation to be awarded, this Court should consider the nature, the extent, and the value of such services, taking into account all relevant factors including:

> A. the time spent on such services;
>
> B. the rates charged for such services;
>
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases

other than cases under this title.

11 U.S.C. § 330(a)(3)(A)–(F).

65. Dentons respectfully submits that the services for which it seeks compensation in this Application were necessary for, and beneficial to, the Committee and the Debtors' estates, and that such fees constitute reasonable compensation to Dentons at reasonable, market-appropriate rates. Moreover, as reflected by the time entries in **Exhibit B**, the services rendered by Dentons were performed economically, effectively, and efficiently, and the work conducted by Dentons was assigned to appropriate professionals according to the experience and level of expertise required for each particular task. Whenever possible and where appropriate, Dentons sought to minimize the costs of its services by utilizing professionals with lower billing rates.

66. In sum, the services rendered by Dentons were necessary and beneficial to the Committee and the Debtors' estates, and such services were consistently performed in a timely manner, commensurate with the complexity and the nature of the issues involved. Accordingly, approval of compensation sought herein is warranted.

## NOTICE

67. Notice of this Application and all related papers will be served on the following parties on the date and manner set forth in the certificate of service related to this Application: (a) the UST; (b) the Notice Parties; and (c) all parties in this case receiving service through the Court's CM/ECF electronic filing system.

## CONCLUSION

Based on the foregoing, Dentons respectfully requests that the Court enter an order approving this Application on a final basis in the form filed herewith such other and further relief as the Court deems just and proper.

Dated: October 11, 2026

*/s/ Andrew C. Helman*
Andrew C. Helman (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

and

Thomas Maxson
Dentons Cohen & Grigsby P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Phone: (412) 297-4706
Email: thomas.maxson@dentons.com

and

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

*Counsel to the Official Committee of Unsecured Creditors of Pottsville Operations, LLC, et al.*

**CERTIFICATE OF SERVICE**

I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document (with exhibits) and a proposed order to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Date: October 11, 2026

*/s/ Andrew C. Helman*

Andrew C. Helman (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com