**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>POTTSVILLE OPERATIONS, LLC, et al.,[1]<br><br>Debtors. | Case No. 24-70418-JAD<br><br>Chapter 11<br><br>(Jointly Administered) |
| Pottsville Liquidating Trust, on behalf of the Debtors,<br><br>Movant.<br><br>-vs-<br><br>NO RESPONDENTS. | Document No.:<br><br>Hearing Date/Time: __________________<br><br>Response Deadline: __________________ |

**MOTION OF THE LIQUIDATING TRUSTEE FOR**
**EXTENSION OF DEADLINE TO FILE OBJECTIONS TO CLAIMS**

Ronald Winters, as Liquidating Trustee (the "Trustee") of the Pottsville Liquidating Trust (the "Trust") of the above captioned debtors (the "Debtors"), hereby files this *Motion of the Liquidating Trustee for Extension of Deadline to File Objections to Claims* (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the deadline to file objections to claims to February 26, 2027 from the current deadline of November 25, 2026. In support of the Motion, the Trustee states as follows:

**JURISDICTION**

1. This Court has jurisdiction over these chapter 11 cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these post-confirmation chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are § 105 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 9006.

## BACKGROUND

4. On October 15, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court.

5. On November 14, 2025, the Committee filed the Second Amended Chapter 11 Plan of Liquidation [Docket No. 1710] (the "Plan") along with the Second Amended Disclosure Statement [Docket No. 1711] (the "Disclosure Statement"). The Plan provides, among other things, that the "Claims Objection Deadline" shall be the day that is ninety days after the Effective Date "provided, however, that the Liquidating Trustee or the Debtors may File one or more motions with the Bankruptcy Court to extend the Claims Objection Deadline." Plan, § 1.14.

6. On August 11, 2026, the Court conducted a hearing on confirmation of the Plan and final approval of the Disclosure Statement. On August 12, 2026, the Court entered the order confirming the Plan and approving the Disclosure Statement on a final basis [Docket No. 2374] (the "Confirmation Order").

7. On August 27, 2026, the Plan became effective. See Docket No. 2408. Accordingly, the deadline for the Trust to objection to claims filed against the Debtors is November 25, 2026 (ninety days after August 27, 2026).

## RELIEF REQUESTED

8. The Trustee requests an extension of the Claim Objection Bar Date, extending the deadline for the Trustee (or the Debtors) to object to all claims filed against the Debtors (collectively, "Claims"), from November 25, 2026 to February 26, 2027. Good cause exists for an extension of time because, as explained in more detail below, while the Trustee has made progress

in reconciling claims and analyzing which Claims are not otherwise valid, the Trustee requires additional time to complete such work for the benefit of the Debtors' estates and their creditors.

9. Section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). Furthermore, pursuant to Bankruptcy Rule 9006(b)(1), "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed . . ." Fed. Bankr. R. 9006(b)(1). Finally, the Plan itself allows the Trustee to file one or more motions to extend the claims objection deadline.

10. Cause exists to extend the Claims Objection Deadline. The claims register in these chapter 11 cases is substantial. Nearly 1,000 proofs of claim have been filed against the Debtors, and the Debtors scheduled nearly 4,000 claims in their schedules of assets and liabilities. These Claims must be reviewed against the Debtors' books and records, compared to any related filed or scheduled claims to identify duplicates, amendments, and superseded claims, and analyzed to determine whether the Claim is properly asserted, correctly classified, and in the correct amount. Reconciling a claims pool of this size is time-intensive, and doing so thoroughly is necessary to ensure that distributions under the Plan are made only on account of valid Claims.

11. In addition, since the Effective Date, the Trustee has devoted significant time and resources to other matters critical to the administration of the Trust and the maximization of value for the Debtors' creditors. Upon his appointment, the Trustee was required to familiarize himself with these complex, multi-debtor cases, including the Debtors' operations, books and records, and the extensive history of these cases. At the same time, the Trustee investigated potential avoidance

actions and reviewed, prepared, and filed multiple adversary complaints to recover preferential and fraudulent transfers under chapter 5 of the Bankruptcy Code. These efforts were crucial in the first few weeks after the Effective Date because the statute of limitation for such actions expired on October 15, 2026. These efforts, like the claims reconciliation process, were undertaken for the benefit of the Debtors' creditors, and the Trustee's necessary attention to them has limited the time available to complete the claims review within the initial ninety-day period provided under the Plan.

12. Notwithstanding the foregoing, the Trustee has already begun the claims reconciliation process and has made meaningful progress in reviewing the claims register. The requested extension is modest—approximately three months—and is sought solely to permit the Trustee to continue and complete that work in an orderly and thorough manner. Absent an extension, the Trustee would be forced either to forgo objections to potentially invalid claims, to the detriment of holders of valid claims whose recoveries would be diluted, or to file objections on an expedited basis without adequate review, which would burden the Court and claimants alike.

13. No party will be prejudiced by the requested extension. The extension does not alter the substantive rights of any claimant, and any claimant whose Claim is the subject of an objection will retain the full opportunity to respond. This Motion is also filed before the expiration of the current Claims Objection Deadline, as required by Bankruptcy Rule 9006(b)(1), and the Plan expressly contemplates that the Trustee may seek extensions of that deadline. Accordingly, the Trustee respectfully submits that cause exists to extend the Claims Objection Deadline through and including February 26, 2027, without prejudice to the Trustee's right to seek further extensions.

**NOTICE**

14. Notice of this Motion will be given to all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 and on all parties who filed proofs of

claim in this case and thus may be impacted by this order. The Liquidating Trustee submits that no further notice of this Motion is required.

Dated: October 23, 2026

By: /s/ *Andrew C. Helman*
Andrew C. Helman (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

and

*By: /s/ Thomas D. Maxson*
Thomas D. Maxson (Pa. ID 63207)
Dentons Cohen & Grigsby, P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Phone: (412) 297-4706
Email: thomas.maxson@dentons.com

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

*Counsel for the Pottsville Liquidating Trust*